UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET MARY KELLEY, | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (GLG) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| SUN MICROSYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | MARCH 30, 2004 |

## MOTION TO COMPEL AND FOR SANCTIONS

Defendant Sun Microsystems, Inc. hereby moves, pursuant to Federal Rule of Civil Procedure 37, to compel the deposition of Plaintiff's disclosed expert, Sheldon Wishnick, and for an award of sanctions. In support of this motion, Sun Microsystems avers as follows:

1. On or about December 1, 2003, Plaintiff disclosed, via pleading entitled *Disclosure of Expert Witness Pursuant to Rule 26*, her intention to call Sheldon Wishnick as an expert witness in the trial in this matter.

2. On or about February 13, 2004, Sun Microsystems issued a Notice of Deposition for Sheldon Wishnick scheduling his deposition for February 26, 2004 at 10 a.m.

3. At Plaintiff's request, this deposition was canceled and subsequently rescheduled.

4. A second Notice of Deposition for Sheldon Wishnick was issued scheduling his deposition for March 26, 2004 at 1 p.m. The date and time noticed was requested by Plaintiff and identified as convenient for both Mr. Wishnick and Plaintiff. Sun Microsystems agreed to go forward with Mr. Wishnick's deposition on this date and time as a courtesy to Plaintiff and Mr. Wishnick.

NYC_175243_1/JSTRETTON

5. On or about March 10, 2004, Mr. Wishnick contacted counsel for Sun Microsystems directly to inform Sun Microsystems of the "policy of Actuarial Litigation Service regarding discovery depositions taken by adverse counsel." The letter demanded, inter alia, "advance" payment for his deposition testimony and instructed that a "minimum fee" of Nine Hundred Dollars ($900.00) would be imposed irrespective of the length of the deposition (correspondence from Mr. Wishnick dated March 10, 2004 attached as Exhibit A).

6. Because neither "advance payment" nor a "minimum fee" is permitted nor envisioned pursuant to Rule 26(b)(4), counsel for Sun Microsystems immediately sought to address this matter with opposing counsel (correspondence from counsel for Sun Microsystems dated March 15, 2004 attached as Exhibit B). While assuring Plaintiff that Sun Microsystems understood its obligation to compensate Mr. Wishnick for his time pursuant to Rule 26(b)(4), Sun Mircosystems also addressed the inappropriateness of Mr. Wishnick's attempt to directly communicate with counsel for Sun Microsystems, as opposed to communicating through counsel for Plaintiff.

7. In response, counsel for Plaintiff reiterated Mr. Wishnick's demand for advance payment in the form of a minimum fee and threatened to "get the court involved" if Sun Microsystems failed to succumb to Mr. Wishnick's personal demands (correspondence from counsel for Plaintiff dated March 16, 2004 attached as Exhibit C).

8. Numerous telephone conversations ensued, pursuant to which Sun Microsystems agreed that, upon receipt of an invoice detailing Mr. Wishnick's actual time, it

would expedite payment of this invoice. Further, Sun Microsystems estimated that while this process would likely be completed within a few days, it hesitated to "guarantee" any date short of two weeks time. This conversation occurred on Thursday, March 25, 2004.

9. At approximately 9:15 a.m. on March 26, 2004, the day of the scheduled deposition, counsel for Plaintiff telephoned counsel for defendant to inform him that Plaintiff did not intend to produce Mr. Wishnick for his deposition that afternoon on the grounds that Sun Microsystems failed to provide Plaintiff with adequate assurances that Mr. Wishnick's payment demands would be met. Sun Microsystems again explained that Mr. Wishnick's "advance" payment and "minimum fee" demands were not supported by Rule 26(b)(4), that Plaintiff had still failed to provide Sun Microsystems with any authority for this position other than Mr. Wishnick's personal payment policy, and that absent a protective order, Plaintiff was obligated to produce Mr. Wishnick for his deposition.

10. At no time did Plaintiff ever state or even suggest that Mr. Wishnick had difficulty obtaining payment from Sun Microsystems in the past in connection with any other matter or that there was any basis for believing that he would not be paid for his testimony in the case. To the contrary, counsel for Sun Microsystems repeated in every conversation he had with counsel for Plaintiff that Sun Microsystems understood and intended to abide by the compensation requirements of Rule 26(b)(4).

11. Plaintiff's refusal to adhere to a properly issued Notice of Deposition has also disrupted the scheduling order assigned to this matter. Pursuant to the

scheduling order, Plaintiff's expert's were to be deposed by, and Defendant's expert to be disclosed by, March 31, 2004. If the deposition had gone forward as scheduled, Sun Microsystems would then have had five (5) days to determine whether or not it would be necessary to disclose an expert. Plaintiff's last minute and improper cancellation of the deposition of Mr. Wishnick disrupted this timeframe.

12. Plaintiff's flagrant disregard for the Rules of Civil Procedure should not be condoned. Absent an order by the court, Plaintiff was obligated to produce Mr. Wishnick for his deposition as noticed. See Rule 37(d) ("The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)").

13. Pursuant to Rule 37(d), Plaintiff is now obligated to "pay the reasonable expenses, including attorney's fees, caused by the failure" to produced Mr. Wishnick for his deposition as noticed.

**WHEREFORE**, for the foregoing reasons, Defendant Sun Microsystems, Inc. respectfully requests that this Court direct Plaintiff to produce her expert, Sheldon Wishnick, to be deposed at a date, time and location convenient to Defendant; that Sun Microsystems be provided, at a minimum, five (5) days to then disclose an expert, and that Plaintiff be ordered to pay Defendant the costs and expenses associated with this motion and the improper cancellation of the deposition.

        THE DEFENDANT
        SUN MICROSYSTEMS, INC.
        BY EDWARDS & ANGELL, LLP,
        THEIR ATTORNEYS

By: _____
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

## *CERTIFICATE OF SERVICE*

This is to certify that on this 30th day of March, 2004, a copy of the foregoing was mailed, first class, postage prepaid to:

Scott Lucas, Esq.
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06905
Phone: (203) 973-5200
Fax: (203) 973-5250

_____
John G. Stretton