Not Reported in F.Supp.2d                                                                                                                Page 1
**(Cite as: 2002 WL 31014833 (S.D.N.Y.))**

H
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

The TOPPS COMPANY INC., Plaintiff,
v.
CADBURY STANI S.A.I.C. f/k/a Productos Stani Sociedad Anonima Industrial y Commercial, Defendant.

No. 99 Civ. 9437(CSH)(GWG).

Sept. 10, 2002.

Plaintiff chewing gum manufacturer filed action against defendant chewing gum manufacturer alleging that defendant improperly used plaintiff's proprietary technology in manufacture of chewing gum. Plaintiff sought to file a fourth amended complaint that would add claims that defendant disclosed plaintiffs' proprietary technology to its parent, and some of its other subsidiaries and that these entities have improperly used proprietary technology in the conduct of their business. The District Court, Gabriel W. Gorenstein, United States Magistrate Judge, held that plaintiff established "good cause" for moving to amend its complaint nearly three years after filing of initial complaint.

Motion to amend granted.

**Federal Civil Procedure** 🔑 **840**

170Ak840 Most Cited Cases

**Federal Civil Procedure** 🔑 **841**
170Ak841 Most Cited Cases

Plaintiff chewing gum manufacturer established "good cause" for moving to amend its complaint nearly three years after filing of initial complaint, to add claims that defendant disclosed plaintiffs' proprietary technology to its parent, and some of its other subsidiaries who have improperly used proprietary technology; plaintiff was unaware of its claim until it deposed certain parties, just prior to its request to make motion to amend, and given these facts, delay in making motion to amend was not in any way "undue" or unreasonable, only real prejudice to defendant was that case would take somewhat longer to go to trial, but defendant offered no specific evidence of how this delay would prejudice it. Fed.R.Civ.Pro. Rule 16(b)

David G. Ebert, Ingram, Yazek, Gainen, Carroll & Bertollotti, L.L .P., New York, NY, for Plaintiff.

Richard A. Mescon, Laurie E. Foster, Joseph P. Leon, Morgan, Lewis & Bockius, L.L.P., New York, NY, for Defendant.

**OPINION AND ORDER**

GABRIEL W. GORENSTEIN, Magistrate Judge.

**\*1** Plaintiff The Topps Company, Inc. ("Topps") has moved to file a Fourth Amended Complaint in this matter. *See* Notice of Motion, dated July 12, 2002. Defendant Cadbury Stani S.A.I.C. ("Stani") opposes the motion. For the reasons stated below, the motion is granted.

I. *Background*

The Third Amended Complaint in this matter, filed in February 2002, alleges *inter alia* that Stani has improperly used Topps proprietary technology in the manufacture of chewing gum. Discovery has proceeded slowly in this action principally because key witnesses are located in Argentina. Due to the political situation in Argentina and difficulties resulting from the events of September 11, discovery in Argentina did not take place until May 2002.

Topps asserts without contradiction that it did not learn until the depositions in Argentina in May 2002(1) that Stani had disclosed to its (future) parent, Cadbury Schweppes, PLC, information about technology that Topps asserts is proprietary and (2) that Cadbury Schweppes had disclosed such technology to certain of its subsidiaries, including those operating in France, China and South Africa. Topps served a discovery request relating to these allegations on June 3, 2002 and on June 21 raised with the Court its desire to move to amend the complaint. The Court thereupon granted it permission to make the instant motion. Topps now seeks to file a Fourth Amended Complaint that would add claims that Stani disclosed Topps' proprietary technology to its parent, Cadbury Schweppes, and some of its other subsidiaries and that these entities have improperly used the proprietary technology in the conduct of their business.

Stani opposes the amendment on the grounds of

futility, delay and prejudice.

II. *Discussion*

Under Fed.R.Civ.P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." In this case, plaintiff's request for leave to amend was made after the August 1, 2001 deadline for seeking amendments set forth in the scheduling order pursuant to Fed.R.Civ.P. 16. As such, this Court may consider plaintiff's request for leave to amend under the "good cause" standard of Fed.R.Civ.P. 16(b) rather than the less strict standard under Rule 15(a). *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir.2000). Nonetheless, the Court finds it useful to examine Rule 15(a) case law in considering whether plaintiff has demonstrated good cause.

Under Rule 15(a), " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment' will serve to prevent an amendment prior to trial." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 87-88 (2d Cir.2002) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993). Delay alone, in the absence of bad faith or prejudice, is normally not a sufficient reason for denying a motion to amend. *See, e.g., Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234-35 (2d Cir.1995); *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981); *accord Grace v. Rosenstock,* 228 F.3d 40, 53-54 (2d Cir.2000) ("The court also has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties.") (quoting *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990)), *cert. denied,* 532 U.S. 923 (2001).

