Not Reported in F.Supp.2d                                                                                                       Page 1
**(Cite as: 2002 WL 32124959 (D.Conn.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

CONCERNED CITIZENS OF BELLE HAVEN, et al.
v.
THE BELLE HAVEN CLUB, et al.

**No. Civ. 3:99CV1467 (AHN.**

Oct. 25, 2002.

*RULING ON PENDING MOTIONS*

NEVAS, J.

**\*1** Presently before this court are plaintiffs' motion for leave to file a third amended complaint, defendants' motion to strike plaintiffs' second amended complaint, and plaintiffs' motion for sanctions. For the reasons that follow, plaintiffs' motion for leave to file a third amended complaint [doc. # 78] is GRANTED, defendants' motion to strike the second amended complaint [doc. # 67, 71] is DENIED as moot, and plaintiffs' motion for sanctions [doc. # 83] is DENIED.

*Factual Background*

The plaintiffs are the Concerned Citizens of Belle Haven, an association of individuals who own land in Belle Haven, and six individual property owners in Belle Haven, Lawrence and Jennifer Goichman, and Allan, Nancy, Matthew, and Hilary Bernard (collectively "plaintiffs"). The defendants are the Belle Haven Club, Inc. (the "Club"), the Belle Haven Land Owners Association (the "Association"), the Belle Haven Land Co., Inc. ("Land Co."), the Belle Haven Tax District ("Tax District"), and Mary Carpenter and C. Bradley Miller, two individuals who are trustees of the Land Co. and also members of the Club ("Trustees") (collectively "defendants").

Belle Haven is a residential community in Greenwich, Connecticut. The Land Co. was the original owner of all of the property that comprises Belle Haven. In 1884, the Land Co. was established as a privately-owned stock corporation. Over time, the Land Co. sold its land as residential lots, but retained ownership of certain property, including property occupied by a beach club and the common areas. After the land was substantially developed, ownership of the Land Co. was conveyed to the residents of Belle Haven who formed the Association.

The Association is an unincorporated, voluntary association created in 1897 which directs the Trustees of the Land Co. on how to manage the land retained by the Land Co. in order to benefit all of the landowners. The Association's membership is comprised of the individuals who own residential lots in Belle Haven. Members of the Association must pay the expenses for managing the affairs of the Association. The amount paid is proportionate to the value of their property as determined by the Town of Greenwich. Members of the Association pay real estate taxes to the Town of Greenwich and separate taxes to the Tax District. The members of the Association review the Land Co.'s proposed budget and instruct the Trustees with respect to levying a tax on the property owners for the purpose of meeting the expenses and obligations of the Association.

The Club is a non-profit corporation that operates a yacht club on land which is leased from the Land Co. Historically, membership in the Club was limited to residents of Belle Haven, and all of the members of the Association were automatically entitled to membership in the Club. Presently, individuals who are not residents of Belle Haven have been admitted to membership in the Club, and residents of Belle Haven are no longer automatically entitled to Club membership.

*Procedural History*

**\*2** The procedural history of this case is somewhat complex. On August 4, 1999, plaintiffs filed a complaint alleging, *inter alia,* that defendants were engaged in a discriminatory system of taxation and raised challenges to the overall tax system invoking the Tax Injunction Act, 28 U.S.C. § 1341. Defendants moved to dismiss the complaint claiming that this Court lacked jurisdiction to hear plaintiffs' claims. On May 8, 2000, the Court granted defendants' motion to dismiss the original complaint without prejudice to refiling a new complaint that did not implicate the Tax Injunction Act.

On June 5, 2000, plaintiffs filed their first amended complaint raising allegations of tax-related discrimination. Defendants again moved to dismiss the first amended complaint for lack of jurisdiction. The Court held a hearing on September 12, 2001. At the oral argument, plaintiffs' counsel withdrew any

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d   Page 2
**(Cite as: 2002 WL 32124959 (D.Conn.))**

challenges directed at the system of tax collection and maintained that plaintiffs' challenge was limited solely to the expenditure of the tax revenue. Plaintiffs' counsel alleged that challenging the distribution of tax monies would not invoke the Tax Injunction Act.

In its ruling filed September 25, 2001, the court concluded that because the complaint, as pled, raised challenges to the overall system of taxation, the court lacked jurisdiction to hear those claims and therefore dismissed the first amended complaint. The court granted plaintiffs until October 20, 2001 to file a second amended complaint to advance the argument raised by plaintiffs' counsel at oral argument. *See Ruling, Concerned Citizens of Belle Haven v. The Belle Haven Club,* 3:99 CV 1467(AHN) (D. Conn September 25, 2001) [doc. # 59].

