UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET MARY KELLEY, | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (GLG) |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| SUN MICROSYSTEMS, INC., | : | |
| | : | |
| DEFENDANT. | : | SEPTEMBER 4, 2003 |

### DEFENDANT'S RESPONSES TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

The Defendant Sun Microsystems, Inc. responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.   Defendant objects to the Requests insofar as they purport to request information protected from disclosure by reason of evidentiary privileges preserving: (a) the substance of communications between attorney and client; or (b) attorney work product.

2.   Defendant objects to the Requests to the extent that they require an unduly burdensome search and production, are overbroad and not reasonably calculated to lead to the discovery of admissible evidence, or call for the production of information or documents not within Defendant's possession, custody or control.

3.   Defendant objects to the overly broad and vague nature of Plaintiff's Discovery Requests to identify "all documents" or similar language that, as a result, makes any response unduly burdensome, unnecessarily expensive and harassing.

4. Defendant objects to the Requests to the extent they call for production of confidential, proprietary, commercial or financial information or documents without entry of an appropriate protective order.

5. Defendant objects to the Requests to the extent they purport to impose any obligation beyond that imposed by the Federal Rules of Civil Procedure.

6. Defendant objects to the extent the Requests conflict with, exceed or are inconsistent with the scope of discovery provided for in the Form 26 Scheduling Report agreed to by the parties and endorsed by the Court.

7. Defendant objects to the Requests on the grounds that no time frame is specified, rendering them overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to the definition of the term "Document" on the grounds that such a definition produces Requests that are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to the definition of the term "Identify" on the grounds that such a definition produces Requests that are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to the extent Plaintiff is attempting to circumvent Rule 33(b) that permits an opposing party to produce documents rather than "identify" the document inquired about.

10. Defendant objects to the definition of the term "Related/Relating to" on the grounds that the definition is imprecise, vague, overly broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

11. Defendant objects to the definition of the term "You" to the extent that it contains the phrase "or any person acting on Defendants' behalf" on the grounds that such phrase is vague and ambiguous, thereby rendering the Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12. Specific objections to individual interrogatories are stated in response to each such interrogatory. Each of the foregoing objections is incorporated into each response to specific interrogatories.

## *INTERROGATORIES*

1. State each and every reason, including all criteria used, for the decision to terminate plaintiff and identify all individuals involved in that decision process.

**ANSWER:** **Plaintiff is referred to the letter dated April 17, 2002 from Defendant to Ms. Tanya Hughes of the Connecticut Commission on Human Rights and Opportunities wherein Defendant responded to the "Employment Schedule A Request for Information." In particular, Plaintiff is referred to response # 10.**

**Dave Vogelzang, Regional Sales Director, and Steve Fugazy, District Sales Manager, were the two individuals responsible for the reduction in force decision.**

2. Identify all steps taken to investigate and/or address plaintiff's complaints of harassment, verbal abuse (including being screamed at), sexual harassment and/or age discrimination

at any time prior to her discharge. Identify each individual involved in such investigation and the date(s) of each step taken in such investigation.

**OBJECTION: Defendant objects to this request on the grounds that the request is imprecise and vague due to Plaintiff's failure to identify the "complaints" she is presumably referring to. Plaintiff does not identify the date of the complaint(s) referenced, the recipient of the complaint(s), or the form of the complaint(s), thereby leaving Defendant to pontificate as to scope of Plaintiff's definition of "complaint." The vague and imprecise manner of the request also renders it overly broad and burdensome. Lastly, Defendant objects to the extent this request seeks to obtain information protected by either the attorney-client or work product privilege.**

3.  State the complete basis and/or method for calculating plaintiff's compensation during her employment, including all alterations, amendments or changes to that basis or method. For any such alteration, amendment or change, identify; (a) the person(s) who authorized such alteration, amendment or change; (b) the exact way in which the compensation basis or method was altered, amended or changed; (c) the basis for such alteration, amendment or change; (d) whether and when notice was given of such alteration, amendment or change; and (e) the form of such notice.

**OBJECTION: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's wage claim concerns only a narrow range of time, July 1, 2001 through November 18, 2001. Accordingly, this request should be tailored to seek only**

- 4 -

information relevant to that time period or within a reasonable period of time of July 1, 2001. Moreover, Defendant objects on the grounds that the request is vague and imprecise.

**RESPONSE**: Subject to and without waiving the foregoing objection, Defendant responds: Plaintiff is referred to: (1) correspondence dated September 5, 2000, plaintiff's offer of employment, detailing her compensation scheme; and (2) the Sales Compensation Plan. The Sales Compensation plan was not altered during the course of plaintiff's employment with defendant.

4. State the complete basis and/or method for calculating the compensation of the members of plaintiff's "team" (as that term is used in defendant's response to the CHRO's "Employment Schedule A Request for Information" dated April 17, 2002), and include all alterations, amendments or changes to each such compensation. For any such alteration, amendment or change, identify: (a) the person(s) who authorized such alteration, amendment or change; (b) the exact way in which the compensation was altered, amended or changed; (c) the basis for such alteration, amendment or change; (d) whether and when notice was given of such alteration, amendment or change; and (e) the form of such notice.

**OBJECTION**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's wage claim concerns only a narrow range of time, July 1, 2001 through November 18, 2001. Accordingly, this request should be tailored to seek only information relevant to that time period or within a reasonable period of time of July 1, 2001.

