awarded; (d) the specifics of such raise, bonus, award or promotion; and (e) factors used in determining that such raise, bonus, award or promotion was warranted.

**OBJECTION: Defendant objects to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that Plaintiff should not be permitted to engage in a general "fishing expedition," seeking information on every member of Plaintiff's team, regardless of whether or not the individual was similarly situated. Moreover, the request seeks information "to present", notwithstanding the fact that Plaintiff was terminated in November 2001. Lastly, Defendant objects on the grounds that the request calls for production of confidential and proprietary financial information.**

13.   State the name, date of hire, date of birth, sex, title and reason for termination (if applicable), of: (a) all salespersons employed in defendant's Stamford office during the period September 18, 2000 to November 30, 2001, and (b) all employees in defendant's Stamford office selected for pre-notification in connection with defendant's 2001 reduction in workforce.

**OBJECTION:   Defendant objects to this request on the grounds that it seeks individually identifiable information about all salespersons employed in the Stamford Office without written authorization from that individual in violation of Connecticut General Statutes § 31-128f. Defendant also objects on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that Plaintiff should not be permitted to**

engage in a general "fishing expedition," seeking information on every member of Defendant's Stamford office, regardless of whether or not the individual was similarly situated to Plaintiff.

14. Is it your contention that plaintiff was entitled upon her separation from Sun to be paid salary and earned commissions up to her termination date? If your answer is anything other than an unqualified "Yes" state all facts and identify all documents upon which you rely in support of said contention, and identify all witnesses with knowledge of said facts.

**OBJECTION**: Defendant objects to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the request is vague and imprecise in that the request fails to identify the "termination date" relied upon by Plaintiff.

**ANSWER**: Subject to and without waiving the foregoing objection, Defendant responds: From July 1, 2001 through November 18, 2001, plaintiff's compensation consisted of base salary and "on target earnings." Employees subject to the reduction in force were not assigned a goal, did not sign a goal-sheet and, therefore, received as compensation a combination of base salary and "on target earnings." Individuals with knowledge of these facts would include: Dave Vogelzang, Regional Sales Director, and Steve Fugazy, District Sales Manager, and Anjali Jhangiani, Commission Account Manager. All responsive, non-privileged documents will be produced.

NYC_150548_1.DOC/JSTRETTON

15. Identify all witnesses with knowledge of any facts you rely upon in the defense of this matter, and for each such witness, state the facts relied upon and/or known.

**OBJECTION: Defendant objects to this request on the grounds that it seeks information protected by both the attorney-client and work product privileges. Defendant further objects on the grounds that the request is vague and imprecise. All Affirmative Defenses were previously identified in connection with Defendant's Answer. If Plaintiff wishes to inquire about a particular defense, she should do so through a narrowly tailored, specific request.**

**ANSWER: Subject to and without waiving the foregoing objection, Defendant responds:**

Dave Vogelzang, Regional Sales Director

Steve Fugazy, District Sales Manager

Kristen Powers, Senior Sales Associate

Michael Kozak, Sales Associate

Anjali Jhangiani, Commission Account Manager

Cheryl Deborja, Human Resources

Each of the aforementioned individuals, with the exception of Anjali Jhangiani, may be called to testify as to plaintiff's job performance and/or reason for termination. Plaintiff is also referred to Defendant's response to Interrogatory #1 wherein Defendant was asked to explain why Plaintiff was terminated. Anjali Jhangiani may be called to testify on issues addressing Plaintiff's compensation.

16. Identify all individuals who had non-privileged conversations with or about Steve Fugazy regarding plaintiff's allegations that Mr. Fugazy discriminated against her on the basis of sex and/or age and/or retaliated against her. For each conversation state its date and identify all the participants to the conversation, the content of the communication and any documents concerning, relating, evidencing or depicting such conversation.

**OBJECTION: Defendant objects to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the request seeks information on "all individuals," failing to limit the request to supervisors or others with authority to act on behalf of Defendant. Lastly, Defendant objects to the request to the extent it assumes that such conversations actually occurred.**

**ANSWER: Subject to and without waiving the foregoing objection, Defendant responds: None.**

17. Identify every individual who contributed to plaintiff's June 30, 2001 written performance review, and state: (a) why such review was not shown to plaintiff; (b) who decided not to show this review to plaintiff; (c) whether plaintiff's review was utilized in the decision to issue her her pre-notification of redeployment dated July 23, 2001 and/or her workforce reduction notice dated July 30, 2001; (d) who signed such review; and (e) why this review was signed months after plaintiff's termination.

**ANSWER: The performance review was prepared and signed by Steve Fugazy, the District Sales Manager. Employees eligible for redeployment, the reduction in force, were not reviewed in person. However, the reviews were available to each individual employee**

upon request. The review itself was not relied upon to issue the pre-notification of redeployment or the workforce reduction notice. The signature date that appears on the review, 9/1/02, is a typographical error. The signature date should be 9/1/01.

