UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARGARET MARY KELLEY,** | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (GLG) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| **SUN MICROSYSTEMS, INC.,** | : | |
| | : | JUNE 7, 2004 |
| Defendant. | : | |

## PLAINTIFF'S FOURTH REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34(a), *et seq.*, plaintiff Margaret Mary Kelley hereby requests that defendant Sun Microsystems, Inc. produce each of the documents listed below, at the offices of Martin, Lucas & Chioffi, LLP, 177 Broad Street, Stamford, Connecticut 06901, for inspection and copying by plaintiff or her attorneys.

### I. *INSTRUCTIONS*

A. These requests for production of documents shall be deemed to be continuing until the time of trial and require updating or amended responses as necessary to reflect new information obtained or documents located by defendant or its attorneys.

B. If you object to or otherwise decline to respond to any portion of a request, provide all information called for by that portion of the request to which you do not object or which you do not decline to answer. If you object to a request on the ground that it is too broad (i.e., that it calls for information, some of which may lead to admissible evidence in this action

and some of which may not), provide such information which is concededly proper. If you object to a request on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For those portions of any request to which you object or otherwise decline to answer, state the reason for your response.

  C. If you claim that any document requested below is privileged or otherwise protected from discovery, you shall nonetheless provide the following information:

    1. The person asserting the privilege/protection claim;

    2. The nature of the privilege/protection claim;

    3. The identity of the person(s) having knowledge of the information sought;

    4. A description of the document by type of document, general subject matter of the document, date of the document, author, recipient, number of pages and such other information as is sufficient to identify the document for a subpoena *duces tecum*; and

    5. The factual and legal basis for the privileged claim or specific statutory authority which provides the basis for the nonresponse.

## II.   DEFINITIONS

  ***A.***   ***Communication.*** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to, meetings, conversations, telephone conversations, letters, telecopies or other correspondence.

  ***B.***   ***Document.*** The term "document" means, without limitation, the original and all drafts and copies of any handwritten, typewritten, printed, transcribed, impressed, recorded or other tangible embodiments or memorializations of a communication, including but not limited

to agreements, correspondence, records, reports, memoranda, notes, envelopes, telegrams, telexes, cables, messages, minutes, other communications, records of conversations, diaries, statements, financial statements, entries, affidavits, bank books, bank statements, income tax forms, other tax forms, vouchers, notebooks, microfilm, microfiche, photographs, tapes, discs, data cards, films, data processing files and other computer readable records or programs, catalogues, brochures, all other written or printed matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary. Any such document bearing on any page thereof, any marks such as initials, stamped indices, comments or notations of any character and not a part of the signed text or photographic reproduction thereof, is to be considered and produced as a separate document.  **C.**     ***Person/Persons/Entity.***  The terms "person," "persons" or "entity" mean any natural person, corporation, partnership, association, officer, director, agent, servant, employee, partner, attorney, expert, consultant, governmental body, trust, estate or any other entity known at common law or equity.

**D.**     ***Identify (With Respect To Persons).***  When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**E.**     ***Identify (With Respect To Documents).***  When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii)

3

its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

  **F.** *And/Or*.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

  **G.** *Concerning*.  The term "concerning" means referring to, describing, evidencing or constituting.

  **H.** *Related/Relating To*.  A document "relates to" a particular fact, matter or event when it proves or disproves, or tends to prove or disprove, the fact, matter or event, or contains information explaining or providing a background for understanding the fact, matter or event, or is evidence of or a result of that fact, matter or event, or was produced, altered or signed as part of or as a result of that fact, matter or event, or will lead to additional relevant information about the fact, matter or event.

  **I.** *All/Each*.  The terms "all" and "each" shall be construed as all and each.

  **J.** *Parties*.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

  **K.** *Number*.  The use of the singular form of any word includes the plural, and vice versa.

   **L.** *You/Your/Yours*.  "You," "your," and "yours" shall mean the defendant and all its agents or other persons acting on its behalf.

5

## II. DOCUMENTS REQUESTED

1. A copy of the "reconciliation report" referred to in the 30(b)6 deposition of Anjali Jhangiani of June 7, 2004.

    *RESPONSE:*

                                      By_____
                                          Scott R. Lucas (ct00517)
                                          Michel Bayonne (ct24628)
                                          *Attorneys for Plaintiff*
                                          *Margaret Mary Kelley*
                                          MARTIN, LUCAS & CHIOFFI, LLP
                                          177 Broad Street
                                          Stamford, CT 06901
                                          Phone: (203) 973-5200
                                          Fax: (203) 973-5250
                                          slucas@mlc-law.com
                                          mbayonne@mlc-law.com

### *CERTIFICATE OF SERVICE*

      This is to certify that on this 7th day of June, 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Marc L. Zaken, Esq.
John G. Stretton, Esq.
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard, 13th Floor
Stamford, CT 06901
Phone: (203) 975-7505
Fax: (203) 975-7180
mzaken@EdwardsAngell.com
jstretton@EdwardsAngell.com

                                                                                                 _____
                                                                                                 Michel Bayonne