**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARGARET MARY KELLEY,** | : | CIVIL ACTION NO. |
| | : | 3:03 CV 57 (CFD) |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **SUN MICROSYSTEMS, INC.,** | : | |
| | : | JULY 15, 2004 |
| **Defendant.** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT**
**OF MOTION TO COMPEL**
**AND FOR ATTORNEYS' FEES AND COSTS**

*PRELIMINARY STATEMENT*

Plaintiff Margaret Mary Kelley hereby moves pursuant to Federal Rule of Civil Procedure 37 to compel defendant to comply with her document request pursuant to Rule 34. As more fully set forth below, defendant has refused to produce a document it assembled and relied upon during the deposition of its employee designated and produced pursuant to Rule 30(b)(6) as its designated agent with knowledge of, *inter alia*, plaintiff's compensation. As fully set forth below, the document was reviewed and relied upon by the designated deponent in preparation for, and in connection with, her deposition testimony. Accordingly, plaintiff seeks to compel its production.

## *FACTS*

Count Seven of plaintiff's Second Amended Complaint is a claim for unpaid wages made pursuant to C.G.S. §31-72. In pursuit of discovery related to this claim, plaintiff, on or about April 30, 2004, noticed pursuant to Rule 30(b)(6) the deposition of one or more persons to testify on behalf of defendant, having knowledge of the complete basis and/or method for calculating the compensation of plaintiff.

In response to this notice, defendant agreed to produce Anjali Jhangiani, its Financial Manager. As plaintiff's counsel is located in Stamford, Connecticut and Ms. Jhangiani was in California, the deposition of Ms. Jhangiani was agreed to be conducted via telephone on June 7, 2004.

During her deposition Ms. Jhangiani testified and confirmed in pertinent part the following:

> Q. What have you done in preparation for this deposition?
> A. I validated to insure that the compensation that [Plaintiff] was eligible to earn was correctly calculated.
> Q. Okay.
> A. And paid out. Additionally, in her – from the date of notification to the termination date, to validate that OTE calculation was accurately calculated and paid out. And also the entire OTE for new fiscal year, which was effective July 1st, to make sure that was accurately called and paid out. And I did reconciliation for that. I reviewed the goal sheets, as well as the comp plan for '01. And that's about it.

(Jhangiani Depo. pp. 5-6 (attached hereto as Exhibit 1).)

> Q. And what documents did you look at to do these reconciliation that you are referring to?
> A. [Defendant's Counsel] had provided us with the –originally, I believe it was just an E-mail when we started the legal review to say can you go back and take a look at how much we paid her, was it accurate. And what we did is, we put

>   together a validation against her earned commissions or target incentive should have been.
> Q. Okay.
> A. So we looked at the offer letter, the goal sheets that were submitted to us, and we validated it against that compared to what we had entered into the system for calculation to make sure it was accurate.
> Q. Is this a written validation?
> A. Yes, some of it – it was similar to what the counsel also provided us. Was just a spread sheet that we put out and very similar to what the counsel put out, so it was just really a matter of just revalidating what they did.
> Q. Okay.
> A. And that was document 737.
> Q. That is the validation, or you are saying the validation is similar to that?
> A. The validation is similar to that. This was a similar process that we used.
>
> [Plaintiff's Counsel]: John, are you willing to produce the validation?
> [Defendant's Counsel]: I mean, you can make a request for the document. All I can tell you this time is we will take it under consideration and get back to you.

(Jhangiani Depo. pp. 5-7 (Ex. 1).)

> Q. Right. And you made a determination that those payments were in error; right?
> A. In my reconciliation is when I determined that those payments were made in error?
> Q. That was the reconciliation done when?
> A. That was part of the preparation for this deposition, sir.

(Jhangiani Depo. p. 81 (Ex. 1).)

Moreover, Ms. Jhangiani, throughout her deposition, referred to and relied upon the "reconciliation" document that she had created when responding to plaintiff's counsel's inquiries. (Jhangiani Depo. pp. 5-7, 16, 38-39, 74-76, 81 (Ex. 1).)

