UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET MARY KELLEY, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) 3:03CV57 (CFD) |
| | ) |
| SUN MICROSYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) AUGUST 6, 2004 |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S
### MOTION TO COMPEL AND FOR ATTORNEYS' FEES AND COSTS

Defendant Sun Microsystems, Inc. ("Sun"), by their undersigned attorneys, opposes Plaintiff's Motion to Compel and for Attorney's Fees and Costs. Plaintiff's motion misconstrues the function of the materials sought. Sun therefore requests that the Court deny Plaintiff's Motion to Compel. In support of this objection, Sun avers as follows:

### FACTS

The Plaintiff filed its Motion to Compel production of the "reconciliation" document referred to during the deposition of Anjali Jhangiani. Sun identified Anjali Jhangiani, a member of its commissions accounting department, as a representative to testify on its behalf in a 30(b)(6) deposition. Ms. Jangiani was called to testify as to Sun's compensation practices and commission structure. She prepared the reconciliation document at counsel's direction to confirm that payments were made to the Plaintiff and to confirm the method of calculating these payments. (Jhangiani Depo p. 6:11-7:10.) The document was created by Ms. Jhangiani to aid counsel in conducting this case, and to communicate background information to enable counsel to provide informed legal advice.

Ms. Jahngiani did not rely on the reconciliation document to refresh her recollection during the deposition. In fact, she did not have the document with her at the time. (Jhangiani Depo p. 74:20-22.) Because the deposition was conducted over the telephone, Plaintiff's counsel could not observe which documents Ms. Jangiani had with her while testifying. Furthermore, in filing this motion, the Plaintiff fails to recognize that Ms. Jhangiani was not called as a fact witness, but a representative of the Defendant's commissions accounting department. Ms. Jhangiani's ability to recall facts was therefore not at issue. Her only obligation was to explain the procedure used to calculate compensation.

The information included in the reconciliation document is substantially similar to that in Exhibit KKK, also known as SUN 00737:

> Q. And what documents did you look at to do these reconciliations that you are referring to?
> A. John had provided us with the – originally, I believe it was just an E-mail when we started the legal review to say can you go back and take a look at how much we paid her, was it accurate. And what we did is, we put together a validation against what her earned commissions or target incentive should have been.
> Q. Okay.
> A. So we looked at the offer letter, the goal sheets that were submitted to us, and we validated it against that compared to what we had entered into the system for calculation to make sure it was accurate.
> Q. Is this a written validation?
> A. Yes, some of it – it was very similar to what the counsel also provided to us. Was just a spread sheet that we put out and very similar to what the counsel put out, so it was just really a matter of just revalidating what they did.
> Q. Okay.
> A. And that was document 737.
> Q. That is the validation, or you are saying the validation is similar to that?
> A. The validation is similar to that. This was a similar process that we used.

(Jhangiani Depo p. 6:11-7:10. See attached Exhibit 1.)

> Q. Ms. Jhangiani, did the validation turn up any payments that were not on the document Bates Number Sun 737?
> A. No, there was no discrepancy from what we did to what was presented to us.
> Q. On 737?
> A. That is correct, on 737.

(Jhangiani Depo p. 7:16-22; see also Jhangiani Depo pp. 37:9-20; 38:6-21.) Exhibit KKK is substantially equivalent to the reconciliation document. Ms. Jhangiani explained the entries in exhibit KKK in detail during the deposition, and Plaintiff's counsel had ample opportunity to question her regarding Defendant's compensation structure. Plaintiff has therefore not established a substantial need for the reconciliation document.

## ARGUMENT

### I.     Production of the Reconciliation Document is not Required Under Federal Rule 612

The party seeking discovery under Federal Rule 612 must establish that the Rule is applicable and that the witness used the disputed materials to refresh her memory. Suss. v. MSX Int'l Engineering Services, Inc., 212 F.R.D. 159, 165 (S.D.N.Y. 2002); In re Joint Eastern, 119 F.R.D. 4, 6 (S.D.N.Y. 1988); Berkey Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613, 615, 617 (S.D.N.Y. 1977) (Refraining from ordering the disclosure of materials given to expert witnesses where those materials were not used to refresh the witnesses' memory in preparing for their substantive testimony). The court in Joint Eastern explained that a party must lay a foundation establishing that the disputed materials actually refreshed the witness' memory in order for Rule 612 to be implicated. 119 F.R.D. at 6. Plaintiffs in the present case have not established that Ms. Jhangiani referred to or relied on the reconciliation document now at issue. In fact, she did not

have the reconciliation document with her during the deposition. (Jhangiani Depo p. 74:20-22.)

