UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARGARET MARY KELLEY,** | : | CIVIL ACTION NO. |
| | : | 3:03 CV 57 (CFD) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| **SUN MICROSYSTEMS, INC.,** | : | |
| | : | AUGUST 23, 2004 |
| Defendant. | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OBJECTION TO MOTION TO COMPEL
AND FOR ATTORNEYS' FEES AND COSTS**

*PRELIMINARY STATEMENT*

Plaintiff Margaret Mary Kelley ("plaintiff"), submits this reply to address certain salient points ignored and/or misstated by Sun Microsystems, Inc. ("defendant") in its Objection to Plaintiff's Motion to Compel and for Attorney's Fees and Costs (hereinafter "Defendant's Opposition"). Defendant has refused to produce a document created by one of its employees, which was relied upon by said employee during her deposition. Defendant seeks to deny plaintiff her right to review this document by asserting the attorney client privilege. In doing so, however, defendant has grossly overstepped the bounds of the attorney-client privilege, accordingly the Court should grant plaintiff's motion to Compel.

*FACTS*

Count Seven of plaintiff's Second Amended Complaint is a claim for unpaid wages made pursuant to C.G.S. §31-72. In pursuit of discovery related to this claim, plaintiff noticed a Rule

30(b)(6) deposition of one or more persons to testify on behalf of defendant having knowledge of the complete basis and/or method for calculating plaintiff's compensation.

In response to this notice, defendant produced Ms. Anjali Jhangiani, its Financial Manager.  Throughout her deposition, Ms. Jhangiani, referred to and relied upon the "reconciliation" document that she had created when responding to the inquiries of plaintiff's counsel.  (Jhangiani Depo. pp. 5-7, 16, 38-39, 74-76, 81 (Ex. 1 to plaintiff's Memo).)  Upon completion of Ms. Jhangiani's deposition, plaintiff promptly requested the production of the reconciliation document.  Defendant refused to produce it on the grounds of attorney-client privilege and attorney work product privilege.  Plaintiff then filed her Motion to Compel production of the reconciliation document.

## *ARGUMENT*

### I. PRODUCTION OF THE RECONCILIATION DOCUMENT IS REQUIRED UNDER FED. R. EVID. 612 BECAUSE MS. JHANGIANI RELIED ON IT IN PREPARATION FOR HER TESTIMONY.

Defendant claims that Ms. Jhangiani did not rely on the reconciliation document because she did not have the document with her "at the time" of the deposition to refresh her recollection. (Defendant's Opposition at 2.)  However, Rule 612 squarely rebukes defendant's position.

Rule 612 provides in pertinent part:

> if a witness uses a writing to refresh his memory for the purpose of testifying, either--
> (1) while testifying, *or*
> (2) *before testifying,* if the court in its discretion determines it is necessary in the interests of justice,
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

(Emphasis added.)

Moreover, neither the court nor the Federal Rules limit discovery of documents relied upon in preparation for a deposition to such a narrow temporal proximity. <u>Bank Hapoalim, B.M. v. American Home Assurance Co.</u>, No. 92 Civ. 3561, 1994 WL 119575, *5 (S.D.N.Y. Apr. 6, 1994) (attached as Exhibit 2 to plaintiff's Memo). In <u>Bank Hapoalim</u>, the court upheld an order by a magistrate judge compelling production of documents "reli[ed]" upon by defendant prior to a deposition. <u>Id.</u> at *5. Defendant's argument that the deponent only "looked" at the documents in question was unavailing where the court found that the deponent had spent several hours over the course of two days preparing for his deposition and that his testimony reflected knowledge contained in the documents. <u>Id</u>.

In the instant case, not only did Ms. Jhangiani rely on the reconciliation document in preparing for her deposition, but she also created it for that purpose. (Jhangiani Depo. p. 39, 75, 81 (Ex. 1 to plaintiff's Memo).) Accordingly, it should be disclosed under Rule 612.

## II.    *PRODUCTION OF THE RECONCILIATION DOCUMENT IS REQUIRED UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(B)(3).*

Defendant argues that the reconciliation document is protected by the attorney work product privilege[1], however, even if the Court were to find that the work product privilege

---

[1] Defendant also agues the reconciliation document is protected by the attorney-client privilege based on the allegation that Ms. Jhangiani created the reconciliation at counsel's direction. (<u>See</u> Defendant's Opposition at 6.) However, when questioning Ms. Jhangiani during her sworn deposition, she stated that she prepared the document not at the direction of counsel, but for herself to ascertain whether or not plaintiff was accurately compensated. In fact, Ms. Jhangiani plainly states that the reconciliation was done as part of her preparation for her deposition:

> Q.    And what documents did you look at to do these reconciliation that you are referring to?
> A.    [Defendant's Counsel] had provided us with the –originally, I believe it was just an E-mail when we started the legal review to say can you go back and take a look at how much we paid her, was it accurate. And what we did is, we put together a validation against her earned commissions or target incentive should have been.

