UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET MARY KELLEY, | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (CFD) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| SUN MICROSYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 27, 2004 |

## DEFENDANT SUN MICROSYSTEMS, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule and Local Rule of Civil Procedure 56, Defendant Sun Microsystems, Inc. moves for summary judgment on all counts in Plaintiff Margaret Mary Kelley's First Amended Complaint dated April 7, 2003.

Plaintiff charges that her termination was the result of discrimination based on her age and sex in Counts One, Two and Three. Count One alleges sex discrimination under Title VII. Count Two alleges age discrimination under the Age Discrimination in Employment Act. Count Three alleges both sex and age discrimination under the Connecticut's Fair Employment Practices Act.

Summary Judgment should enter in favor of Sun Microsystems because Plaintiff was terminated for a legitimate, nondiscriminatory reason: a company wide reduction in force that was designed to reduce Sun's workforce by approximately three thousand six hundred employees. Moreover, there is no evidence that could persuade a reasonable trier of fact that: (1) Sun Microsystems' legitimate, nondiscriminatory reason for terminating Plaintiff is untrue, a pretext for discrimination; and (2) discrimination was in fact the true motivating force behind the decision to terminate Plaintiff.

**ORAL ARGUMENT REQUESTED**

In addition to the foregoing, Plaintiff's state law discrimination claim is untimely. Filing a charge of discrimination with Connecticut's Commission on Human Rights and Opportunities within 180 days of the alleged discriminatory act is a prerequisite to commencing a civil action under Connecticut's Fair Employment Practices Act. Plaintiff was notified that she would be affected by the reduction in force on July 23, 2001. To be timely, Plaintiff was required to file a charge with the CHRO by January 19, 2002. Plaintiff did not file a complaint with the CHRO until February 15, 2002, well behind the 180 day timeframe. Plaintiff's state law discrimination claim is time barred.

Summary Judgment should also enter in favor of Sun Microsystems on Plaintiff's commission claims. Plaintiff's commission claims are advanced in Count Four, a claim for unpaid wages under Connecticut General Statutes § 31-72, and Count Five, a claim for unjust enrichment. Plaintiff's commission claims must fail because Plaintiff, similar to all sales representatives identified for termination in connection with the reduction in force, was not assigned territories or accounts by Sun Microsystems for fiscal year 2002, which opened on July 1, 2001, and, as a result, did not sign a Goal Sheet for FY02. Because Plaintiff did not sign a Goal Sheet for FY02, she was not eligible to earn commissions in FY02. Each of the commissions identified by Plaintiff are considered FY02 transactions.

Plaintiff also cannot demonstrate the she suffered a detriment. Plaintiff, similar to all the other sales representative identified for termination in connection with the reduction in force, was paid full on-target earnings while she was employed by Sun Microsystems in FY02. Full on-target earnings consisted of base salary and commission payments paid as though Plaintiff met one hundred percent of her FY01 sales goal during the period of time she was employed by Sun Microsystems in FY02. Moreover, Plaintiff was paid full on-target earnings during this period

notwithstanding the fact that Plaintiff was instructed to use this period to find new employment and was instructed to no longer work on any of her sales accounts.

Summary judgment should also enter in favor of Sun Microsystems on Plaintiff's unjust enrichment claim because an unjust enrichment claim is only available when an action on contract is unavailable. As is evident from Count Four, wherein Plaintiff claims that Sun Microsystems breached its wage agreement with Plaintiff, an action on contract is available to Plaintiff. Plaintiff's unjust enrichment claim is therefore barred.

WHEREFORE, based on the foregoing, as is more fully set forth in the accompanying Memorandum of Law, Defendant Sun Microsystems, Inc. respectfully requests that summary judgment enter in its favor on Count One through Five of Plaintiff's First Amended Complaint dated April 7, 2003.

THE DEFENDANT
SUN MICROSYSTEMS, INC.
BY EDWARDS & ANGELL, LLP,
THEIR ATTORNEYS

By: _____
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

3

## CERTIFICATE OF SERVICE

  This is to certify that on this 27th day of September, 2004, a copy of the foregoing was mailed, first class, postage prepaid to:

Scott Lucas, Esq.
Michel Bayonne, Esq.
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06905
Phone: (203) 973-5200
Fax: (203) 973-5250

                _____
                John G. Stretton