UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET MARY KELLEY, | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (CFD) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| SUN MICROSYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 27, 2004 |

### DEFENDANT SUN MICROSYSTEMS, INC.'S
### LOCAL RULE 56(a)1 STATEMENT

In compliance with Local Rule 56(a)(1), Defendant Sun Microsystems, Inc. submits the following statement of material facts as to which there are no genuine issue to be tried:

1. Plaintiff was hired on September 18, 2000 by Sun Microsystems as a Sales Representative B at a base salary of $52,000.00 annualized with an on-target commission earnings goal of $78,000.00. *Offer Letter (Exhibit C); Deposition of A. Jhangiani at 17 (Exhibit U); Deposition of Plaintiff at 40, 203 (Exhibit B); Complaint,* ¶ 6.

2. Plaintiff was stationed in Sun Microsystems' Stamford, Connecticut office and was assigned to service the G.E. account. *Deposition of Plaintiff at 40 (Exhibit B).*

3. In her position as a sales representative with Sun Microsystems, Plaintiff was assigned to sell to portions of the GE Capital account and to report on international sales, also known as passport reporting. *Deposition of Plaintiff at 40, 43-44 (Exhibit B).*

1

4. Kristen Powers, a member of the Stamford, Connecticut sales team that serviced to the G.E. account, was promoted to Sales Representative B on September 25, 2000. *Affidavit of S. Fugazy, ¶ 4 (Exhibit F); Deposition of S. Fugazy at 44-45 (Exhibit D); Deposition of Plaintiff at 38, 126 (Exhibit B).*

5. On January 2, 2001, Mr. Fugazy hired Michael Kozak as a Sales Representative A to service the G.E. account from the Stamford, Connecticut office. *Deposition of M. Kozak at 34 (Exhibit H); Deposition of S. Fugazy at 85 (Exhibit D).*

6. On or about February 1, 2001, Mr. Fugazy documented in a memo dated February 1, 2001 to Plaintiff his concerns "regarding a trend of miscommunication" between Plaintiff and the other members of the G.E. team as well as his concern that Plaintiff had "missed or been late for several meetings" between Plaintiff and the other members of the G.E. team. *Deposition of Plaintiff at 67-68 (Exhibit B); Disciplinary Memo dated February 1, 2001 (Exhibit L).*

7. The April 5, 2001 stack ranking prepared by Mr. Fugazy ranks Plaintiff in the mid-seventy percentile, below Ms. Powers. *April 5th Stack Ranking (Exhibit O).*

8. The April 9, 2001 stack ranking prepared by Mr. Fugazy ranks Plaintiff in the mid-seventy percentile, below Ms. Powers. *April 9th Stack Ranking (Exhibit P).*

9. The April 9, 2001 stack ranking incorporated the results from the April "Performance Criteria Tool – Individual Contributors" evaluation tool prepared by Mr. Fugazy. *April 9th Stack Ranking (Exhibit P); April Performance Criteria Tool – Individual Contributors for Plaintiff (Exhibit N); April Performance Criteria Tool – Individual Contributors for M. Kozak (Exhibit Q); Affidavit of S. Fugazy, ¶ 6 (Exhibit F).*

10. In the April 9, 2001 stack ranking, Ms. Powers received a more favorable rating than Plaintiff in all three categories addressed by the April 9, 2001 stack ranking, namely, the "Achievements/Results Against Goals" category, the "Functional/Technical Contribution" category and the "Competencies" category. *April 9th Stack Ranking (Exhibit P)*.

11. In the April 9, 2001 stack ranking, Mr. Kozak received a more favorable rating than Plaintiff in two out of the three categories addressed by the April 9, 2001 stack ranking, namely, the "Functional/Technical Contribution" category and the "Competencies" category. *April 9th Stack Ranking (Exhibit P); April Performance Criteria Tool – Individual Contributors for Plaintiff (Exhibit N); April Performance Criteria Tool – Individual Contributors for M. Kozak (Exhibit Q)*.

12. At the end of April 2001, Plaintiff completed a self-evaluation form called an "AFO STAR Process Skills Assessment." *Deposition of Plaintiff at 181-182 (Exhibit B); Plaintiff's AFO STAR Process Skills Assessment (Exhibit R)*.

13. Plaintiff ranked 33rd out of 37 sales representatives in the regional stack ranking dated May 4, 2001. *Regional Stack Ranking (Exhibit S)*.

14. The July 2001 stack ranking prepared by Mr. Fugazy ranks each of the three Stamford sales representatives, Ms. Powers, Mr. Kozak and Plaintiff, in the middle seventy percentile, with Plaintiff ranked in the bottom half of the ranked employees. *July Initial Performance Rating Spreadsheet (Exhibit W)*.

15. On or about Tuesday, July 17, 2001, David Vogelzang, the new regional manager for FY02, met with each of the district managers, including Mr. Fugazy,

at Sun Microsystems' Somerset, New Jersey office to discuss the performance of the sales representatives in that region in light of the company-wide reduction in force. *Deposition of S. Fugazy at 306 - 308 (Exhibit D)*.

16. Plaintiff's name appeared near the bottom of the regional stack ranking created during the reduction in force regional meeting held in Somerset, New Jersey on or about Tuesday, July 17, 2001. *Deposition of S. Fugazy at 310 (Exhibit D)*.

17. Mr. Fugazy prepared a memo dated July 19, 2001 identifying the basis for the decision to terminate Plaintiff in connection with the reduction in force. *Reduction in Force Memo dated July 19, 2001 (Exhibit Y); Email correspondence dated July 18, 2001 (Exhibit X); Deposition of S. Fugazy at 184, 314-315 (Exhibit D)*.

