```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

**MARGARET MARY KELLEY,**          :
                                    :
    **Plaintiff,**                :
                                    :
v.                                  :       No. 3:03CV57(DJS)
                                    :
**SUN MICROSYSTEMS, INC.,**        :
                                    :
    **Defendant.**                :

### ORDER

Plaintiff Margaret Mary Kelley brings the above-captioned lawsuit against defendant Sun Microsystems alleging sex discrimination, age discrimination, failure to pay wages due, and unjust enrichment. Three motions are now pending before the court, which are addressed herein in turn.

First, plaintiff's motion to amend (dkt. # 37) her complaint is **GRANTED**. Plaintiff has met the "good cause" standard set forth in Rule 16(b) of the Federal Rules of Civil Procedure, and the court can minimize prejudice to defendant by providing time to investigate the additional claims.

Second, plaintiff's motion to compel (dkt. # 48) is **GRANTED in part** and **DENIED in part**. Plaintiff has requested one particular document, which was prepared by Anjali Jhangiani, who is defendant's financial manager. The document is a reconciliation of various sources of information pertaining to plaintiff's compensation. Defendant claims that the reconciliation document is immune from discovery under the work

product doctrine.

"The work product rule operates as a privilege against discovery cloaking all documents prepared by a party, his representative or an attorney 'in anticipation of litigation.'" EDO Corp. v. Newark Ins. Co., 145 F.R.D. 18, 23 (D. Conn. 1992) (quoting Hickman v. Taylor, 329 U.S. 495 (1947)).  This doctrine is "intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation free from unnecessary intrusion by his adversaries."  U.S. v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (internal quotation marks omitted).

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which states that

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that party is unable without due hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).  Thus, as set forth in Rule 26(b)(3), "[t]he degree of protection afforded under the work product doctrine is dependent upon whether the work product is ordinary

or opinion work product." Loftis v. Amica Mutual Ins. Co., 175 F.R.D. 5, 11 (D. Conn. 1997). When a party seeks ordinary work product, it must demonstrate substantial need and the inability to acquire the information through other means. See In re Grand Jury Proceedings, 219 F.3d 175, 190 (2d Cir. 2000); Loftis 175 F.R.D. at 11. By contrast, when a party seeks "work product that shows mental impressions, conclusions, opinions, or legal theories of an attorney" the material shall be protected "unless a highly persuasive showing of need is made." In re Grand Jury Proceedings, 219 F.3d at 190 (internal quotation marks omitted).

Plaintiff's motion seeks production of the reconciliation document only. Jhangiani created the document for the purpose of defending defendant against plaintiff's claims at the direction of counsel for the defendant. Therefore, the document at issue is work product. The court, however, finds that the document is not opinion work product, and is subject to discovery under Rule 26(b)(3) as ordinary work product because plaintiff has demonstrated a substantial need for the document and cannot obtain the information therein without undue hardship. The parties do not dispute that the information set forth in the document is discoverable, and plaintiffs have shown that her counsel would have to go through a great deal of trouble to reconstruct the document from Jhangiani's testimony. Fairness demands that plaintiff be able to examine the document so that

Jhangiani's testimony could be meaningful.  As such, plaintiff's motion is granted inasmuch as it seeks production of the document in question, but is denied in all other respects.

Third, plaintiff's motion to extend the deadline (dkt. # 62) to oppose defendant's motion for summary judgment is **GRANTED**. The court orders the following with respect to the remaining schedule:

1. Discovery on plaintiff's new claims only may proceed from the date of this order through May 6, 2005.

2. Defendant's motion for summary judgment (dkt. # 57) is **DENIED without prejudice** to re-filing after May 27, 2005. Defendant may amend its papers or simply file a notice to reclaim its motion in the present form.

3. Plaintiff must serve and file an opposition thereto on or before June 20, 2005.

In sum, (1) plaintiff's motion to amend (dkt. # 37) her complaint is **GRANTED**; the Clerk of the Court shall docket the complaint attached to document number 37; (2) plaintiff's motion to compel (dkt. # 48) is **GRANTED in part** and **DENIED in part**; specifically, the motion is granted in that defendant shall produce the reconciliation document on or before March 21, 2005 and denied with respect to the award of costs and attorneys' fees; (3) plaintiff's motion to extend the deadline (dkt. # 62) to oppose defendant's motion for summary judgment is **GRANTED**; and

(4) defendant's motion for summary judgment (dkt. # 57) is **DENIED without prejudice** to re-filing or reclaiming after May 27, 2005.

So ordered this 11th day of March, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**