UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARGARET MARY KELLEY,** | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (GLG) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| **SUN MICROSYSTEMS, INC.,** | : | |
| | : | APRIL 15, 2004 |
| | : | |
| Defendant. | : | *JURY TRIAL DEMANDED* |

**SECOND AMENDED COMPLAINT**

Margaret Mary Kelley, through her attorneys Martin, Lucas & Chioffi, LLP, hereby alleges as follows:

***PRELIMINARY STATEMENT***

This action is brought by plaintiff Margaret Mary Kelley and seeks damages arising out of defendant's discrimination and retaliation upon terminating her employment in violation of Title VII, ADEA and Connecticut state law.

***PARTIES***

1.      Margaret Mary Kelley is a citizen of the State of Connecticut, currently residing in Greenwich, Connecticut.

2.      Defendant Sun Microsystems, Inc. is a Delaware corporation with an office in Stamford, Connecticut, and at all relevant times hereto, defendant was in the business of, *inter alia*, selling hardware, software, and consulting services.

1

## *JURISDICTION AND VENUE*

3.  Jurisdiction over the subject matter of this litigation exists under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §621, *et seq.,* pursuant to 28 U.S.C. §1343.  As to those claims not arising under federal law but clearly so related to the claims in this action within the original jurisdiction of this Court, jurisdiction exists under the doctrine of supplemental jurisdiction as codified in 28 U.S.C. §1367.

4.  Plaintiff timely filed administrative charges of sex discrimination and age discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on February 15, 2002.  The CHRO erroneously dismissed the complaint finding it untimely filed.  Plaintiff filed a request for reconsideration, and as no decision was made by the CHRO within 90 days, plaintiff subsequently requested and obtained a release of jurisdiction, allowing plaintiff to file her state action against defendant.  This release of jurisdiction was issued by the CHRO on November 18, 2002.  Plaintiff also received a Right to Sue letter from the EEOC dated November 25, 2002. Copies are attached hereto as Exhibits A and B, respectively.

5.  Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2), as the unlawful conduct complained of herein took place within the District of Connecticut and both parties reside in the District.

## STATEMENT OF FACTS

6. Plaintiff is salesperson in the information technology industry, with over a decade of experience. Plaintiff began her employment with defendant on September 18, 2000 when she was hired as defendant's Sales Representative in its Global Sales department. Plaintiff's primary duties with defendant were to sell hardware, software and consulting services, with a focus on international business.

7. Plaintiff performed her duties in an exemplary fashion and received positive feedback from her superiors.

8. Plaintiff's personnel file is devoid of negative reviews or comments nor were any negative comments made to plaintiff with regard to her performance.

9. In fact, plaintiff received favorable feedback from others in senior management and from customers, including Mr. Scott McNealy, Chief Executive Officer of defendant. Mr. McNealy, in awarding plaintiff a stock option, stated that the award was "in recognition of [plaintiff's] contributions to the current and long-term success of Sun…" in May 2001.

10. During the period of her employment, plaintiff generated over $20 million in revenues, more than twice the sales quota she was given on an annualized basis. In fact, in 9 months plaintiff sold more than she was required to sell in a 12-month period and plaintiff's sales were more than twice the sales of the other two sales representatives in her department combined.

11. Plaintiff was "pre-notified" on July 23, 2001 that she would be terminated. She attempted to interview for other positions for which she was qualified, and, on information and

belief, her supervisor failed to support this effort. Plaintiff was ultimately terminated on November 18, 2001.

12. The notice and subsequent termination came as a complete surprise to plaintiff, as she was selected from 3 sales representatives in her department, the remaining 2 being younger people with less sales and less experience.

13. Incident to her termination, plaintiff spoke with defendant's Human Resources Department which told plaintiff that the criterion for selection for termination of sales representatives were based on: (1) the account the sales representatives were working on, (2) the physical location of the sales representatives with regard to the account, (3) the needs of the account, (4) the performance of the sales representatives, and (5) the skills of the sales representatives. Applying this criterion, Plaintiff was superior to the other sales representatives in her department.

