UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET MARY KELLEY, | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (DJS) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| SUN MICROSYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | JUNE 24, 2005 |

## DEFENDANT SUN MICROSYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule and Local Rule of Civil Procedure 56, Defendant Sun Microsystems, Inc. moves for summary judgment on all counts in Plaintiff Margaret Mary Kelley's Second Amended Complaint. Plaintiff, a former employee of Sun Microsystems, was terminated in 2001 during a reduction in force wherein approximately three thousand six hundred (3600) job were eliminated. In her Complaint, Plaintiff's claims her termination was the result of discrimination based on her age and her sex, that she was retaliated against following notice that she her position would be eliminated in connection with the reduction in force, and that Sun Microsystems failed to pay her in full for all commissions it owned her after it notified her that her position would be eliminated. These claims take the form of eight separate causes of action. The discrimination claims comprise the first three Counts, with Count One advancing a claim of sex discrimination under Title VII, Count Two advancing a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA") and Count Three advancing both sex and age discrimination under the Connecticut's Fair Employment Practices Act ("CFEPA"). Counts Four, Five and Six advance retaliation claims under Title VII, the ADEA and CFEPA respectively. Counts Seven and Eight concern commissions Plaintiff claims she is due, with Count Seven

**ORAL ARGUMENT REQUESTED**

styled as a claim for unpaid wages under Connecticut General Statutes § 31-72 and Count Eight advanced as a claim for unjust enrichment. As demonstrated below and in the accompanying memorandum of law and supporting exhibits, the undisputed material facts demonstrate that Plaintiff's claims are without merit and summary judgment should enter in favor of Sun Microsystems.

Plaintiff discharge was not the result of discrimination based on her age or her sex. Rather, Plaintiff was terminated for a legitimate, nondiscriminatory reason: a company wide reduction in force that was designed to reduce Sun's workforce by approximately three thousand six hundred employees. Moreover, Plaintiff cannot demonstrate that: (1) Sun Microsystems' legitimate, nondiscriminatory reason for terminating Plaintiff is untrue, a pretext for discrimination; or (2) that discrimination was in fact the true motivating force behind the decision to terminate Plaintiff. Summary judgment should enter in favor of Sun Microsystems on Count One through Three.

Summary judgment also should enter in favor of Sun Microsystems on Plaintiff's retaliation claim, Counts Four (Title VII), Five (ADEA) and Six (CFEPA). Summary judgment is appropriate because Plaintiff cannot demonstrate that she engaged in a protected activity, cannot demonstrate that she suffered an adverse employment action, and cannot demonstrate a causal connection between the alleged complaints she did make and the alleged adverse employment action she was allegedly was subjected to. Plaintiff did not engage in a recognized protected activity because Plaintiff did not, at any time during her employment with Sun Microsystems, complain of discriminatory treatment. Moreover, each of the alleged retaliatory actions identified by Plaintiff, such as inadequate responses to her questions, "berating" of her abilities, and being ostracized by her former colleagues, are not adverse employment actions

because not one of these alleged retaliatory actions constituted a materially adverse change in the terms, conditions or privileges of Plaintiff's employment. The only other alleged adverse employment action identified by Plaintiff, that her former supervisor sabotaged her attempts to acquire new employment within Sun Microsystems after she was pre-notified of her termination, is admittedly based on nothing more than pure speculation. Finally, Plaintiff cannot establish a causal connection supportive of her claim of retaliation as each of the alleged retaliatory actions identified by Plaintiff occurred after Plaintiff had already been informed that her position would be eliminated in connection with the scheduled reduction in force.

Plaintiff's state law discrimination and retaliation claims, Count Three and Six, are also untimely. Filing a charge of discrimination with Connecticut's Commission on Human Rights and Opportunities within 180 days of the alleged discriminatory act is a prerequisite to commencing a civil action under Connecticut's Fair Employment Practices Act. Plaintiff was notified that she would be affected by the reduction in force on July 23, 2001. To be timely, Plaintiff was required to file a charge with the CHRO by January 19, 2002. Plaintiff did not file a complaint with the CHRO until February 15, 2002, well beyond the 180 day timeframe. Plaintiff's state law discrimination claims are time barred.

Summary Judgment should also enter in favor of Sun Microsystems on Plaintiff's commission claims. Plaintiff's commission claims are advanced in Count Seven, a claim for unpaid wages under Connecticut General Statutes § 31-72, and Count Eight, a claim for unjust enrichment. Plaintiff's commission claims fail because Plaintiff, similar to all sales representatives whose position were to be eliminated in connection with the reduction in force, was not assigned territories or accounts by Sun Microsystems for fiscal year 2002, which opened on July 1, 2001. Because these sales associates, including Plaintiff, were not assigned territories

or accounts, the sales associates also did not sign a Goal Sheet for FY02, the document which identifies the territories and accounts each individual sales associates will be eligible to earn commissions on during that particular fiscal year. Because Plaintiff did not sign a Goal Sheet for FY02, she was not eligible to earn commissions in FY02. Each of the commissions identified by Plaintiff in support of her claim are FY02 transactions, transactions she was not eligible to earn a commission on.

Plaintiff also cannot demonstrate, in connection with her wage claim, that she suffered a detriment. Plaintiff, similar to all the other sales representative identified for termination in connection with the reduction in force, was paid full on-target earnings while she was employed by Sun Microsystems in FY02. Full on-target earnings consisted of base salary and commission payments paid as though Plaintiff met one hundred percent of her FY01 sales goal during the period of time she was employed by Sun Microsystems in FY02. Moreover, Plaintiff was paid full on-target earnings during this period notwithstanding the fact that Plaintiff was instructed to use this period to find new employment and was instructed to no longer work on any of her sales accounts.

Summary judgment should also enter in favor of Sun Microsystems on Plaintiff's unjust enrichment claim, Count Eight, because an unjust enrichment claim is only available when an action on contract is unavailable. As is evident from Count Seven, wherein Plaintiff claims that Sun Microsystems breached its wage agreement with Plaintiff, an action on contract is available to Plaintiff. Plaintiff's unjust enrichment claim is therefore barred.

WHEREFORE, based on the foregoing, as is more fully set forth in the accompanying Memorandum of Law, Defendant Sun Microsystems, Inc. respectfully requests that summary judgment enter in its favor on all Counts advanced in Plaintiff's Second Amended Complaint.

THE DEFENDANT
SUN MICROSYSTEMS, INC.
BY EDWARDS & ANGELL, LLP,
THEIR ATTORNEYS

By: _____
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

## CERTIFICATE OF SERVICE

  This is to certify that on this 24th day of June, 2005, a copy of the foregoing was mailed, first class, postage prepaid to:

Scott Lucas, Esq.
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901

_____
John G. Stretton