UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET MARY KELLEY, | : | CIVIL ACTION NO. |
| | : | 3:03 CV 57 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUN MICROSYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | JANUARY 3, 2008 |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Sun Microsystems, Inc., for its response to the Complaint in the above-captioned matter, pleads as follows:

### PRELIMINARY STATEMENT

Deny, except admit that Plaintiff purports to bring the within action.

### PARTIES

1. Admit.

2. Admit.

### JURISDICTION AND VENUE

3. Deny, except admit that Plaintiff purports that this Court has jurisdiction over this action pursuant to the recited statutes.

4. Deny, except admit that the Connecticut Commission on Human Rights and Opportunities ("CHRO") properly dismissed Plaintiff's administrative charge of discrimination because it was untimely filed, and admit further that the CHRO and the

Equal Employment Opportunity Commission issued the documents attached as Exhibits to the Complaint.

5. Deny, except admit that Plaintiff purports that this district is the proper venue for this action.

## STATEMENT OF FACTS

6. Deny, except admit that Plaintiff began her employment with Defendant on September 18, 2000 as a Sales Representative in Defendant's Global Sales department in Stamford, Connecticut.

7. Deny.

8. Deny.

9. Deny, except admit that Plaintiff was awarded a stock option grant in or about May 2001, and refer to that documentation for its contents.

10. Deny.

11. Deny, except admit that Plaintiff was pre-notified of her termination on July 23, 2001 and she was ultimately terminated on or about November 19, 2001.

12. Deny, except Defendant lacks knowledge sufficient to form a belief as to Plaintiff's surprise at her termination, and admit that two remaining sales representatives assigned to the same account as Plaintiff were younger than Plaintiff.

13. Deny, except admit that Plaintiff spoke with Defendant's Human Resources department about her redeployment.

14. Deny, except admit that Steve Fugazy was Plaintiff's immediate supervisor, and admit further that Plaintiff spoke with Defendant's Human Resources department about Mr. Fugazy's internal job reference regarding Plaintiff.

15. Deny, except admit that Plaintiff's date of birth is September 18, 1951.

16. Deny.

17. Deny, except admit that three out of four terminated employees from the Stamford, CT offices were female, and the fourth, a male, was transferred to a different department.

18. Deny, except admit that after Plaintiffs termination, Kristen Powers (then age 33) and Michael Kozak (then age 32) continued to work on the same account that they previously shared with Plaintiff.

19. Deny.

### FIRST COUNT

20. Defendant hereby repeats and realleges paragraphs 1 through 19 of this Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

21. Admit.

22. Admit.

23. Deny.

24. Deny.

25. Deny.

_240866_1.DOC/

## SECOND COUNT

26. Defendant hereby repeats and realleges paragraphs 1 through 19 of this Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

27. Admit.

28. Admit.

29. Admit.

30. Deny.

31. Deny.

## THIRD COUNT

32. Defendant hereby repeats and realleges paragraphs 1 through 19 of this Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

33. Admit.

34. Admit.

35. Admit.

36. Deny.

37. Deny.

38. Deny.

## FOURTH COUNT

39. Defendant hereby repeats and realleges paragraphs 1 through 19 of this Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

40. Denied, except admit that Plaintiff spoke with Defendant's Human Resources department after she was "pre-notified" of her termination.

41. Denied.

42. Denied.

43. Denied.

## FIFTH COUNT

44. Defendant hereby repeats and realleges paragraphs 1 through 19 and 27 through 30 of this Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

45. Admit.

46. Admit.

47. Admit.

48. Denied.

49. Denied, except admit that Plaintiff spoke with Defendant's Human Resources department after she was "pre-notified" of her termination.

50. Denied.

51. Denied.

## SIXTH COUNT

52. Defendant hereby repeats and realleges paragraphs 1 through 19 and 33 through 37 of this Answer to Plaintiff's Second Amended Complaint as if fully set forth herein.

53. Denied.

54. Denied, except admit that Plaintiff spoke with Defendant's Human Resources department after she was "pre-notified" of her termination.

55. Denied.

56. Denied.

### SEVENTH COUNT

57-64. CLAIM DISMISSED BY THE COURT

### EIGHTH COUNT

65. Deny, except admit that Plaintiff was compensated on a salary plus commission basis for a portion of her tenure and that Plaintiff was compensated pursuant to "On Target Earnings" from July 1, 2001 to the date of her termination.

66. Denied.

67. Denied.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendant affirmatively asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each count therein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Each and every count in the Complaint is barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies prior to bringing the present action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites to bringing the current action.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief Plaintiff has failed to mitigate her damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was paid at all times in accordance with the Defendant's policy for the compensation of sales representatives.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was fully paid all wages due upon the termination of her employment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or accord and satisfaction.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

### TENTH AFFIRMATIVE DEFENSE

An award of punitive damages would be contrary to Defendant's good faith efforts to comply with the law.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

The damages and relief sought in Plaintiff's Complaint are, in whole or in part, not legally authorized.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant states that, at all times, it acted promptly and effectively in response to any complaints asserted by the plaintiff of harassment, discrimination or retaliation.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred, in whole or in part, because the defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory or retaliatory conduct and because the plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the defendant or to avoid harm otherwise.

**WHEREFORE**, Defendant Sun Microsystems respectfully requests that the Court: Enter judgment in its favor on all claims alleged in the Complaint; award Defendant the costs, disbursements and reasonable attorneys' fees associated with this proceeding; and grant Defendant such other and further relief as the Court may deem just and proper.

DEFENDANT
SUN MICROSYSTEMS, INC.
BY ITS ATTORNEYS

_____
Marc. L. Zaken (CT 03110)
mzaken@eapdlaw.com
John G. Stretton (CT 19902)
jstretton@eapdlaw.com
EDWARDS ANGELL PALMER
& DODGE, LLP
301 Tresser Boulevard
Stamford, CT 06901
Tel.: 203-353-6819
Fax: 888-325-1667

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2008, a copy of the foregoing ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
John G. Stretton