# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET MARY KELLEY, | : | CIVIL ACTION NO. |
| | : | 03-CV-57 (DJS) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| SUN MICROSYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | JANUARY 14, 2008 |

## DEFENDANT'S PROPOSED JURY INSTRUCTION

Pursuant to the Court's Scheduling Order, the Defendant Sun Microsystems, Inc.

("Defendant") submits the following proposed jury instructions

## I.  INTRODUCTORY CHARGES

## INTRODUCTORY REMARKS

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

## ROLE OF COURT AND JURY

It is now my duty as Judge to instruct you as to the law and how it applies in this case. It is your duty as jurors to follow the law as I state it. You are to decide the issues of fact and apply the law to the facts. If you have any notion of your own as to what the law is or should be, you must disregard it. The law is the law as I give it to you.

You will determine the facts in this case from the evidence submitted in the form of testimony, depositions, stipulations and exhibits. In making these determinations, you will draw whatever inferences you think are reasonable based upon your practical knowledge of the world and of people. Having observed the witnesses, you will decide how credible they are and how much weight, if any, should be given to part or all of their testimony.

Questions of the lawyers, arguments of the lawyers or what I say, is not evidence. Any views the lawyers or I express as to the facts are ours -- not necessarily yours -- and you are free to ignore them. Decide the facts for yourselves.

### *AUTHORITY:*

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §§ 101.10, 101.40, 101.44, 103.01, 103.33 (5th ed. 2000).

_241072_5/

## CORPORATE PARTIES

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A private corporation, or company, is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

## *AUTHORITY:*

3 Edward J. Bevitt, et al., *Federal Jury Practice and Instructions* § 71.04 (4th Ed. 1987 & 1996 Supp.).

## SYMPATHY

The parties to this lawsuit are equal before this Court. No party to this lawsuit is entitled to any sympathy nor is any party to this lawsuit entitled to any favor or special consideration. The facts in this case should be judged by you without any bias, without any prejudice and without any sympathy for either the plaintiff or the defendant.

### *AUTHORITY:*

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §§ 103.01, 103.12 (5th ed. 2000).

_241072_5/

## EVIDENCE IN THE CASE

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; any excerpts of deposition testimony that was read into the record; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.  Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  If a lawyer asks a witness a question that contains an assertion of fact, you may not consider that assertion as evidence of that fact.  Such statements are not evidence.  Only when both sides stipulate or agree as to the existence of a fact, must you, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.  Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court must be entirely disregarded.

At times during the trial, I have sustained objections to questions asked without permitting the witness to answer or where an answer was made, instructed that it be stricken from the record and that you disregard it and dismiss it from your minds.  You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.  The law requires that your decision be made solely upon the competent evidence before you.

### *AUTHORITY:*

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §§ 101.40, 101.44 (5th ed. 2000).

_241072_5/

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally, there are two types of evidence that you may consider in reaching your verdict.

One type is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses -- something he or she has seen, felt, touched, or heard.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. Let me give you an example to help you understand what is meant by circumstantial evidence:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume further that the courtroom windows were covered and you could not look outside. As you were sitting here, assume that someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As a general rule, the law makes no distinction between direct evidence and circumstantial evidence. It simply requires that your verdict must be based on all the evidence presented.

### *AUTHORITY:*

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §§ 101.42 (5th ed. 2000).

_241072_5/

## **CREDIBILITY OF WITNESSES**

You should not be influenced in any way by the mere number of witnesses called by either side. The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. Rather, you should consider all the facts and circumstances in evidence to determine where the truth lies.

You should carefully evaluate all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. You may consider each witness's demeanor and manner while on the stand, his or her intelligence and opportunity to know the facts and observe the things about which he or she testified, and his or her interest in the outcome of the case.

While you may not arbitrarily disregard the believable testimony of any witness, if you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the entire testimony of that witness as not worthy of belief. You are entitled to use your common sense in judging any testimony.

### _AUTHORITY:_

O'Malley, Grenig and Lee, _Federal Jury Practice and Instructions_, §§ 104.54, 105.01 (5th ed. 2000).

