## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARGARET MARY KELLEY,       :     CIVIL ACTION NO.
                               :     03-CV-57 (DJS)

          Plaintiff,        :

                               :

V.                             :

                               :

SUN MICROSYSTEMS, INC.,      :

                               :

          Defendant.      :     JANUARY 14, 2008

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S REFERENCE TO AN UNIDENTIFIED DECLARANT'S COMMENTS

Pursuant to Fed. R. Evid. 401and 802, Defendant Sun Microsystems, Inc. ("Sun

Microsystems") respectfully submits the following Memorandum in Support of Its

Motion in Limine to preclude Plaintiff Margaret Mary Kelley ("Plaintiff") from testifying

about an allegedly discriminatory, but facially neutral, comment allegedly made by an

unidentified declarant. Plaintiff claims that after she put hand cream on her hands, an

unidentified individual made a comment that other things were "dry" or "dried up around

here" as well. Because Plaintiff cannot identify the declarant and establish that it was

made by a decisionmaker in her termination, it is irrelevant to establishing a

discriminatory motive. Additionally, because the declarant's identity is unknown, the

statement is hearsay and therefore inadmissible to prove discrimination.

**Background:**

This is an action by a former employee, Margaret Mary Kelley, of Sun Microsystems,

Inc. Plaintiff is a fifty-six year old female who was employed by Sun Microsystems in its

Stamford, Connecticut office from September 18, 2000 to November 19, 2001. Plaintiff was fifty

years old when she was hired by Steven Fugazy, the individual who would remain her direct

supervisor throughout her thirteen month tenure at Sun Microsystems. She was hired as a Sales Representative and was assigned to service the product needs for the General Electric account.

In July of 2001, approximately ten months after Plaintiff was hired, Sun Microsystems, along with countless other technology companies, was forced to undergo a reduction in force ("RIF") due to a declining economy and a dramatic downturn in the technology industry. Plaintiff was terminated as a part of this RIF. Plaintiff claims that her termination was unlawful despite the fact that she has no direct evidence that her termination was the result of discrimination based on her age, sex, or allegedly protected activity. Due to the lack of direct evidence in supporting Plaintiff's claims of discrimination, it is believed that she will seek to introduce at trial a facially neutral comment she claims to have overheard made by an unidentified declarant. *See* Plaintiff's Mem. Opp. Summ. J. at 10-11 (citing the alleged statement now at issue).

At her deposition, Plaintiff testified that while sitting at a conference table, with Jay Seaman, Sun Microsystems' District Systems Engineering Manager, and Steven Fugazy, she pulled out some hand cream stating that her hands were dry and that in response one of the individuals at the table said "something like oh, that's not all that's dry around here or dried up around here. Something like that." Kelley Depo. at 112-113. However, Plaintiff could not identify the declarant, stating, "I don't know which one" made the statement. Because Plaintiff cannot identify the declarant the allegedly discriminatory statements are irrelevant and inadmissible in the proceedings now before the Court and should be excluded.

**Argument:**

"[D]eclarations of unidentified persons are rarely admitted." *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1003 (3d Cir. 1988). Any party seeking to introduce such a statement faces a "heavy burden ... to satisfy evidentiary and trustworthiness requirements." *Id.* The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Evidence is only relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, even if relevant, hearsay statements, or out of court statements made by someone other than the witness offered for their truth, are inadmissible as a matter of law. Fed. R. Evid. 802.

Here, even leaving aside the facially neutral character of the comments, because Plaintiff cannot identify the declarant who made the "dry" comments, she cannot establish that the person(s) who decided to terminate her made it; therefore her testimony about the comment is irrelevant and inadmissible as to whether she was terminated for discriminatory reasons. Additionally, because Plaintiff cannot identify the declarant the statement cannot be attributed to an agent of Sun Microsystems and is therefore hearsay and inadmissible.

1.    Isolated Comments by a Non-Decisionmaker are Irrelevant to Proving Discriminatory Intent:

Plaintiff cannot identify the individual who made the comment here at issue. As such, she cannot establish that the comment was made by someone involved in the decision to terminate her and the comment is therefore irrelevant.