A. *Futility*

**\*2** Stani's argument as to futility is that there will be no personal jurisdiction available in the Southern District of New York over Cadbury Schweppes. Stani has submitted no affidavits to support its contentions regarding lack of personal jurisdiction, however. Nor is it necessary for such briefing to occur now. If in fact there is no personal jurisdiction over Cadbury Schweppes, Cadbury Schweppes may so move on a complete record following service of the proposed amended complaint.

B. *Delay*

While there is no question that the delay in this case is lengthy inasmuch as the motion was made nearly three years after the filing of the initial complaint, the plaintiff has provided a reasonable justification for this delay: specifically, that it was unaware of its claim until it deposed certain parties in Argentina in May 2002, just prior to its request to make this motion to amend. *See Parker,* 204 F.3d at 340 (a finding of "good cause" under Rule 16(b) "depends on the diligence of the moving party"). Given these facts, the delay in making the motion to amend was not in any way "undue" or unreasonable. *See, e.g., Barrows v. Forest Labs. Inc.,* 742 F.2d 54, 58 (2d Cir.1984); *Henderson v. U.S. Fidelity & Guar. Co.,* 620 F.2d 530, 534 (5th Cir.1980), *cert. denied,* 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980); *see also Peters Fabrics, Inc. v. Textiles Fabricato De Nicaragua, SA (Fabritex),* 1985 WL 531, at *2 (S.D.N.Y. Apr.15, 1985) (permitting amendment in a "trial ready" case where party had no ability to obtain earlier the information that formed the basis for the proposed amendment).

C. *Prejudice*

Stani's strongest argument is with respect to prejudice. Stani points out that by bringing in a new party and new claims at this relatively late stage in the case, additional discovery will inevitably be required and the final disposition of the matter delayed. The problem with this argument is that Stani does not contest that this same discovery would be required anyway if the Court were to deny the motion to amend and instead require Topps to file a new action against Stani and Cadbury Schweppes with respect to these allegations.

In addition, any prejudice is mitigated somewhat by the fact that the new party that is proposed to be added is the corporate parent of Stani. Representatives of the parent have been involved in this litigation already and, in any event, its interests are closely aligned with its subsidiary. There is no suggestion that the addition of the parent will require that any discovery already taken in this case be re-taken. The only real prejudice to Stani is that the case will take somewhat longer to go to trial. But Stani offers no specific evidence of how this delay will prejudice it.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Stani cites *H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc.,* 112 F.R.D. 417 (S.D.N.Y.1986), in support of its opposition because in that case the Court denied leave to amend a complaint to add a corporate parent as defendant. But in *H.L. Hayden Co.,* summary judgment motions were already *sub judice* and there was no justification offered for the plaintiff's delay in seeking to add the corporate parent. Here, there are no dispositive motions pending and Topps moved to add Cadbury Schweppes as a party as soon as Topps became aware of its potential claims.

***3** Moreover, in *H.L. Hayden Co.,* the court noted that the plaintiffs could file a separate action against the corporate parent that would be governed by the disposition of the initial suit and thus would require no discovery at all. 112 F.R.D. at 423. The same was true in *L.D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.,* 495 F.Supp. 313, 315-16 (W.D.Pa.1980). In the instant case, however, the filing of a separate action against Stani and Cadbury Schweppes would involve discovery that overlaps with the instant case. In fact, Topps would have a good argument that discovery in the two cases should be consolidated anyway, thereby causing the same delay that Stani fears will result from the proposed amendment. Thus, while Stani appeals to "judicial economy" in opposing the amendment, a more compelling argument could be made that there will be a loss of judicial economy if Topps is required to initiate a second action. Case law has recognized that even where the non-movant demonstrates prejudice, that prejudice must be balanced against the court's interest in litigating all potential claims in a single action. *See, e.g., Bertrand v. Sava,* 535 F.Supp. 1020, 1024 (S.D.N.Y.1982), *rev'd on other grounds,* 684 F.2d 204 (2d Cir.1982); *Henderson,* 620 F.2d at 534. As was noted in *Saxholm AS v. Dynal, Inc.,* 938 F.Supp. 120 (E.D.N.Y.1996), "since [plaintiff] has indicated its intention to initiate a second action if leave to amend be denied, and since such an action would involve most of the exact same facts, circumstances, and questions of law as this action, denying leave to amend would simply multiply proceedings in this court with no apparent benefit to the parties." *Id.* at 124.

III. *Conclusion*

For the above reasons, Topps has shown "good cause" for moving to amend at this late date. Accordingly, it is granted leave to file the proposed Fourth Amended Complaint. Service shall be made promptly and Topps is directed to inform the undersigned by letter when such service is made so that a pretrial conference may be scheduled.

SO ORDERED.

2002 WL 31014833 (S.D.N.Y.)

END OF DOCUMENT