Immediately after the September 12, 2001 hearing, plaintiffs' retained new counsel. On October 16, 2001, within the time-frame imposed by the Court, plaintiffs' new counsel filed a second amended complaint. Plaintiffs' second amended complaint did not raise the tax expenditure claims advanced by plaintiffs' former counsel at the September 12, 2001 oral argument; rather, the proposed second amended complaint advanced new theories of liability relating to defendants' alleged discriminatory practices.

On November 13, 2001, defendants' moved to strike the second amended complaint. Defendants' assert that the new theories of recovery raised in the second amended complaint violate the court's September 25, 2001 ruling which permitted amendment only for the purpose of raising tax expenditure challenges. Defendants further contend that plaintiffs' failure to timely file an amended complaint that complied with the court's September 25, 2001 ruling is fatal to their case.

Thereafter, on November 20, 2001, the court held a pre-motion conference to discuss defendants' motion to strike. Defendants renewed their objections and plaintiffs stated that they intended to file a motion for leave to file a third amended complaint.

*3 On or about December 20, 2001, plaintiffs filed a motion for leave to amend their complaint together with a proposed third amended complaint. Approximately, two weeks earlier, on or about December 5, 2001, plaintiffs filed a separate lawsuit, *Bernard v. The Belle Haven Club, Inc. et. al.,* 3:01 CV 2276(AHN), which contains identical allegations as those in plaintiffs' proposed third amended complaint. [FN1]

FN1. It is apparent that plaintiffs' intention in filing a new lawsuit was to preserve their claims and prevent the statute of limitations from running on their claims in the event that they are denied permission to amend in this case.

In their response to the plaintiffs motion for leave to file an amended complaint, defendants raise several arguments. First, defendants assert that the Court's September 25, 2001 ruling granted a conditional leave to amend and thus precluded the right to plead further claims. Defendants also claim that plaintiffs failure to timely file an amended complaint that comported with the September 25, 2001 ruling resulted in an automatic dismissal of their case. Finally, defendants argue that even under the governing standards of Fed.R.Civ.P. 15(a), amendment is not warranted.

*DISCUSSION*
I. *Motion For Leave to File An Amended Complaint*

As a preliminary matter, the court finds that its September 25, 2001 ruling did not prohibit further amendment. As noted above, the only new argument raised by plaintiffs' prior counsel at the September 12, 2001, oral argument was a tax expenditure claim. Thus, at the time of its ruling on September 25, 2001, the court had not been presented with any other theories of recovery. The court's ruling, therefore, did not contemplate whether or not amendments to add other theories of recovery would be permitted. Because the court's ruling was not conditional, defendants' argument that this case was automatically dismissed when plaintiffs filed an amended complaint that did not conform to the Court's ruling fails, leaving open the issue of whether plaintiffs' new theories of recovery should be permitted under Fed.R.Civ.P. 15(a).

It is well established that leave to amend a complaint is liberally granted. Rule 15(a) of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The policy of favoring liberal amendments ensures the determination of claims on their merits rather than on technicalities. "[T]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

In *Foman v. Davis,* 371 U.S. 178 (1962), the Supreme Court enunciated factors that weigh against amendment. These include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 178.

Plaintiffs claim that this case clearly falls within the ambit of cases warranting amendment. They assert that the claims alleged in the third amended complaint arise out of the same conduct, transactions and occurrences alleged in the initial two complaints. In addition, they point out that the new complaint does not invoke the Tax Injunction Act and therefore cures the jurisdictional defect that required dismissal of the first two complaints. Finally, plaintiffs argue that there has been no unreasonable delay and no prejudice to defendants because formal discovery had not begun at the time they filed their motion.

**\*4** In opposition, defendants contend that liberality is not warranted in this case because plaintiffs have already been given ample opportunity to properly plead their claims and they have failed to do so. In addition, defendants claim that permitting amendment at this juncture will be prejudicial because they have expended considerable personal and financial resources in defending the first two complaints, and the allegations in the proposed amended complaint bear no relationship to plaintiffs' earlier claims. Defendants also argue that plaintiffs have been unduly dilatory in raising the claims alleged in the third amended complaint. The Court finds that the course of this litigation supports the conclusion that amendment is warranted.

While all of the criteria noted above are relevant to the court's consideration, resulting prejudice to the defendants is the most important factor in the court's analysis. *See Howey v. U.S.,* 481 F.2d 1187, 1190 (9th Cir.1973) (holding prejudice is the most crucial factor).

Defendants' claim that they have expended considerable resources defending the allegations in the first two complaints which bear no relationship to the allegations raised in the third amended complaint does not constitute prejudice warranting denial of amendment.

First, the original complaint and the proposed third amended complaint both allege violations under 42 U.S.C. § § 1981, 1982, 1983, 1985 and 2000a.