**Defendant further objects on the grounds that Plaintiff should not be permitted to engage in a general "fishing expedition." The broadly worded request is not limited to a particular time period and includes within its scope every member of Plaintiff's team without limitation. For instance, Plaintiff fails to limit the request to those employees she felt were similarly situated.**

**ANSWER: Subject to and without waiving the foregoing objection, Defendant responds: Plaintiff is referred to the Sales Compensation Plan. The Sales Compensation plan was not altered during the course of plaintiff's employment with defendant. Plaintiff is also referred to an e-mail dated 4/10/01 wherein the team goals split between Plaintiff, K. Powers and M. Kozak is detailed. Plaintiff is also referred to Defendant's response to Interrogatory #18.**

5.  State whether defendant has knowledge of, made or obtained any non-privileged written or verbal statements from any witness or other person regarding any of the facts referred to in plaintiff's complaint, and if so: (a) identify the individual who made the statement; (b) state the name and address of the person(s) to whom such statement was made; (c) the date on which such statement was made; (d) the form of the statement (i.e., whether written or recorded); and (e) the name and address of each person having custody, or copy or copies of each statement; and (f) the full content of the statement.

**ANSWER: Not applicable.**

6. Define the term "On Target Earnings" (OTE) as that term applied to plaintiff's compensation, and state with particularity how payments of OTE impacted payment of plaintiff's earned commissions.

**ANSWER: Plaintiff is referred to the Sales Compensation Plan, page 21-3, for the definition of OTE. An employee will not receive both earned commissions and OTE. An employee will receive either OTE or earned commissions. Additional information can be found in the Sales Compensation Plan, a copy of which is provided.**

7. State what the sales goals were for each member of plaintiff's "team" (as that term is used in defendants response to the CHRO's "Employment Schedule A Request for Information" dated April 17, 2002) during the time plaintiff was employed by you, and state with particularity how such goals were determined and how such sales goals impacted each team member's compensation.

**OBJECTION: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's wage claim concerns only a narrow range of time, July 1, 2001 through November 18, 2001. Accordingly, this request should be tailored to seek only information relevant to that time period or within a reasonable period of time of July 1, 2001.**

**Defendant further objects on the grounds that Plaintiff should not be permitted to engage in a general "fishing expedition," seeking information on every member of Plaintiff's team, regardless of whether or not the individual was similarly situated.**

ANSWER: Subject to and without waiving the foregoing objection, Defendant responds:

| Effective Date of Goal | Goal for K. Powers | Goal for M. Kelley | Goal for M. Kozak |
|---|---|---|---|
| 8/30/00 | 15.25m | | |
| 9/26/00 | 21.75m | 13.318m | |
| 10/2/00 | 15.25m | 13.318m | |
| 1/01/01 | 14.35m | 12.418m | 1.8m |
| 4/1/01 | 12.453m | 10.207m | 3.605m |

Sales goals are assigned to each district. The district sales goal is then divided between the sales representatives in that district in accordance with the accounts handled by each sales representative. Sales goals, once assigned to a sales representative, will then be used to determine the commission rate applicable to the sales representative, which is then used to determine the commission the sales representative will receive. Additional information can be found in the Sales Compensation Plan, a copy of which is provided.

8.  Define what the "minimum goal bars" were as such term is used in defendant's Sales Representative and Account Executive Plan Agreement (Re-Goaling) Form and how they were applied to plaintiff and the members of her "team" (as that term is used in defendants response to the CHRO's "Employment Schedule A Request for Information" dated April 17, 2002).

ANSWER: A "minimum goal bar" is the minimum recommended annual sales goal that a sales representative should seek to obtain. Minimum goals are applied only if a sales representative carries a goal that is below the minimum goal bar assigned to that sales representative type. Minimum goals did not apply to Plaintiff. Additional information can be found in the Sales Compensation Plan, a copy of which is provided.

9.  State the revenue generated by each employee in plaintiff's "team" (as that term is used in defendant's response to the CHRO's "Employment Schedule A Request for Information" dated April 17, 2002), as well as the source of that revenue, during the period September 18, 2000 through November 31, 2001.

**OBJECTION: Defendant objects to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the request calls for production of confidential and proprietary financial information.**

**ANSWER: Subject to and without waiving the foregoing objection, Defendant responds: Please see attached Commission Summary Reports and Commission Detail Reports.**

10.  State the commission earned by each employee in plaintiff's "team" (as that term is used in defendant's response to the CHRO's "Employment Schedule A Request for Information" dated April 17, 2002), as well as the source of that commission, during the period September 18, 2000 through November 31, 2001.

**OBJECTION: Defendant objects to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the request calls for production of confidential and proprietary financial information.**

**ANSWER: Subject to and without waiving the foregoing objection, Defendant**

responds: Please see attached Commission Summary Reports and Commission Detail Reports.

11. For each employee in plaintiff's "team" (as that term is used in defendant's response to the CHRO's "Employment Schedule A Request for Information" dated April 17, 2002), state the "sales goals" (as such phrase is defined and utilized in paragraph 14 of defendant's response to "Employment Schedule A Request for Information" question number 9), as well as the sales attained for the following periods: September 18, 2000 to December 31, 2000; January 1, 2001 to April 1, 2001; April 1, 2001 to July 1, 2001; and July 1, 2001 to November 30, 2001.

**OBJECTION: Defendant objects to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the request calls for production of confidential and proprietary financial information.**

**ANSWER: Subject to and without waiving the foregoing objection, Defendant responds: See response to Interrogatory #7 for the sales goals. See attached Commission Summary Reports and Commission Detail Reports for the sales attained.**

12. State whether any salesperson employed in defendant's Stamford office during the period September 18, 2000 to present has been given a raise, bonus, award or promotion. If so, identify: (a) each employee given such raise, bonus, award or promotion; (b) the person authorizing such raise, bonus, award or promotion; (c) the date that such raise, bonus, award or promotion was