18. State the reasons why in or about April 2001: (a) all three accounts of each member of plaintiff's "team" (as that term is used in defendant's response to the CHRO's "Employment Schedule A Request for Information" dated April 17, 2002) were "combined" as stated in paragraph 14 of defendant's response to Employment Schedule A Request for Information question number 9; (b) why goals were "shared" (as stated in paragraph 14 of defendant's response to Employment Schedule A Request for Information question number 9); and (c) identify all individuals who authorized or implemented such actions.

ANSWER: Effective January 1, 2001, K. Powers and M. Kelley shared account responsibility and split revenue credit. The purpose of this union was to allow M. Kelley to work more closely with K. Powers, a more experienced G.E. sales representative. The union was also designed to promote teamwork. Based on the same rationale, M. Kozak was added to the team effective April 1, 2001.

The team concept was discussed with each of the sales representatives. Phillip Clark and Steve Fugazy authorized and/or implemented the team concept.

19. Is it your contention that plaintiff's job performance, in comparison to that of the female Senior Sales Representative and the male Sales Representative in her "team" (as that term is used in defendant's response to the CHRO's Employment Schedule A Request for Information dated

April 17, 2002) was "sub-standard" as stated in paragraph 10 of defendant's response to Employment Schedule A Request for Information question number 9? If your answer is anything other than an unqualified "No" state all the facts and identify all documents upon which you rely in support of said contention, and identify all witnesses with knowledge of said facts.

**OBJECTION: Defendant objects to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

**ANSWER: Subject to and without waiving the foregoing objection, defendant responds: Yes. The decision to terminate Plaintiff was made by Dave Vogelzang, Regional Sales Director, and Steve Fugazy, District Sales Manager. Plaintiff is also referred to Defendant's response to Interrogatory #1 wherein Defendant was asked to explain why Plaintiff was terminated. All responsive, non-privileged documents will be produced.**

20.    State each and every reason plaintiff was not hired for the ES sales position that she interviewed for on or about July 26, 2001.

**ANSWER: Defendant determined that the individual hired was better qualified for and better suited for the position.**

21.    Identify all accounts that were assigned to plaintiff during her employment by you, and for each account state: (a) when plaintiff was removed from each account; (b) why plaintiff was

- 16 -

removed from each account; and (c) what impact each removal had upon her compensation, including her commission entitlements.

**OBJECTION**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff should not be permitted to engage in a general "fishing expedition," but rather, should be required to narrowly tailor each request for information to, in this instance, a particular account Plaintiff feels was removed due to discriminatory animus based on sex or age. Moreover, to the extent this request seeks information in support of Plaintiff's wage claim, this request should be tailored to seek only information relevant to that time period or within a reasonable period of time of July 1, 2001. Plaintiff's wage claim concerns only a narrow range of time, July 1, 2001 through November 18, 2001.

**ANSWER**: Subject to and without waiving the foregoing objection, Defendant responds: Plaintiff was assigned to service only the GE account.

22.   Identify all documents referred to or utilized in responding to any of the foregoing interrogatories and all individuals involved in preparing the responses to each interrogatory.

**OBJECTION**: Defendant objects to this request on the grounds that it seeks information protected by both the attorney-client and work produce privileges. Defendant further objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

NYC_150548_1.DOC/JSTRETTON

**ANSWER**: **Subject to and without waiving the foregoing objection, Defendant responds: All responsive, non-privileged documents will be produced.**

By: _____
Marc L. Zaken (CT03110)
John G. Stretton (CT 19902)
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 975-7505 tel.
(203) 975-7180 fax.
mzaken@EdwardsAngell.com
jstretton@EdwardsAngell.com

- 18 -

NYC_150548_1.DOC/JSTRETTON

## **CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of September 2003, a copy of the foregoing was mailed, first class, postage prepaid, to:

>Scott R. Lucas
>Martin Lucas & Chiofi, LLP
>1177 Summer Street
>Stamford, CT 06905

*John G. Stretton*

- 19 -

NYC_150548_1.DOC/JSTRETTON

## **VERIFICATION**

STATE OF New Jersey  )
                      ) ss
COUNTY OF Somerset   )

On this 26th day of August, 2003, before me, the undersigned officer, personally appeared Cheryl C. deBorja, and under oath stated that the foregoing Objections and Responses to First Set of Interrogatories propounded by the Plaintiff to be answered by the Defendant, Sun Microsystems, Inc., are true, to the best of its knowledge, information and belief.

*Cheryl C. deBorja*
Sun Microsystems, Inc.
By: Cheryl C. deBorja
Title: Human Resources Representative

Justice of the Peace/Notary Public

My Commission Expires:

**SUNITA KALRO**
**NOTARY PUBLIC OF NEW JERSEY**
Commission Expires 4/2/2008