Upon completion of Ms. Jhangiani's deposition, plaintiff promptly made a request for the production of the "reconciliation" utilized by Ms. Jhangiani in preparation for her deposition. (See Document Request attached to counsel's affidavit as Exhibit A.)

On June 28, 2004, defendant refused to produce such document, asserting attorney work product and attorney client privilege. (See Objection attached to counsel's affidavit as Exhibit B.) Defendant also claims, contrary to Ms. Jhangiani's deposition, that "This document was prepared at the instruction of counsel for defendant during the course of this litigation for the aid of counsel for defendant in preparing for trial" and that plaintiff cannot establish a "substantial need" for its disclosure. Efforts to work out this discovery dispute have not proven fruitful. (See Affidavit of Counsel attached as Exhibit 1 to plaintiff's Motion to Compel Filed herewith.)

## *ARGUMENT*

### I.  PRODUCTION OF THE RECONCILIATION DOCUMENT IS APPROPRIATE PURSUANT TO RULE 612 & 26(b)(3) OF THE FEDERAL RULES OF EVIDENCE.

Federal Rule of Evidence 612 states that "if a witness uses a writing to refresh memory for the purpose of testifying ... an adverse party is entitled to have the writing produced at the hearing, to inspect it [and] to cross-examine the witness thereon." The Federal Rules of Evidence are applicable to oral examinations and cross-examinations taken by deposition. Suss v. MSX International Engineering Services, Inc., 212 F.R.D. 159 (S.D.N.Y. 2002); Bank Hapoalim, B.M. v. American Home Assurance Co., 1994 WL 119575 (S.D.N.Y. 1994) (court ordered documents produced where deponent "had reviewed [the] documents…in the course of preparing for the deposition") (attached as Ex. 2); Ehrlich v. Howe, 848 F.Supp. 482 (S.D.N.Y. 1994) (documents referred to by deponent prior to deposition ordered discoverable pursuant to Rule 612); Redvanly v. Nynex Corp., 152 F.R.D. 460, 469-470 (S.D.N.Y 1993) (court relied on Rule 612 as an alternative basis for ordering disclosure of notes at issue and referred prior to deposition);

4

Sperling v. City Of Kennesaw Police Dept., 202 F.R.D. 325 (N.D. Georgia 2001) (motion to compel document used during deposition granted where deponent testified that she referred to the subject document in order to recall certain facts).

Moreover, even where the party seeking production has not established that the witness used the writing to refresh his memory, courts nonetheless order production where the writing had sufficient impact on the witness' testimony to warrant application of Rule 612. Berkey Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613 (S.D.N.Y. 1977); see also Ehrlich v. Howe, 848 F.Supp. 482 (S.D.N.Y. 1994) (court ordered defendant deponents to produce memorandum where plaintiff showed a substantial need for disclosure since facts critical to issues in case may have been contained in memorandum and due to the professed lack of recollection of those critical facts by deposed who had reviewed the memorandum just before their depositions).

In Redvanly v. NYNEX Corp., 152 F.R.D. 460 (S.D.N.Y.1993), a suit brought under Title VII and various state law claims, the court ordered disclosure of documents claimed to be privileged. In Redvanly, during a pretrial conference, the plaintiff's attorney sought discovery of notes made by the defendant's in-house counsel of a meeting at which termination of the plaintiff's employment was discussed. The notes had been read by certain of the plaintiff's deponents prior to their giving testimony of the events that transpired at the meeting. In their depositions, the deponents claimed to have no or limited recollection of events that took place at the meeting. The Court held that, even if the notes were work product, the plaintiff would be entitled to them because she had shown a "substantial need" for them and was unable to obtain their equivalent by other means. This was true because the facts of what transpired at the meeting

5

were a critical issue, and because of the professed partial lack of recollection by the deposed defendants who had reviewed the notes just before their depositions.