## II. Production of the Reconciliation Document is not Required Under Federal Rule of Civil Procedure 26(b)(3)

The reconciliation document is protected by the work product privilege under Federal Rule of Civil Procedure 26(b)(3) because it was prepared at counsel's direction to confirm the method of calculating payments made to the Plaintiff. (Jhangiani Depo p. 6:11-7:10.) Materials prepared to assist in anticipated or ongoing litigation by a party or its attorney will be protected as work product under Rule 26(b)(3). Redvanly v. Nynex Corp., 152 F.R.D. 460, 464-465 (S.D.N.Y. 1993).

A party seeking discovery under Rule 26(b)(3) must make a showing of substantial need for the materials and an inability, without undue hardship, to obtain the substantial equivalent of the materials by other means. Gilhuly v. Johns-Manville Corp., 100 F.R.D. 752, 754 (D. Conn. 1983). The Gilhuly court found that the defendants could not make a showing of substantial need where they had an opportunity to test the plaintiff's claims through interrogatories and depositions. Id. The disclosure of the plaintiff's final product list provided the defendants with a substantial equivalent to their request for preliminary drafts of the list. Id. The court rejected the argument that the defendants would not be able to check the accuracy of the plaintiff's recollection of the products to which he had been exposed, and ultimately denied the motion to compel preliminary drafts of the list. Id.

Ms. Jhangiani testified extensively as to the method used to calculate commissions and compensation practices during her deposition. In describing the reconciliation document, Ms. Jhangiani explained, "…we went back in and calculated

BOS_454520_2/TKADAR

again what was her OTE commissions that she should have been paid." (Jhangiani Depo p. 74:22-24.) The reconciliation was the product of an exercise done to verify the calculations in exhibit KKK. (Jhangiani Depo pp. 6:11-7:10; 42:6-43:6; 73:17-75:12.) Plaintiff's counsel asked a number of questions about these calculations and had ample opportunity to explore the Defendant's calculation methods during Ms. Jhangiani's deposition. In addition, the information included in exhibit KKK is substantially similar to that analyzed in the reconciliation document. (Jhangiani Depo pp. 6:11-7:10; 7:16-22; 37:9-20; 38:6-21.) The Plaintiff has therefore failed to demonstrate a substantial need for the reconciliation document.

The plaintiff argues that under the work product rule as set forth in In re Joint Eastern, a party may gain access to materials sought to be disclosed upon evidence that they were used by the witness to refresh his or her recollection. 119 F.R.D. at 6. It has already been established that Ms. Jhangiani did not rely on the reconciliation document to refresh her recollection during the deposition. (Jhangiani Depo p. 74:20-22.) Furthermore, the plaintiff fails to recognize that Ms. Jhangiani was called as a 30(b)(6) witness to testify as to the Defendant's compensation practices, and not as a fact witness. (Jhangiani Depo p. 77:23-24.) She had no obligation to remember facts associated with the Plaintiff's case, but instead her task was to explain the Defendant's methodology. The reconciliation document was a confirmation of the payments reflected in exhibit KKK, and not a recitation of facts used to refresh Ms. Jhangiani's memory. (Jhangiani Depo pp. 6:11-7:10; 37:9-20; 73:17-75:12.)

BOS_454520_2/TKADAR

### III. The Reconciliation Document is Protected by the Attorney-Client Privilege

In response to Defendant's counsel's request that Ms. Jhangiani create the reconciliation document, Ms. Jhangiani included notes directed to counsel to aid his understanding of its contents. Information given by a client to its attorney to enable counsel to give informed advice is protected under the attorney-client privilege. First Aviation Services, Inc. v. Gulf Ins. Co., 205 F.R.D. 65, 68 (D. Conn. 2001). The court in Hudson v. General Dynamics Corp., found that it was error to compel the production of a party's responses to an attorney's questionnaire that was used to convey information from the client to counsel to promote informed, effective representation. 186 F.R.D. 271, 275-276 (D. Conn. 1999). Likewise, the reconciliation document includes notes directed at Defendant's counsel to enable him to better advise the Defendant.