(Jhangiani Depo. at 5 (Ex. 1 to plaintiff's Memo).)

Therefore, in response to defendant's counsel's request to "take a look" and discern whether or not plaintiff was paid accurately, Ms. Jhangiani created the reconciliation for her own use. (Jhangiani Depo. at 5 (Ex. 1 to

3

applies, the reconciliation document should nonetheless be disclosed on the basis of substantial need pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. Redvanly v. Nynex Corp., 152 F.R.D. 460, 464 (S.D.N.Y. 1993) (Rule 26(b)(3) permits discovery of work product materials where the party seeking such discovery has substantial need of the materials in the preparation of the party's case and is unable without undue hardship to obtain the substantial equivalent of the materials by other mean.).

Defendant further contends that because the information in the reconciliation document is alleged to be substantially similar to that of an exhibit within plaintiff's possession (i.e., Exhibit KKK (attached to Defendant's Opposition as Exhibit 1)), exhibit KKK negates plaintiff's ability to establish substantial need. However, this argument failed in In re Joint Eastern & Southern Dist. Asbestos Litigation, 119 F.R.D. 4 (E.D. & S.D.N.Y. 1998). In In re Joint Eastern, plaintiff argued that because its counsel prepared the materials sought and because those materials were "readily available" to defendants "through their own sources" they need not be disclosed. Id. at 5. In finding substantial need, the court reasoned that the materials sought focused on critical issues within the case. Moreover, the court noted that that although the defendants may have access to the materials, plaintiff could not know or inquire into the extent to which the deponent's testimony was affected by the materials. Id. at 6.

In the instant case, plaintiff must be permitted the opportunity to inspect the reconciliation document utilized by Ms. Jhangiani where she frequently referred to it in response to questions directly related to the ultimate issues of plaintiff's wage claim. (Jhangiani Depo. pp. 5-7, 16, 38-39, 74-76, 81 (Ex. 1 to plaintiff's Memo).) Moreover, Ms. Jhangiani testified to relying upon the reconciliation in connection with construing plaintiff's wages. (Jhangiani Depo.

---

plaintiff's Memo).) Moreover, the reconciliation was created as part of her preparation for her deposition. (Jhangiani Depo. at 81 (Ex. 1 to plaintiff's Memo).)

p. 38 (Ex. 1 to plaintiff's Memo).) Plaintiff is unable to verify, contest or put these responses into context without the reconciliation. Plaintiff cannot effectively cross examine Ms. Jhangiani or others on this topic at trial without the reconciliation. Clearly, then, plaintiff has shown a substantial need for such document where facts potentially dispositive of plaintiff's wage claim were sworn by Ms. Jhangiani to be found within the document. (Jhangiani Depo. pp. 5-7, 16, 38-39, 74-76, 81 (Ex. 1 to plaintiff's Memo).) Moreover, plaintiff has no other means of obtaining or verifying critical facts of which Ms. Jhangiani testified to while referring to said document.

Defendant's reliance on Gilhuly v. Johns-Manville Corp., 100 F.R.D. 752 (D. Conn. 1983), is also mistaken. In Gilhuly, although the court found that the defendant did not make a showing of substantial need, it did so primarily because the defendant did not demonstrate an inability to obtain a substantial equivalent of the materials sought. Id. at 754. Specifically, the court found that plaintiff's disclosure of its final products list provided defendants with a substantial equivalent to their request for preliminary drafts of the list. Id.

However, in the present case, the reconciliation document is different from exhibit KKK. Ms. Jhangiani testified that the reconciliation document did not include certain payments related to plaintiff's wage claim that were found in exhibit KKK. In fact, Ms. Jhangiani not only testified to relying upon the reconciliation in connection with construing plaintiff's wages, but she also contradicted herself stating first, that there were no discrepancies between her reconciliation and exhibit KKK and then clearly articulated differences existing between these documents.

> MR. LUCAS: Q.  Do you have Exhibit KKK?
> A.    Yes.
> Q.    Looking at that – first of all, did you look at KKK and your reconciliation document to determine whether [Plaintiff] was paid the annual salary she was suppose to be paid?

>A.     Yes, we did.

(Jhangiani Depo. p. 38 (Ex. 1 to plaintiff's Memo).)