18. On Monday, July 23, 2001, Plaintiff was informed by Mr. Fugazy, her direct supervisor, and Mr. Vogelzang, the new regional manager, that Sun Microsystems was undergoing a reduction in force and that she had been selected for termination. *Deposition of Plaintiff at 93-94 (Exhibit B); Deposition of S. Fugazy at 197-198 (Exhibit D); Complaint, ¶ 11*.

19. Prior to receiving notification of the reduction in force, Plaintiff had received memos from Sun Microsystems asking employees "to reduce expenses." *Deposition of Plaintiff at 91-94 (Exhibit B)*.

20. Plaintiff has no knowledge or evidence of any discriminatory statements pertaining to age or sex made to Plaintiff. *Deposition of Plaintiff at 78*.

21. Plaintiff filed a charge of discrimination regarding her termination from Sun Microsystems with the Connecticut Commission on Human Rights and

        Opportunities on February 15, 2002. *CHRO Notice of Final Agency Action (Exhibit II)*.

22. The offer letter, signed by Plaintiff on September 6, 2000, instructed Plaintiff to refer to the Sales Compensation Plan for additional information concerning her assigned on-target earnings goal of $78,000.00 annualized. *Offer Letter (Exhibit C)*.

23. Sun Microsystems' fiscal year runs from July 1 through June 30. *Deposition of Plaintiff, at 40-41 (Exhibit B); Deposition of A. Jhangiani at 5 (Exhibit U)*.

24. Section 1 of the FY01 Sales Compensation Plan provides that "No incentive compensation payments will be made to anyone covered by this Plan until a fully executed copy of the Goal Sheet is signed by the participant, two levels of management and the Area controller." *FY'01 Americas Sales Compensation Plan, Section 1 (Exhibit A); Deposition of A. Jhangiani at 48-53, 64 (Exhibit U)*.

25. During FY01, Plaintiff executed her first Goal Sheet on October 17, 2000, which was superceded by the Goal Sheet she executed on January 25, 2001, which was superceded by the Goal Sheet she executed on May 18, 2001. *Re-Goaling Forms (Exhibit I); Deposition of Plaintiff at 40 (Exhibit B)*.

26. Each Goal Sheet executed by Plaintiff provided that "In order to receive commission dollars on an account or territory, the account or territory must be included in the Goaling and Coverage Tool and a copy of the account(s)/territory must be attached. Passport must be goaled by account and all buying location must be identified." *Re-Goaling Forms (Exhibit I); Deposition of A. Jhangiani at 48-50 (Exhibit U)*.

27. Each Goal Sheet executed by Plaintiff contained the following acknowledgement: "ACKNOWLEDGEMENT I have received, read and understand the Sun Microsystems Inc. (Sun), Americas United States Fiscal Year 2001 Sales Compensation Plan (PLAN) and all appendices . . . All payments are based on this PLAN . . . ." *Re-Goaling Forms (Exhibit I)*.

28. July 1, 2001 marked the beginning of fiscal year 2002 ("FY02") and the effective date of the FY02 Sales Compensation Plan. *FY'02 Americas Sales Compensation Plan, Section 1 (Exhibit BB); Deposition of Plaintiff at 40-41 (Exhibit B); Deposition of A. Jhangiani at 5 (Exhibit U)*.

29. Section 1 of the FY02 Sales Compensation Plan provides that "No incentive compensation payments will be made to anyone covered by this Plan until a fully executed copy of the Goal Sheet is signed by the participant, two levels of management and the Area controller." *FY'02 Americas Sales Compensation Plan, Section 1 (Exhibit BB)*.

30. Plaintiff did not sign a Goal Sheet for FY02 due to the reduction in force. *Deposition of Plaintiff at 163, 237 (Exhibit B)*.

31. Plaintiff was paid full on-target earnings for the period of July 1, 2001 through November 18, 2001, the notification period. *Affidavit of A. Jhangiani, ¶ 5 (Exhibit LL); Deposition of S. Fugazy at 141 (Exhibit D); Payment Summary (Exhibit CC); Deposition of Plaintiff at 161-162 (Exhibit B)*.

32. In October of 2001, Plaintiff sent an email to Sun Microsystems identifying thirteen transactions she believed she should have received commission

6

        payments on. *Email Correspondence dated November 6, 2001 (Exhibit JJ); Deposition of Plaintiff at 268-269 (Exhibit B).*

33.    The thirteen transactions identified by Plaintiff are all direct sale transactions. *Affidavit of A. Jhangiani, ¶ 8 (Exhibit LL).*

34.    The shipping date for each of the thirteen transactions identified by Plaintiff is post July 1, 2001. *Affidavit of A. Jhangiani, ¶ 8 (Exhibit LL); Deposition of Plaintiff at 275-276 (Exhibit B).*

35.    The customer payment date for each of the thirteen transactions identified by Plaintiff is post July 1, 2001. *Affidavit of A. Jhangiani, ¶ 8 (Exhibit LL).*

36.  Section 17 of the Sales Compensation Plan provides that: "Commission is earned on direct business and considered due and payable to any participant in the commission plan upon revenue recognition and receipt by Sun of full payment for all commissionable products. Direct purchase commissions are advanced 50% of net value to Sun at the time of shipment and the remaining 50% of commissions is paid upon receipt by Sun of payment for all authorized products." *FY'01 GSO Americas Sales Compensation Plan, Section 17, Commissionable Products & Commission Policy (Exhibit A).*

THE DEFENDANT
SUN MICROSYSTEMS, INC.
BY EDWARDS & ANGELL, LLP,
THEIR ATTORNEYS

By: _____
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of September, 2004, a copy of the foregoing was mailed, first class, postage prepaid to:

Scott Lucas, Esq.
Michel Bayonne, Esq.
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT  06905
Phone:  (203) 973-5200
Fax:  (203) 973-5250

_____
John G. Stretton