14. Plaintiff's immediate supervisor, Mr. Steven Fugazy, treated both plaintiff and another older female salesperson, Jackie Davis, in a harassing and irrational manner. Plaintiff complained to Human Resources regarding the poor and unequal treatment she received from Mr. Fugazy, to no avail.

15. Plaintiff was one of the oldest female employees in defendant's department, having a date of birth of September 18, 1951, and was treated differently than her younger coworkers.

16. In fact, of the 22 sales representatives in the Global Sales department terminated nationwide, 16 were over age 40, and 4 were in their late 30s.

17. Of the sales representatives terminated in the Stamford, Connecticut office, 3 out of the 4 were women over the age of 40, and the fourth, a male, who was originally slated for termination from the sales department, was rehired in a different position by defendant.

18. Upon termination, plaintiff's duties were shifted to the younger, retained sales representatives in her department, Kristen Powers, age 32 and Michael Kozak, age 30.

19. Plaintiff's termination and unfavorable treatment by her superiors were not based on plaintiff's work performance, but rather were the result of discrimination combined with her superior's sexist and ageist views.

## *FIRST COUNT*
*(29 U.S.C. §2000, Title VII – Sexual Discrimination)*

20. Plaintiff hereby repeats and realleges paragraphs 1 to 19 as if more fully set forth herein.

21. Defendant is an "employer" as defined by 42 U.S.C. §2000e(b).

22. Defendant at all times relevant hereto has employed more than 15 employees.

23. Defendant's conduct, by and through its agents, in treating plaintiff in the manner unequal to other employees, discriminatorily denied plaintiff equal treatment on the basis of sex in violation of Title VII, as amended by the Civil Rights Act of 1991.

24. Defendant in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite defendant's knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of sex in violation of Title VII.

25. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

### SECOND COUNT
### (29 U.S.C. §623(d)(ADEA)-Discrimination)

26. Plaintiff hereby repeats and realleges paragraphs 1 to 19 as if more fully set forth herein.

27. Plaintiff was at all times relevant hereto an "employee" as that term is defined in 29 U.S.C. §630(f).

28. Defendant is an "employer" within the meaning of 29 U.S.C. §630(b).

29. At all relevant times hereto, defendant employed more than 20 persons.

30. Defendant discriminated against plaintiff on the basis of age in violation of the ADEA.

31. As a direct and proximate result of the defendant's conduct, plaintiff has suffered damages, including but not limited to substantial loss in earnings.

### THIRD COUNT
### (Connecticut General Statutes §46a-60(a) – Unlawful discrimination)

32. Plaintiff hereby repeats and realleges paragraphs 1 to 19 as if more fully set forth herein.

33. Plaintiff was at all times relevant hereto an "employee" as that term is defined in Connecticut General Statutes §46a-51(9).

34. Defendant is an "employer" as that term is defined in Connecticut General Statutes §46a-51(10).

35. At all relevant times hereto, defendant employed more than three persons.

36. Defendant's conduct, by and through its agents, in treating plaintiff in the manner unequal to other employees, discriminatorily denied plaintiff equal treatment on the basis of sex and/or age in violation of C.G.S. §46a-60(a).

37. Defendant, in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite defendant's knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of sex and/or age in violation of C.G.S. §46a-60(a).

38. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

### *FOURTH COUNT*
### *(42 U.S.C. §2000e-3 (Title VII) – Retaliation)*

39. Plaintiff hereby repeats and realleges paragraphs 1 to 24 as if more fully set forth herein.

40. Plaintiff repeatedly complained to defendant's Human Resources personnel about the manner in which she was being treated. Plaintiff indicated that she believed she was being discriminated against and harassed as a result of her sex.

41. As a result of plaintiff's complaints, defendant has retaliated against her by, *inter alia*, (a) deliberately undermining plaintiff's work effort and creating false performance issues; (b) sabotaging her efforts in seeking transfer; and (c) terminating her employment.

42. The actions of defendant were taken in retaliation for plaintiff's effort to protect her rights in violation of 42 U.S.C. §2000e-3, Title VII.

43. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## FIFTH COUNT
### (29 U.S.C. § 623(d)(ADEA) – Retaliation)

44. Plaintiff hereby repeats and realleges paragraphs 1 to 19 and 27 to 30 as if more fully set forth herein.

45. Plaintiff was at all times relevant hereto an "employee" as that term is defined in 29 U.S.C. §630(f).

46. Defendant is an "employer" within the meaning of 29 U.S.C. §630(b).

47. At all times relevant hereto, defendant employed more than 20 persons.

48. The actions of defendant were taken in retaliation for plaintiff's effort to protect her rights in violation of 29 U.S.C. §623(d), ADEA.

49. Plaintiff complained to defendant's Human Resource personnel about the manner in which she was being treated. Plaintiff indicated that she believed she was being discriminated against and harassed as a result of her age.

50. As a result of plaintiff's complaints, defendant has retaliated against her by, *inter alia*, (a) deliberately undermining plaintiff's work effort and creating false performance issues, (b) sabotaging her efforts in seeking transfer; and (c) terminating her employment.

51. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic harm.

## SIXTH COUNT
### (Connecticut General Statutes §46a-60(4) – Retaliation)

52. Plaintiff hereby repeats and realleges paragraphs 1 to 19 and 33 to 37 as if more fully set forth herein.

53. The actions of defendant were taken in retaliation for plaintiff's effort to protect her rights, in violation of C.G.S. §46a-60(4).

54. Plaintiff repeatedly complained to defendant's Human Resources personnel about the manner in which she was being treated. Plaintiff indicated that she believed she was being discriminated against and harassed as a result of her sex and age.

55. As a result of plaintiff's complaints, defendant has retaliated against her by, *inter alia*, (a) deliberately undermining plaintiff's work effort and creating false performance issues; (b) sabotaging her efforts in seeking transfer; and (c) terminating her employment.

56. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## *SEVENTH COUNT*
### *(C.G.S. §31-72 – Unpaid Wages)*

57. Plaintiff hereby repeats and realleges Paragraphs 1 to 19 as if more fully set forth herein.

58. Plaintiff was compensated on a salary plus commission basis based upon the revenue generated by her sales efforts.

59. Defendant took the position that while plaintiff remained employed until November 18, 2001, she was not entitled to any commission on revenue generated by her efforts from July 1, 2001 forward, thereby depriving plaintiff of commissions on over several million dollars worth of revenue generated as a direct result of her efforts for the defendant.

60. The commission due plaintiff constituted "wages" as defined by C.G.S.§31-71a(3) and/or "fringe benefits" as referred to in C.G.S. §31-76(k).

61. Defendant failed to pay the commission earned by plaintiff as described in Paragraphs 40 and 41 in violation of the provisions of Connecticut's Wage Statute, C.G.S. §31-72, which require said payments be made within the time frame set forth in C.G.S. §31-71c(b).

62. To date, plaintiff has not been paid the full commission for the year 2001 to which she is entitled.

63. Such failure to pay plaintiff the commissions she earned is unreasonable, arbitrary and/or in bad faith.

64. Defendant's failure to pay plaintiff the full commission she earned constitutes a violation of C.G.S. §31-72, entitling plaintiff to the payment of double the amounts due, plus costs and attorney's fees.

### *EIGHT COUNT*
### *(Unjust Enrichment)*

65. Plaintiff repeats and realleges Paragraphs 1 to 19 and 55 to 62 as if more fully set forth herein.

66. Defendant received the value and benefit of plaintiff's services and failed to properly compensate her for such services.

67. Defendant was unjustly enriched to plaintiff's detriment.

*WHEREFORE*, the plaintiff demands:

1. Compensatory damages, consequential damages, bonuses, and the value of all other employment benefits in an amount to be determined by the trier of fact, with interest from the date when said sums were due;

2. Liquidated damages under ADEA;

3. Attorney's fees, prejudgment interest and costs;

4. Punitive damages;

5. Statutory damages pursuant to C.G.S. §31-72, including a doubling of wages due, plus attorney's fees and costs; and

6. Any such additional and further relief which this Court may deem just and proper.

By     /S/
Scott R. Lucas (ct00517)
Michel Bayonne (ct24628)
*Attorneys for Margaret Mary Kelley*
Martin Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mbayonne@mlc-law.com