_241072_5/_

## NO DUTY TO CALL ALL WITNESSES

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. In fact, the court, at times, limits the number of witnesses a party may call. Nor does the law require any party to produce all exhibits, all papers and things mentioned in the evidence in the case.

### *AUTHORITY:*

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 105.11 (5th ed. 2000).

_241072_5/

## BURDEN OF PROOF

This case is a civil action. In a civil action, the burden is on the Plaintiff – Ms. Kelley – to prove every element of her claim by a preponderance of the evidence. If the Plaintiff fails to establish by a preponderance of the evidence any essential element of his case, you must find for the defendants. The Defendant – Sun Microsystems – unless otherwise noted, does not have to prove anything.

To establish a claim by a preponderance of the evidence means to prove that something is more likely so than not so. A preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. This is not determined by the number of witnesses or the number of documents but depends on the nature and quality of the evidence.

If you cannot determine whether the Plaintiff has proved, or not proved, each and every element of her claim against the Defendant, then she has not met her burden of proof. Should there be conflicting evidence and should it be evenly balanced in your mind so that you are unable to say that the Plaintiff's claims are more likely true than not, again, in that circumstance, the Plaintiff has failed to carry her burden and you must find for the Defendant.

It might be helpful to visualize a pair of balanced scales. Imagine that you can put the weight and force of the Plaintiff's evidence on any issue on one side of the scale and the weight and force of the Defendants' evidence on the same issue on the other side. If the scales tip in favor of the Defendant, or if the scales are evenly balanced, the Plaintiff has not carried her burden on that issue. But if the scales tip in favor of the Plaintiff, then on that particular issue, the Plaintiff has sustained her burden of proof.

If you are unable to understand the Plaintiff's evidence, then you must find that she has failed to meet her burden of proof.

In determining whether the Plaintiff has sustained her burden of proof, you will have to consider the credibility or believability of the witnesses you have heard. As I have instructed you, the credibility of each witness and the weight to be given to his or her testimony, if any, is entirely up to you.

### *AUTHORITY*:

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 104.01 (5th ed. 2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 142 (2d Cir. 1993); *Alston v. N.Y. City Transit Auth.*, No. 97 Civ. 1080, 1999 U.S. Dist. LEXIS 11376, at *21 (S.D.N.Y. July 26, 1999).

_241072_5/

## II.     THE SUBSTANTIVE CLAIMS

### TITLE VII: SEX DISCRIMINATION

In this case the Plaintiff claims that she was discriminated against on the basis of her sex. Specifically, she claims that she was terminated by the Defendant because she is a woman. The Defendant denies that the Plaintiff was discriminated against in any way. Further, the Defendant asserts that the Plaintiff was terminated as part of a company wide reduction in force and that her termination had nothing to do with her sex.

Title VII is a federal civil rights statute that prohibits employers from discriminating against an individual because of the employee's race, color, religion, sex, or national origin. In order for the Plaintiff to recover, the Plaintiff must prove that the Defendant intentionally discriminated against the Plaintiff because of her sex. This means that the Plaintiff must prove that her sex was a motivating factor in the Defendant's decision to terminate her employment.

To prevail on her claim, the Plaintiff must prove both of the following by a preponderance of the evidence:

> First: The Defendant terminated her; and
>
> Second: The Plaintiff's sex was a determinative factor in the Defendant's decision.

The Defendant has given a nondiscriminatory reason for its decision to terminate the Plaintiff. In determining whether you believe the Defendant's stated reason for its actions, you may not question the Defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of the Defendant or believe it was harsh or unreasonable. The statute does not require an employer to make a wise business decision nor does it prohibit an employer from doing or saying stupid or even wicked things; it only makes them liable for impermissibly discriminating against people because of, in this case, their sex. In other words, you are not to judge the wisdom of Defendant's decision to terminate Plaintiff, you are only to determine whether it was discriminatory. However, you may consider whether the Defendant's reason is merely a cover up for discrimination.