"'[S]tray' remarks[1] in the workplace by persons who are not involved in the pertinent decisionmaking process" are not "sufficient proof that the forbidden factor played a 'motivating role'" in the decision to terminate. *Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir. 1992); *see also Price Waterhouse v. Hopkins*, 490 U.S. 228, 277; 109 S. Ct. 1775; 104 L. Ed. 2d 268 (1989) (O'Connor, J. *concurring*) ("[S]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself," cannot "suffice to satisfy the plaintiff's burden" of proof). Thus the Second Circuit has held, even in situations where the statements at issue specifically referenced a protected characteristic, that stray discriminatory statements are not probative of discrimination where they are not attributable to the decisionmaker. *See Siino v. New York City Bd. of Educ.*, No. 99-9327, 2000 U.S. App. LEXIS 8602, *3-4 (2d Cir. May 1, 2000) (Statement that the plaintiff would not want to work there because they tear women apart, "do not give rise to an inference of discrimination because [the declarant] did not make hiring decisions."). Numerous other courts hold similarly. *See, e.g., Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight..."); *Ungerleider v. Fleet Mortg. Group of Fleet*

---

[1]     Without conceding that the statement here is actually discriminatory, "[a]n employer's discriminatory statements will rise above the level of stray remarks . . . when the statements are: (1) made by the decision maker or one whose recommendation is sought by the decision maker; (2) related to the specific employment decision challenged; and (3) made close in time to the decision." *Posner v. Sprint/United Mgmt. Co.*, 478 F. Supp. 2d 550, 557 (S.D.N.Y. 2007). As argued, the statement was not made by the decisionmaker and because it was made after Plaintiff's termination it did not relate to the specific decision at issue and was not close in time to her termination. Accordingly the statement, even if discriminatory, is properly considered stray.

*Bank*, 329 F. Supp. 2d 343, 359 (D. Conn. 2004) ("Because neither [declarants] were decision-makers in most of events about which [the plaintiff] complains, the court affords their alleged remarks little weight"); *Bond v. Sterling, Inc.*, 77 F. Supp. 2d 300, 305 (N.D.N.Y. 1999) (citation omitted) ("[I]solated comments by individuals with no involvement in decision to terminate [are] insufficient to support inference of discrimination.").

Here, by her own admission, Plaintiff cannot establish that it was Fugazy who made the comment regarding hand cream. *See* Kelley Depo. at 112-13. Accordingly not only is the statement facially neutral and therefore of questionable relevance, but *even if it was explicitly discriminatory*, because it cannot be attributed to a decisionmaker, the statement is not probative of discrimination and should not be admitted into evidence at trial. *Ostrowski*, 968 F.2d at 182. Accordingly, the statement is irrelevant to Plaintiff's burden to prove that the decisionmaker here discriminatorily terminated her. The evidence should therefore be excluded. Fed. R. Evid. 401.

2.    Because Plaintiff Cannot Identify the Declarant, the Statement is Inadmissible Hearsay:

Because Plaintiff cannot identify the declarant, the statement regarding hand cream is not attributable to an agent of Sun Microsystems and is therefore inadmissible hearsay.

Hearsay is "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay statements are not admissible evidence at trial. Fed. R. Evid. 802.

A statement is not hearsay if it is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship..." Fed. R. Evid. 801(d)(2)(D).  The party offering the statement as evidence has "the burden of establishing a foundation" by which the Court can determine whether the declarant is an agent and whether the statement was made during the existence of the agency relationship.  *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1002 (3d Cir. 1988).  Thus, "without identification of the declarant, the statement" at issue does "not have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D)" and should be excluded from evidence.  *Zaken v. Boerer*, 964 F.2d 1319, 1324 (2d Cir. 1992); *see also Carden*, 850 F.2d at 1003 (reversing district court's decision to admit an allegedly discriminatory hearsay statement where the declarant was unknown and reversing judgment in favor of the plaintiff).

Here as in *Zaken* and *Carden*, the Plaintiff cannot identify the individual who allegedly made the statement at issue.  *See* Kelley Depo. at 112-13.  Accordingly, she cannot meet her burden to establish a foundation for the admissibility of the statement and it should be excluded as hearsay.  *Zaken*, 964 F.2d at 1324; *Carden*, 850 F.2d at 1003.

**Conclusion:**

For the foregoing reasons, Sun Microsystems respectfully requests that the Court grant its Motion in Limine and rule that any evidence offered at trial regarding the unidentified declarant's statement about hand cream will be excluded as either irrelevant and/or inadmissible hearsay.

<div style="margin-left:40%">

THE DEFENDANT
SUN MICROSYSTEMS, INC.
BY EDWARDS ANGELL PALMER
& DODGE, LLP
THEIR ATTORNEYS


By_____/s/ John G. Stretton_____
Marc L. Zaken (CT 03110)
mzaken@eapdlaw.com
John G. Stretton (CT 19902)
jstretton@eapdlaw.com
EDWARDS ANGELL PALMER
& DODGE LLP
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

</div>

STM_STM_242958_1 (2).DOC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2008, a copy of the foregoing MEMORANDUM IN

SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S

REFERENCE TO AN UNIDENTIFIED DECLARANT'S COMMENTS was filed

electronically and served by mail on anyone unable to accept electronic filing.  Notice of

this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system or by mail to anyone unable to accept electronic filing as indicated on the Notice

of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


        /s/ John G. Stretton
        John G. Stretton

STM_STM_242958_1 (2).DOC