Moreover, since the commencement of this action, defendants have been aware of plaintiffs' claim that they are being unlawfully excluded from the Club on account of their religion. *See* Court Tr. Of 9/12/01 hearing at 35-41 [doc. # 62] (discussion between defendants' counsel and court regarding this issue). Defendants cannot now claim to be surprised or prejudiced by this allegation which is the central focus of the third amended complaint. Defendants claim of prejudice is further undermined by the fact that they continue to defend the allegations claimed in plaintiffs' second lawsuit, which is identical to plaintiffs' third amended complaint. Finally, where, as here, plaintiffs seek to amend before the commencement of formal discovery, defendants simply cannot demonstrate that their ability to defend this case would be impaired if amendment were allowed.

In addition to showing insufficient prejudice, the defendants have failed to establish that any of the other factors that militate against amendment--bad faith, repeated failure to cure a deficiency by amendments previously allowed, or undue delay--are present. *See Foman,* 371 U.S. at 182.

The fact that plaintiffs have been provided other opportunities to replead is not a sufficient ground to deny the proposed amendment. Although the original complaint and the amended complaint were defective, plaintiffs new counsel acted diligently to file an amended complaint that cured the jurisdictional defects inherent in the earlier two complaints. Moreover, the proposed third amended complaint raises the same claims as the second, but sets forth the relevant facts in greater detail. On these facts, and in the interests of justice, plaintiffs should not be denied the opportunity to test the merits of their claims.

**\*5** Similarly, defendants' claim of undue delay is without merit. The Second Circuit has made it clear that delay, without more, cannot be the basis to deny an amendment and has routinely excused delays of more than two years. *See, e.g., Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (citing cases). Indeed, an amendment may be permitted at any point during the course of litigation. *See Foman,* 371 U.S. at 181-182 ("in the interest of justice," leave to amend may be necessary even at post-judgment stage). Moreover, some of the delay in this case can be attributed to the more than twenty extensions of time requests filed by the parties. Also, both parties engaged in mediation which delayed the litigation for a period of time. Defendants have failed to show that the length of

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d												Page 4
**(Cite as: 2002 WL 32124959 (D.Conn.))**

time which has passed will cause them undue hardship in defending against plaintiffs' allegations. Accordingly, plaintiff's motion for leave to file a third amended complaint is granted. Consequently, defendants' motion to strike the second amended complaint is denied as moot.

II. *Motion for Sanctions*

As noted above, at the court's recommendation, both parties agreed to engage in mediation. The mediation agreement contained a confidentiality provision that states:

> All statements made or documents submitted for a session are confidential and "for settlement purposes" only. No mediator may be called to testify at any subsequent hearing or trial.

After the mediation conference, the Club published an article in its "Newsmagazine" that stated in relevant part:

> The federal judge sent the matter to mediation, but after two full days of mediation in which the Club was prepared to accept the solution posed by the mediator, the claimants refused to agree to the recommendations of the mediator.

Plaintiffs' assert that this article violates the confidentiality agreement and seek sanctions against defendants. Defendants respond that the publication did not constitute a breach of the confidentiality provisions in that publication was necessary because of their duty to inform members of the Club of the outcome of the mediation. If the notice had simply indicated that mediation has taken place but had been unsuccessful, that would have been appropriate. However, the purpose of the clause was to prohibit disclosure of the nature of the mediation discussions. Mediation provides a vital alternative to litigation. The success of mediation depends, in part, on the ability of the parties to freely and openly discuss the relevant issues. Accordingly, confidentiality is a critical component of this process. *See Bernard v. Galen Group. Inc.,* 901 F.Supp. 778, 782-84 (S.D.N.Y.1995) (court imposed sanctions where attorney disclosed settlement offers made in mediation proceeding); *Cohen v. Empire Blue Cross & Blue Shield,* 178 F.R.D. 385 (E.D.N.Y.1998) (court imposed sanctions where attorney violated confidentiality provisions of court-annexed mediation program).

**\*6** Moreover, even if the defendants were required to disclose the mediation outcome to their constituency, it was certainly not necessary to publish it in the Club's "Newsmagazine" or use the self-serving language contained in the article. The Club's statements regarding this litigation did more than just announce the outcome. The clear implication of the statements in the article is, at best, that plaintiffs acted unreasonably. This only serves to increase animosity between the parties. Nevertheless, the court finds that court-imposed sanctions are not warranted on these facts. In the event that future discussions take place, those officers of the defendants who participate in such discussions shall be bound by any confidentiality agreements then in effect.

*CONCLUSION*

For the reasons stated above, plaintiffs' motion for leave to file a third amended complaint is GRANTED. The Clerk is directed to file the proposed third amended complaint. Defendants' motion to strike plaintiffs second amended complaint is DENIED as moot, and plaintiffs' motion for sanctions is DENIED. The Clerk is directed to CLOSE the second lawsuit captioned *Bernard v. Belle Haven Club, et. al,* 3:01 cv 2276(AHN) and to transfer the file to this case. The Court will enter an Order referring this case to Magistrate Judge Fitzsimmons for discovery.

2002 WL 32124959 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works