Also, in In re Joint Eastern & Southern Dist. Asbestos Litigation, 119 F.R.D. 4 (E.D. & S.D.N.Y.1988), the court reasoned that although it had not been established that the witness used the contested writing to refresh his memory, and therefore Rule 612 had not come into play, the writing should nonetheless be disclosed on the basis of substantial need under Rule 26(b)(3) of the Federal Rules of Civil Procedure. "Defendants have no other method of obtaining the identical material, i.e., the material that was shown to the plaintiff. Defendants cannot by other means learn whether the [document] was used in a suggestive fashion so as to encourage plaintiff to recognize items he would not otherwise recognize." Id. at 6.  Relevant considerations are whether the party opposing disclosure is attempting to overstep the bounds of the work product doctrine; whether the contested material contains factual information or reflects an attorney's thought processes; and whether the document request constitutes a fishing expedition. Bank Hapoalim, B.M. v. American Home Assurance Co., supra, at *6-*7 (Ex. 2).  Finally, in practice, courts generally construe the use of privileged documents to refresh a witness' memory as a waiver of the privilege. See, e.g., Leucadia, Inc. v. Reliance Ins. Co., 101 F.R.D. 674 (S.D.N.Y. 1983).

In the instant case, plaintiff must be permitted the opportunity to inspect the "reconciliation" document utilized by Ms. Jhangiani.  Ms. Jhangiani relied on this reconciliation throughout her deposition.  In fact, she frequently referred to it in response to questions directly related to the ultimate issues of plaintiff's wage claim.  (Jhangiani Depo. pp. 5-7, 16, 38-39, 74-

76, 81 (Ex. 1).) Plaintiff is unable to verify, contest or put these responses into context without the reconciliation. Plaintiff cannot effectively cross examine Ms. Jhangiani or others on this topic at trial without the reconciliation. Indeed, by refusing to tender the document upon which Ms. Jhangiani's entire testimony is based, defendant is effectively "hiding the ball." Clearly, then, plaintiff has shown a substantial need for such document where facts potentially dispositive of plaintiff's wage claim were sworn by Ms. Jhangiani to be found within the document. (Jhangiani Depo. pp. 5-7, 16, 38-39, 74-76, 81 (Ex. 1).) Moreover, plaintiff has no other means of obtaining or verifying critical facts of which Ms. Jhangiani testified to while referring to said document.

For all these reasons, plaintiff's Motion must be granted where not only did Ms. Jhangiani create and review the document in question, but also the document had sufficient impact on the her testimony to warrant application of Rule 612 or in the alternative Rule 26(b)(3).

## II.   PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS FEES AND COSTS.

Defendant has overstepped the bounds of the work product and attorney client privilege in an attempt to withhold a critical document from plaintiff. In such instances, courts routinely grant a monetary penalty specifically authorized by Rule 37 consisting of reasonable expenses, including attorney's fees, to the party which prevails on a Rule 37 motion.  J. M. Cleminshaw Co. v. City of Norwich, 93 F.R.D. 338 (D.Conn. 1981) (defendant found to have engaged in unjustified failure to provide discovery). The imposition of sanctions under Rule 37 is within the discretion of the district court, and "[i]t is well settled that a reviewing court will overturn a

district court's application of such sanctions only where there has been an abuse of that discretion." Minotti v. Lensink, 895 F.2d 100, 102-03 (2nd Cir.1990). In addition, an award of attorney's fees, particularly when large sums are involved, has proven to be a singularly effective deterrence to those who would flout federal discovery procedures. Surg-O-Flex of America, Inc. v. Bergen Brunswig, Co., 76 F.R.D. 654 (D.Conn. 1977).

Accordingly, the sanction of costs should be imposed against defendant.

### *CONCLUSION*

For all of the foregoing reasons, plaintiff respectfully requests that defendant's produce the document requested in plaintiff's document request of June 7, 2004 and that defendant be ordered to pay plaintiff the costs and expenses associated with this Motion.

By _____
Michel Bayonne (CT24628)
Scott R. Lucas (CT00517)
*Attorneys for Margaret Mary Kelley*
Martin Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mbayonne@mlc-law.com

## *CERTIFICATE OF SERVICE*

      This is to certify that on this 15th day of July 2004, the foregoing was mailed, first class, postage prepaid, to:

Marc L. Zaken (CT03110)
John G. Stretton (CT 19902)
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard, 13th Floor
Stamford, CT 06901
Phone: (203) 975-7505
Fax: (203) 975-7180
mzaken@EdwardsAngell.com
jstretton@EdwardsAngell.com

                                                           _____
                                                           Michel Bayonne