In analyzing attorney-client communications sought to be disclosed under Rule 612, courts have held that the party seeking disclosure must demonstrate that the witness actually relied on the documents to refresh his or her memory. Suss., 212 F.R.D. at 165. The Suss court noted that, "'relied upon' means more than simply reviewing" and that the rule should not be used as a "pretext for wholesale exploration of an opposing party's files". Id. *quoting* Advisory Committee Notes, Fed.R.Evid. 612 (1974). As set forth above, Ms. Jhangiani did not rely on the reconciliation document to refresh her recollection. The Plaintiff has therefore not met her burden in order to compel disclosure under Rule 612.

BOS_454520_2/TKADAR

## CONCLUSION

For all the foregoing reasons, Defendant Sun Microsystems Inc. respectfully requests that Plaintiff's Motion to Compel and for Attorney's Fees and Costs be denied.

Dated August 6, 2004

> DEFENDANT
> SUN MICROSYSTEMS, INC.
> BY EDWARDS & ANGELL, LLP
> ITS ATTORNEYS
>
> By _/s/ Marc L. Zaken_
> Marc L. Zaken (CT 03110)
> mzaken@edwardsangell.com
> John G. Stretton (CT 19902)
> jstretton@EdwardsAngell.com
> Three Stamford Plaza
> 301 Tresser Boulevard
> Stamford, CT 06901
> (203) 353-6819
> Fax: (888) 325-1667

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Objection to Plaintiff's Motion to Compel and for Attorney's Fees and Costs was sent via first class mail, postage prepaid, to:

> Scott Lucas
> Michel Bayonne
> Martin Lucas & Chiofi, LLP
> 177 Broad Street
> Stamford, CT 06901

this 6th day of August, 2004.

_/s/ Marc L. Zaken_
Marc L. Zaken

BOS_454520_2/TKADAR

# Exhibit 1

BOS_454520_2/TKADAR

Netscape: YTD Detail

https://paycheck.central.sun.com:443/servlet/EarnSumDetailServlet

Sun microsystems

Sun Microsystems, Inc.
4150 Network Circle, MS USJC01-203
Santa Clara, CA 95054

PENGAD 800-631-6989
EXHIBIT
6-7-04
KKK
SHANAHAN 1

Employee Name: KELLEY,MARGARET-MARY (117277)
Company: SUN MICROSYSTEMS INC. (J926)
Pay Period: 2001