>Q.     Ms, Jhangiani, did the validation turn up any payments that were not on [Exhibit KKK]?
>A.     No, there was no discrepancy from what we did to what was presented to us.

(Jhangiani Depo. p. 7 (Ex. 1 to plaintiff's Memo).)

>MR. LUCAS: Q. Looking at Exhibit KKK on the column marked "Salary," those are the salary payments she received in the calendar year 2001?
>A.     That is correct.
>Q.     You looked at whatever you needed to look at to satisfy yourself that these payments were in fact made; correct?
>A.     That is correct.
>Q.     And that is the same for all the payments indicated on KKK?
>A.     No, we did not look at the Sun Flex or the car allowance or the stock that are referenced here. The only things that I reconciled to were payments that were made by commission accounting, and those would be the draw payments, the commission payments, and that's what we validated.

(Jhangiani Depo. p. 39 (Ex. 1 to plaintiff's Memo).)

>Q.     Right. And you made a determination that those payments were in error; right?
>A.     In my reconciliation is when I determined that those payments were made to her in error.
>Q.     That was the reconciliation done when?
>A.     That was part of the preparation for this deposition, sir.

(Jhangiani Depo. p. 81 (Ex. 1 to plaintiff's Memo).)

Therefore, defendant's contention that exhibit KKK is "substantially similar" to the reconciliation document is false. (Defendant's Opposition at 2.) Moreover, the documents are distinguishable where they may contain different information upon which Ms. Jhangiani is making ultimate conclusions in relation to plaintiff's wage claim.[2] In addition, plaintiff has no

---

[2] Plaintiff's wage claim asserts, among other things, that plaintiff's wages have been wrongfully withheld. Ms. Jhangiani has testified otherwise in reliance on the reconciliation document.. (Jhangiani Depo. p 62-63 (Ex. 1 to plaintiff's Memo).)

other means of obtaining the reconciliation document which clearly had an impact on Ms. Jhangiani's testimony.

Accordingly, even assuming the reconciliation document was protected under the work product privilege, plaintiff has shown a substantial need.

### III. THE RECONCILIATION MUST BE DISCLOSED WHERE MS. JHANGIANI AS A 30(B)(6) RELIED UPON IT TO FORM ULTIMATE CONCLUSIONS IN CONNECTION WITH PLAINTIFF'S WAGE CLAIM.

Defendant's argument that because Ms. Jhangiani was not called as a fact witness, her "ability to recall facts" was therefore not in issue is misguided. (Defendant's Opposition at 2.) Plaintiff noticed a Rule 30(b)(6) deposition of one or more persons to testify on behalf of defendant *having knowledge of the complete basis and/or method for calculating plaintiff's compensation*. In response to this notice, defendant produced Ms. Jhangiani. Therefore, contrary to defendant's assertions, Ms. Jhangiani's obligation was not simply "to explain the procedure used to calculate compensation." (Defendant's Opposition at 2.) See Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 268 (2d. Cir. 1999) (Rule 30(b)(6) requires that the corporation ... produce someone familiar with that subject ... [and places on the corporate deponent] an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.). More importantly, be it a fact witness or witness provided pursuant to Rule 30(b)(6), the issue here is whether Ms. Jhangiani used the reconciliation to refresh her recollection. Indeed, Ms. Jhangiani testified that in preparation for the deposition, she created the reconciliation that in large part is alleged to be a validation that plaintiff was paid in full. In other words, Ms. Jhangiani relied on the reconciliation to calculate whether or not plaintiff was properly compensated. (Jhangiani Depo. pp. 5-6 (attached to plaintiff's Memo as Exhibit 1).)

7

Accordingly, Ms. Jhangiani's ability to recall facts was in issue as she used the reconciliation document to testify as to dispositive facts and issues related to plaintiff's wage claim.

## *CONCLUSION*

For all of the foregoing reasons, plaintiff respectfully requests that her Motion to Compel be granted.

By     _____
                Michel Bayonne (CT24628)
                Scott R. Lucas (CT00517)
                *Attorneys for Margaret Mary Kelley*
                Martin Lucas & Chioffi, LLP
                177 Broad Street
                Stamford, CT 06901
                Phone: (203) 973-5200
                Fax: (203) 973-5250
                mbayonne@mlc-law.com
                slucas@mlc-law.com

### *CERTIFICATE OF SERVICE*

       This is to certify that on this 23rd day of August 2004, the foregoing was mailed, first class, postage prepaid, to:

Marc L. Zaken, Esq.
John G. Stretton, Esq.
Edwards & Angell, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Phone: (203) 353-6819
Fax: (888) 325-1667
mzaken@ealaw.com
jstretton@edwardsanell.com

                                                _____
                                                Michel Bayonne