Ultimately you must decide whether the Plaintiff has proven that her sex was a determinative factor in the Defendant's decision to terminate her. "Determinative factor" means that if not for the Plaintiff's sex, the termination would not have occurred. If the Defendant would have terminated the Plaintiff regardless of her sex, then her sex was not a determinative factor in the decision.

_241072_5/

**_AUTHORITY:_**

Sand, *Modern Federal Jury Instruction*, 3d Circuit General Instructions for Civil Cases
(2007); McNamara, *Federal Employment Jury Instructions*, § 1:200.10 (7th Ed. 2007);
<u>Norton v. Sam's Club</u>, 145 F.3d 114, 120 (2d Cir. 1998).

_241072_5/

## TITLE VII: RETALIATION

The Plaintiff claims that the Defendant retaliated against her because of Plaintiff's alleged complaints regarding her belief that she was discriminated against because of sex.

To prevail on this claim, the Plaintiff must prove all of the following by a preponderance of the evidence:

First: That she complained to human resources that she was being discriminated against because of her sex.

Second: That, as retaliation, the Plaintiff was subjected to a materially adverse employment action.

Third: That there was a causal connection between the retaliation and the Plaintiff's complaint that she was being discriminated against because of her sex.

Concerning the first element, the Plaintiff need not prove the merits of her belief that she was discriminated against because of her sex, but she must prove that she was acting under a good faith reasonable belief that her right to be free from discrimination on the basis of her sex was violated and that she complained to the Defendant that she was being discriminated against because of her sex. This is generally referred to as the "protected activity."

Concerning the second element, the term "materially adverse" means that the Plaintiff must show the retaliatory conduct was serious enough so as to be capable of dissuading a reasonable worker from making or supporting the charge of discrimination. It must therefore be more than a mere inconvenience or disruption in working conditions.

Concerning the third element, causal connection means that there is a connection between the "protected activity" and the "materially adverse" employment action; that the "protected activity" caused the retaliatory conduct. A causal connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing alone, that is that the employer's retaliatory conduct followed very shortly after the employer became aware of the Plaintiff's conduct. However, if the Plaintiff has chosen to demonstrate retaliatory animus through timing alone, the temporal proximity must be very close. Causation is, however, not necessarily ruled out by a more extended passage of time between Plaintiff's conduct and the retaliatory adverse employment action so long as the Plaintiff demonstrates a basis for establishing a connection between the "protected activity" and the "materially adverse" employment action beyond the temporal proximity of the events.   In considering this element in light of the Plaintiff's belief that she was retaliated against, if you find that the Defendant was not aware of the alleged protected activity or the alleged retaliatory conduct occurred prior to the alleged protected activity, you may conclude that there is no causal connection between the protected conduct and the adverse action.

Similar to the Plaintiff's discrimination claim, the Plaintiff, in connection with this retaliation claim, must again demonstrate that the alleged retaliatory conduct occurred because of her sex.   In other words, the Plaintiff must demonstrate that if not for her sex, the alleged retaliatory conduct would not have occurred.   In this case, the Plaintiff identifies the alleged retaliatory conduct as: (a) the Defendant's alleged deliberate undermining of the Plaintiff's work effort and the alleged creation of false performance issues; (b) the Defendant's alleged sabotage of the Plaintiff's efforts to seek a transfer within the Company; and (c) the termination of the Plaintiff's employment.   Thus, if the Plaintiff would not have received the transfer, for example, irrespective of whether or not she engaged in a protected activity, then her protected activity was not a determinative factor in the decision and her retaliation claim must fail.

### *AUTHORITY:*

Sand, *Modern Federal Jury Instruction*, 3d Circuit General Instructions for Civil Cases (2007); *Burlington Northern & Santa Fe R.R. Co. v. White*, 126 S. Ct. 2405, 2415 (2006); *O'Dell v. Trans World Entm't Corp.*, 153 F. Supp. 2d 378, 395 (S.D.N.Y. 2001); *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000); *Jackson v. Health Resources of Rockville, Inc.*, 357 F. Supp. 2d 507, 518 (D.Conn. 2005); *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1008 (7th Cir. 2000). *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 95 (2d Cir. 2001); *Ricks v. Conde Nast Publications, Inc.*, 92 F.Supp.2d 338, 347 (S.D.N.Y. 2000), aff'd 2001 U.S. App. LEXIS 4244 (2d Cir. 2001).