| PAY DATES | CHECK# | SALARY | STOCKSREF | SUNFLEX | CAR ALLW | DRAW | COMMISS | IB DRAW | IB BONUS | SEVER | FED-TAX | EE FICA | STATE-TX | DIS-SUI | 401K | HOSA | PTAX BEN | STOCK. | GROSS | NET |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan 12 2001 | 7457007 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | 8.75 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.70 |
| Jan 12 2001 | 7457008 | | | | | 5525.00 | | | | | 1299.48 | 422.67 | 208.85 | 22.10 | 884.00 | | | 552.50 | 5525.00 | 2135.40 |
| Jan 26 2001 | 7403962 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | 8.76 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.69 |
| Feb 9 2001 | 7511212 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.41 | 69.14 | 8.75 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.71 |
| Feb 9 2001 | 7511213 | | | | | 5525.00 | | | | | 1299.48 | 422.67 | 208.85 | 22.10 | 884.00 | | | 552.50 | 5525.00 | 2135.40 |
| Feb 23 2001 | 7539147 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | 8.76 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.69 |
| Mar 9 2001 | 7560232 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | 8.75 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.70 |
| Mar 9 2001 | 7560233 | | | | | 2762.50 | | | | | 649.74 | 211.33 | 104.42 | 11.05 | 442.00 | | | 276.25 | 2762.50 | 1067.71 |
| Mar 23 2001 | 7596009 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | 8.75 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.70 |
| Apr 6 2001 | 7623208 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.43 | 69.14 | 8.76 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.68 |
| Apr 20 2001 | 7650604 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | 8.75 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.70 |
| Apr 20 2001 | 7650605 | | | | | | 5558.36 | | | | 1307.33 | 425.20 | 210.11 | 22.24 | 889.34 | | | 555.84 | 5550.36 | 2140.30 |
| May 4 2001 | 7677539 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.43 | 69.14 | 8.75 | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1326.69 |
| May 18 2001 | 7707093 | 2000.00 | 4.80 | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | 8.75 | 353.23 | 57.69 | 196.16 | 220.77 | 2447.16 | 1331.50 |
| May 19 2001 | 7722458 | | | | | | 6367.87 | | | | 1497.72 | 487.15 | 240.71 | 20.29 | 1018.86 | | | 636.79 | 6367.87 | 2466.35 |
| Jun 1 2001 | 7735349 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1335.45 |
| Jun 15 2001 | 7762736 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.41 | 69.14 | | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1335.46 |
| Jun 15 2001 | 7762737 | | | | | | 6694.46 | | | | 1574.54 | 512.13 | 253.05 | | 1071.11 | | | 669.45 | 6694.46 | 2614.18 |
| Jun 29 2001 | 7788013 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.43 | 69.14 | | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1335.44 |
| Jul 13 2001 | 7815321 | 1600.00 | | 234.67 | 207.69 | | | | | | | 136.81 | 55.53 | | 289.23 | 57.69 | 196.16 | 180.77 | 2042.36 | 1126.17 |
| Jul 27 2001 | 7842104 | 2000.00 | | 234.67 | 207.69 | | | | | | 42.50 | 167.42 | 69.14 | | 353.23 | 57.69 | 196.16 | 220.77 | 2442.36 | 1335.45 |
| Jul 27 2001 | 7842105 | | | | | | 10078.88 | | | | 5040.74 | 1225.58 | 810.12 | | 76.24 | | | 168.86 | 10070.88 | 10757.34 |
| Aug 10 2001 | 7869138 | 2000.00 | | 234.67 | 207.69 | | | | | | 95.49 | 31.73 | 92.71 | | | 57.69 | 196.16 | | 2442.36 | 1960.58 |
| Aug 24 2001 | 7896673 | 2000.00 | | 234.67 | 207.69 | | | | | | 95.49 | 31.73 | 92.71 | | | 57.69 | 196.16 | | 2442.36 | 1960.58 |
| Sep 7 2001 | 7925038 | 2000.00 | | 234.67 | 207.69 | | | | | | 95.49 | 31.74 | 92.71 | | | 57.69 | 196.16 | | 2442.36 | 1960.57 |
| Sep 7 2001 | 7925059 | | | | | | 40078.05 | | | | 11021.46 | 581.13 | 1803.51 | | | | | | 40078.05 | 26671.95 |
| Sep 7 2001 | 7925060 | | | | | | 10650.00 | | | | 2928.75 | 154.42 | 479.25 | | | | | | 10650.00 | 7007.50 |
| Sep 21 2001 | 7952614 | 2000.00 | | 234.67 | 207.69 | | | | | | 95.49 | 31.74 | 92.71 | | | 57.69 | 196.16 | | 2442.36 | 1960.57 |
| Sep 21 2001 | 7952615 | | | | | | 5205.46 | | | | 1431.50 | 75.48 | 234.25 | | | | | | 5205.46 | 3464.23 |
| Sep 21 2001 | 7952616 | | | | | | 8850.00 | | | | 2433.75 | 128.32 | 398.25 | | | | | | 8850.00 | 5009.60 |
| Oct 5 2001 | 7979032 | 2000.00 | | 234.67 | 207.69 | | | | | | 95.49 | 31.73 | 92.71 | | | 57.69 | 196.16 | | 2442.36 | 1960.58 |
| Oct 19 2001 | 8005796 | 2000.00 | | 234.67 | 207.69 | | | | | | 95.49 | 31.74 | 92.71 | | | 57.69 | 196.16 | | 2442.36 | 1960.57 |
| Oct 19 2001 | 8005797 | | | | | | 103.44 | | | | 28.45 | 1.50 | 4.65 | | | | | | 103.44 | 60.84 |
| Oct 19 2001 | 8005798 | | | | | | 6500.00 | | | | 1787.50 | 94.25 | 292.50 | | | | | | 6500.00 | 4325.75 |
| Nov 2 2001 | 8032030 | 2000.00 | | 234.67 | 207.69 | | | | | | 95.49 | 31.73 | 92.71 | | | 57.69 | 196.16 | 220.77 | 2442.36 | 1747.81 |
| Nov 16 2001 | 8066082 | 2000.00 | 1392.57 | 234.67 | 207.69 | | | | | | 95.49 | 31.73 | 92.71 | | | 57.69 | 196.16 | 220.77 | 3834.93 | 3140.30 |
| Nov 16 2001 | 8066083 | | | | | | | | 3796.56 | | 1044.05 | 55.05 | 170.85 | | | | | 379.66 | 3796.56 | 2146.95 |
| Nov 26 2001 | 966032 | 200.00 | | 234.67 | 20.77 | | | | | | | 2.93 | | | | 57.69 | 196.16 | | 455.44 | 198.66 |
| Nov 26 2001 | 966033 | 1365.25 | 821.20 | | | | | | | | 375.44 | 19.79 | 61.44 | | | | | | 2186.45 | 1729.70 |
| Nov 26 2001 | 966034 | | | | | | | -15350.00 | | 19200.00 | 1058.75 | 55.83 | 173.25 | | | | | | 3850.00 | 2562.17 |
| Dec 28 2001 | 5394324 | | | | | | 72.03 | | | | 19.81 | 1.04 | 3.24 | | | | | | 72.03 | 47.94 |
| TOTALS | | 47165.25 | 2218.57 | 5632.08 | 4797.64 | 13812.50 | 108158.55 | -15350.00 | 3796.56 | 19200.00 | 36157.41 | 7611.04 | 7422.47 | 185.31 | 10500.00 | 1384.56 | 4707.84 | 7504.94 | 189431.15 | 113957.50 |