_241072_5/

## AGE DISCRIMINATION IN EMPLOYMENT ACT: AGE DISCRIMINATION

In this case, the Plaintiff has made a claim under the Federal Civil Rights Statute that prohibits age discrimination against an employee, if that person is 40 years of age or older. This statute is known as the Age Discrimination in Employment Act or the "ADEA."

Specifically, the Plaintiff claims that she was terminated by the Defendant because of her age. The Defendant denies that the Plaintiff was discriminated against because of her age. Further, the Defendant asserts that Plaintiff was terminated as part of a company wide reduction in force and that her termination had nothing to do with her age.

In order for the Plaintiff to recover, the Plaintiff must prove that the Defendant intentionally discriminated against the Plaintiff because of her age. This means that the Plaintiff must prove that her age was a motivating factor in the Defendant's decision to terminate her.

To prevail on this claim, the Plaintiff must prove both of the following by a preponderance of the evidence:

> First: The Defendant terminated the Plaintiff; and

> Second: The Plaintiff's age was a determinative factor in the Defendant's decision.

Although the Plaintiff must prove that the Defendant acted with the intent to discriminate, the Plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be demonstrated by circumstantial evidence; in other words, inferred from the existence of other facts.

The Defendant has given a nondiscriminatory reason for its decision to terminate the Plaintiff. In determining whether you believe the Defendant's stated reason for its actions, you may not question the Defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of the Defendant or believe it was harsh or unreasonable. The statute does not require an employer to make a wise business decision nor does it prohibit an employer from doing or saying stupid or even wicked things; it makes them liable for impermissibly discriminating against people because of, in this case, their age. In other words, you are not to judge the wisdom of Defendant's decision to terminate Plaintiff, you are only to determine whether it was discriminatory. However, you may consider whether the Defendant's reason is merely a cover up for discrimination.

_241072_5/

Ultimately you must decide whether the Plaintiff has proven that her age was a determinative factor in the Defendant's decision to terminate her. "Determinative factor" means that if not for the Plaintiff's age, the termination would not have occurred. If the Defendant would have terminated the Plaintiff regardless of her age, then her age was not a determinative factor in the decision.

### *AUTHORITY:*

Sand, *Modern Federal Jury Instruction*, 3d Circuit General Instructions for Civil Cases, 5th Circuit Federal Jury Instructions (2007); *Norton v. Sam's Club*, 145 F.3d 114, 120 (2d Cir. 1998).

_241072_5/

## AGE DISCRIMINATION IN EMPLOYMENT ACT: RETALIATION

The Plaintiff claims that the Defendant retaliated against her because of the Plaintiff's belief that she was discriminated against because of her age.

To prevail on this claim, the Plaintiff must prove all of the following by a preponderance of the evidence:

First: That she complained to human resources that she was being discriminated against because of her age.

Second: That, as retaliation, the Plaintiff was subjected to a materially adverse action.

Third: That there was a causal connection between the retaliation and the Plaintiff's complaint that she was being discriminated against because of age.

Concerning the first element, the Plaintiff need not prove the merits of her belief that she was discriminated against because of her age, but she must prove that she was acting under a good faith reasonable belief that her right to be free from discrimination on the basis of her age was violated and that she complained to the Defendant that she was being discriminated against because of her age. This is generally referred to as the "protected activity."

Concerning the second element, the term "materially adverse" means that the Plaintiff must show the retaliatory conduct was serious enough so as to be capable of dissuading a reasonable worker from making or supporting the charge of discrimination. It must therefore be more than a mere inconvenience or disruption in working conditions.