SUN00737

**Sun Microsystems**

Netscape: YTD Detail
https://paycheck.central.sun.com:443/servlet/EarnSumDetailServlet

Employee Name: KELLEY, MARGARET-MARY E (117277)
Company: SUN MICROSYSTEMS INC. (J926)
Pay Period: 2000

Sun Microsystems, Inc.
4150 Network Circle, MS USCA01-203
Santa Clara, CA 95054

| PAY DATES | CHECK# | SALARY | SUNFLEX | CAR ALLW | DRAW | FED-TAX | EE FICA | STATE-TX | DIS-SUI | 401K | HCSA | PTAX BEN | STOCK | GROSS | NET |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Oct 6 2000 | 5309101 | 2000.00 | | 207.69 | | 105.87 | 168.89 | 93.58 | 7.51 | | | | | 2207.69 | 1831.04 |
| Oct 6 2000 | 5309102 | | | | 8287.50 | 2320.50 | 533.99 | 372.94 | 28.17 | | | | | 8287.50 | 4931.90 |
| Oct 6 2000 | 5309103 | 1000.00 | | 103.85 | | | 84.45 | 28.22 | 3.76 | | | | | 1103.85 | 987.42 |
| Oct 20 2000 | 5311807 | 2000.00 | | 207.69 | | 52.86 | 168.89 | 69.91 | 7.50 | 353.23 | 100.00 | 182.16 | 220.77 | 2423.77 | 1555.20 |
| Nov 3 2000 | 5314581 | 2000.00 | 216.08 | 207.69 | | 42.97 | 163.83 | 67.24 | 7.28 | 353.23 | 100.00 | 182.16 | 220.77 | 2423.77 | 1206.29 |
| Nov 17 2000 | 5314582 | 2000.00 | 216.08 | 207.69 | | 1299.48 | 422.66 | 208.85 | 18.79 | 884.00 | 100.00 | 182.16 | 552.50 | 5525.00 | 2130.72 |
| Dec 1 2000 | 7355671 | 2000.00 | 216.08 | 207.69 | 3525.00 | 42.97 | 163.83 | 67.24 | 7.28 | 353.23 | 100.00 | 182.16 | 220.77 | 2423.77 | 1206.29 |
| Dec 1 2000 | 7361327 | 2000.00 | 216.08 | 207.69 | 3525.00 | 42.97 | 163.84 | 67.24 | 7.28 | 353.23 | 100.00 | 182.16 | 220.77 | 2423.77 | 1206.29 |
| Dec 15 2000 | 7361528 | 2000.00 | 216.08 | 207.69 | | 42.97 | 163.83 | 67.24 | 7.28 | 353.23 | 100.00 | 182.16 | 220.77 | 2423.77 | 1206.29 |
| Dec 29 2000 | 7407501 | 2000.00 | 216.08 | 207.69 | | 42.97 | 163.83 | 67.24 | 7.28 | 353.23 | 100.00 | 182.16 | 220.77 | 2423.77 | 1206.29 |
| TOTALS | 7432510 | 15000.00 | 1080.40 | 1557.68 | 19337.50 | 5293.06 | 2720.71 | 1318.55 | 120.92 | 3887.38 | 500.00 | 910.80 | 2208.05 | 36975.50 | 20015.31 |