Concerning the third element, causal connection means that there is a connection between the "protected activity" and the "materially adverse" employment action; that the "protected activity" caused the retaliatory conduct. A causal connection may be shown in many ways. For example, you may or may not find that here there is sufficient connection through timing alone, that is that the employer's retaliatory conduct followed very shortly after the employer became aware of the Plaintiff's conduct. However, if the Plaintiff has chosen to demonstrate retaliatory animus through timing alone, the temporal proximity must be very close. Causation is, however, not necessarily ruled out by a more extended passage of time between Plaintiff's conduct and the retaliatory adverse employment action so long as the Plaintiff demonstrates a basis for establishing a connection between the "protected activity" and the "materially adverse" employment action beyond the temporal proximity of the events. In considering this element in light of the Plaintiff's belief that she was retaliated against, if you find that the Defendant was not aware of the alleged protected activity or the alleged retaliatory conduct occurred prior to the alleged protected activity, you may conclude that there is no causal connection between the protected conduct and the adverse action.

Similar to the Plaintiff's discrimination claim, the Plaintiff, in connection with this retaliation claim, must again demonstrate that the alleged retaliatory conduct occurred because of her age. In other words, the Plaintiff must demonstrate that if not for her age, the alleged retaliatory conduct would not have occurred. In this case, the Plaintiff identifies the alleged retaliatory conduct as: (a) the Defendant's alleged deliberate undermining of the Plaintiff's work effort and the alleged creation of false performance issues; (b) the Defendant's alleged sabotage of the Plaintiff's efforts to seek a transfer within the Company; and (c) the termination of the Plaintiff's employment. Thus, if the Plaintiff would not have received the transfer, for example, irrespective of whether or not she engaged in a protected activity, then her protected activity was not a determinative factor in the decision and her retaliation claim must fail.

### *AUTHORITY:*

Sand, *Modern Federal Jury Instruction*, 3d Circuit General Instructions for Civil Cases (2007); *Burlington Northern & Santa Fe R.R. Co. v. White*, 126 S. Ct. 2405, 2415 (2006); *O'Dell v. Trans World Entm't Corp.*, 153 F. Supp. 2d 378, 395 (S.D.N.Y. 2001); *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000); *Jackson v. Health Resources of Rockville, Inc.*, 357 F. Supp. 2d 507, 518 (D.Conn. 2005); *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1008 (7th Cir. 2000); *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 95 (2d Cir. 2001); *Ricks v. Conde Nast Publications, Inc.*, 92 F.Supp.2d 338, 347 (S.D.N.Y. 2000), aff'd 2001 U.S. App. LEXIS 4244 (2d Cir. 2001).

_241072_5/

## ADEA AND TITLE VII: DAMAGES

If you find that the Plaintiff was discriminated against or retaliated against, you must determine the damages the Plaintiff has been caused by the Defendant's allegedly discriminatory and/or retaliatory conduct. Plaintiff has the burden to prove each element of damages she claims by a preponderance of the evidence.

### Duty to Mitigate Damages

The Plaintiff has a duty to mitigate her damages -- that is the Plaintiff is required to make reasonable efforts under the circumstances to reduce her damages. It is the Defendant's burden to prove that the Plaintiff has failed to mitigate. So if the Defendant persuades you, by a preponderance of the evidence, that the Plaintiff failed to make reasonable efforts to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by the amount of wages that the Plaintiff reasonably would have earned if she had obtained those opportunities.

### Nominal Damages

If you return a verdict for the Plaintiff, but Plaintiff has failed to prove actual damages and therefore is not entitled to actual damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

### Compensatory Damages

If you find for Plaintiff and against the Defendant on either the Title VII or ADEA claims, you must then decide the issue of Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by the greater weight of evidence as full, just and reasonable compensation for the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize. Also, compensatory damages must not be based on speculation or guesswork. Only actual damages are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, evidence of the value of such intangible things as emotional and mental anguish need not be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Plaintiff for those claims of damage. There is

_241072_5/

no exact standard to be applied; however any such award must be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by the greater weight of the evidence, and no others:

(a)     Net lost wages and benefits to the date of trial (in determining this amount, you are instructed to consider any evidence Defendant may have introduced regarding the Plaintiff's duty to mitigate her damages and you are to deduct whatever wages and benefits the Plaintiff has obtained from other employment during this period);

(b)     Emotional pain and mental anguish; and

(c)     Punitive damages, if any (as will be explained below in the Court's instructions).

## Punitive Damages

Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to Plaintiff's protected rights under Title VII and the ADEA so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to Plaintiff's protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. You are not required to award them under any circumstances.

## *AUTHORITY*:

Sand, *Modern Federal Jury Instruction*, 3d Circuit General Instructions for Civil Cases, 7th Circuit Federal Jury Instructions Instr. 3.06 (2007); 11th Circuit Pattern Jury Instructions (Civil-1999) at Federal Claims Instructions I.1.2.1; McNamara, *Federal Employment Jury Instructions*, § 2:703 (7th Ed. 2007).

## DAMAGES
## ATTORNEYS' FEES AND COURT COSTS

If you find for the Plaintiff, you may not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiff's damages. The matter of attorneys' fees and costs is a matter to be decided by the Court.

### *AUTHORITY:*

Adapted from Eleventh Circuit Pattern Jury Instructions (Civil-1999) at Supplemental Damages Instruction 6.1.

_241072_5/

## CONNECTICUT'S FAIR EMPLOYMENT PRACTICES ACT

The Plaintiff has also asserted analogous claims of age and sex discrimination and retaliation under Connecticut law. Connecticut courts look to federal case law for guidance in interpreting its discrimination statute. Accordingly, if the Plaintiff fails to meet her burden on either her Title VII claims or her ADEA claims, she must also fail under Connecticut law. Similarly, if she prevails under Title VII or the ADEA, the Plaintiff may prevail under Connecticut law unless you determine that her Connecticut law claims are barred by the statute of limitations, which I will now describe for you.

### *AUTHORITY:*

*Wroblewski v. Lexineton Gardens, Inc.,* 188 Conn. 44, 53 (1982); *Pik-Pwik Stores Inc. v. Commission on Human Rights and Opportunities,* 170 Conn. 327, 331 (1976); *Ford v. Blue Cross and Blue Shield of Connecticut, Inc.,* 216 Conn. 40 (1990).

_241072_5/

## CONNECTICUT'S FAIR EMPLOYMENT PRACTICES ACT
## STATUTE OF LIMITATION DEFENSE

It is also the Plaintiff's burden to demonstrate that her Connecticut law discrimination and retaliation claims were commenced within the time period permitted by Connecticut law. Under Connecticut law, the Plaintiff was required to file a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities within 180 days of the day the Plaintiff received notice of the alleged discriminatory action, which, in this case, was the notice of her termination. It is your job to determine whether or not the Plaintiff filed her charge of discrimination with the Connecticut Commission on Human Rights and Opportunities within the time period permitted by Connecticut law. If you find that the Plaintiff did not timely file her charge of discrimination with the Connecticut Commission of Human Rights and Opportunities, then you must find in favor of the Defendant in connection with the Plaintiff's Connecticut law discrimination and retaliation claims.

### *AUTHORITY:*

Connecticut General Statutes § 46a-82(e); *Williams v. Commission on Human Rights and Opportunities*, 67 Conn. App. 316, 323-325 (2001); *Armstead v. The Stop & Shop Companies, Inc.*, 2002 WL 770732 at *3-4 (D.Conn. 2002).

_241072_5/

## **UNJUST ENRICHMENT**

The Plaintiff claims that the Defendant was unjustly enriched by the Plaintiff's provision of services. Unjust enrichment means that it is contrary to equity and good conscience for the Defendant to retain a benefit that has come to the Defendant at the expense of the Plaintiff and for which the Defendant did not compensate the Plaintiff.

First, for you to find for the Plaintiff under this legal principle, you must first find that there was no written contract or oral agreement expressed in words or any other contract implied by conduct for the Plaintiff to provide services she now claims compensation for under the legal theory of unjust enrichment. A contract in this instance would be an agreement between the Plaintiff and the Defendant that governs the Plaintiff's right to be paid for her services. If you find that there was a contract governing the manner in which the Plaintiff would be paid for providing services, you may not find that the Defendant was unjustly enriched.

If you determine that there was no express or implied contract, you must then determine if the Plaintiff satisfied her burden of proving unjust enrichment by a preponderance of the evidence. To find unjust enrichment, you must find that the Plaintiff provided services to the Defendant, that the Defendant benefited from those services, that the Defendant unjustly did not pay for that benefit, and that the Defendant's failure to pay harmed the Plaintiff. Only if you find in favor of the Plaintiff on each one of these elements can you deliver a verdict in favor of the Plaintiff on her claim for unjust enrichment.

### *AUTHORITY:*

*Meaney v. Connecticut Hospital Ass'n.*, 250 Conn. 500, 511 (1999); *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.,* 231 Conn. 276, 283 (1994); *Bershtein, Bershtein & Bershtein v. Nemeth*, 221 Conn. 236, 242 (1992); *National CSS, Inc. v. Stamford,* 195 Conn. 587, 597 (1985); *Brighenti v. New Britain Shirt Corp.,* 167 Conn. 403, 407 (1974). For a discussion of instructions for cases in which the plaintiff has plead contract and unjust enrichment claims in the alternative, see *Meaney v. Connecticut Hospital Ass'n,* 250 Conn. 500, 515-23 (1999) and *Suffield Development Assoc. Ltd. Partnership v. Society for Savings,* 243 Conn. 832, 846 (1998).

_241072_5/

## DAMAGES FOR UNJUST ENRICHMENT

Any damages you award on the Plaintiff's unjust enrichment claim are determined by the value of the benefit the Plaintiff provided to the Defendant. In other words, the amount of unjust enrichment is the value to the Defendant of the Plaintiff's services. It is the Plaintiff's burden to prove the fair and reasonable value of the services rendered, if any, to the Defendant. That value should be measured in terms of the benefit the Defendant received by not compensating the Plaintiff for her services.

### *AUTHORITY:*

*Meaney v. Connecticut Hospital Assn., Inc.*, 250 Conn. 500, 511-15 (1999); *Monarch Accounting Supplies, Inc. v. Prezioso*, 170 Conn. 659, 667 (1976); *Anderson v. Zweigbaum*, 150 Conn. 478, 482-84 (1963). *See also John T. Brady & Co. v. Stamford*, 220 Conn. 432, 447 (1991); *Bernstein v. Nemeyer*, 213 Conn. 665, 675-76 (1990).

_241072_5/

## III.  CONCLUDING REMARKS

### JURY DELIBERATIONS

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view towards reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if you are convinced it is wrong.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.  You all took an oath when this case started that you would -- without any fear or favor or sympathy to either party to this lawsuit -- consciously and truthfully try the issues before you according to the evidence as you determine it to be here in open court, and I have no doubt that you will discharge your responsibility carefully and conscientiously.

### *AUTHORITY:*

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 106.01 (5th ed. 2000).

> THE DEFENDANT
> SUN MICROSYSTEMS, INC.
> BY EDWARDS ANGELL PALMER
> & DODGE, LLP
> THEIR ATTORNEYS
>
> By_____/s/ John G. Stretton_____
> Marc L. Zaken (CT 03110)
> mzaken@eapdlaw.com
> John G. Stretton (CT 19902)
> jstretton@eapdlaw.com
> EDWARDS ANGELL PALMER
> & DODGE LLP
> 301 Tresser Boulevard
> Stamford, CT 06901
> (203) 353-6819

_241072_5/

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008, a copy of the foregoing DEFENDANT'S

PROPOSED JURY INSTRUCTION was filed electronically and served by mail on

anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to

all parties by operation of the Court's electronic filing system or by mail to anyone unable

to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may

access this filing through the Court's CM/ECF System.


      /s/ John G. Stretton
      John G. Stretton

_241072_5/