**UNITED STATED DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARGARET MARY KELLEY,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03 CV 57 (DJS)** |
| | : | |
| **V.** | : | |
| | : | |
| **SUN MICROSYSTEMS, INC.,** | : | |
| | : | **JANUARY 14, 2008** |
| **Defendant.** | : | |

**PLAINTIFF'S REQUEST TO CHARGE**

The plaintiff respectfully requests that the Court charge the jury as follows[1]:

### *CHARGE TO THE JURY*

Members of the jury, you have listened to and seen the evidence in this case, and you have heard the arguments of counsel. You are now to receive from me the rules of law that lie at the foundation of the various matters here in issue: the rules which, when applied by you, will lead to your ultimate decisions.

It is your duty as citizens and as jurors to deliberate on this case, and to arrive at fair and just decisions based upon the evidence and the law. Sympathy as well as bias have no place in the case and you should conscientiously and definitely avoid any consideration of sympathy or bias as a basis for your decisions. And that applies equally to the plaintiff and to the defendants.

---

[1]The plaintiff expressly reserves the right to amend these proposed jury instructions or to offer supplemental instructions as might be warranted by events at trial or the Court's rulings on trial motions.

I will first, if I may, direct your attention to certain general principles that will guide your consideration of the matters in this case before discussing the specifics of this case and the law applicable to them.

### FUNCTION OF THE COURT AND JURY

First, let me remind you again that you are the sole judges of the facts. It is your duty to find the facts. You are to recollect and weigh the evidence and draw your own conclusions as to what the ultimate facts are.

It is my function and indeed my duty to instruct you on the law applicable to this case. You must apply the law, as I give it to you, to the facts you find proved. You are to accept the law from the court, that is from me, considering my charge as a whole, without regard to any claims which have been made by counsel and without regard, also, to any convictions you yourselves may have as to what the law is or what you think the law ought to be. You will then render your verdicts by unanimous votes.

I do not have any preference as to the outcome of this case. I have not meant to convey by facial expression or tone of voice or in any other way at any time during the trial any preference or inclination as to how you should decide the facts, and you should not make any such interpretations. If, in my instructions to you, I refer to one party more than the other, or do anything that in your mind suggests a preference for one side or the other, it is not done on purpose. My task has been to apply the rules of evidence and to instruct you as to the law. It is for you alone to decide on the outcome of this case.

## *EVIDENCE*

At the outset, I should inform you that I am not going to review or marshal the evidence for you. I am sure the evidence is still fresh in your minds, and counsel have just reviewed their factual contentions in their summations. If any comments that I do make about the evidence differ from your own recollection, it is still your recollection that controls, not mine.

You must only consider the evidence properly admitted in the case. The evidence consists of the sworn testimony of the witnesses, and all exhibits.

Statements, arguments, and characterizations of counsel, however, including those made in the form of a question to a witness, are not evidence in the case and should not be considered by you in your deliberations on the case. Again, it is your recollection of the evidence that governs.

You must entirely disregard any evidence as to which an objection has been sustained by the court. It is the duty of the lawyers on each side of a case to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. You should not show prejudice against a lawyer or her client because the lawyer has made objections. And you must not allow our discussions or my rulings on those technical matters to influence you in any way, for or against either side.

Upon allowing testimony or other evidence to be introduced over the objections of one of the lawyers, the court has not indicated, nor have I meant to indicate, any opinion as to the weight or effect of such testimony or evidence. You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence -- each and every item of it as well as its totality.

I have no opinion about the merit of any testimony. If I did, I would be encroaching on your job, and that I will not do.

Anything you have seen or heard outside the courtroom is not evidence in the case, and must be entirely disregarded. But in your consideration of the evidence, you are not limited to the bald statements of witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find proved, such reasonable inferences as you feel are justified in the light of experience. An inference is a deduction or conclusion that reason and common sense lead you to draw from facts that you find have been proved.

### *LIMITING INSTRUCTIONS ON EVIDENCE*

You will recall that I have ruled that some testimony and evidence have been allowed for a limited purpose only. Any testimony or evidence which I identified as being received for a limited purpose, you will consider only as it relates to the limited issue for which it was allowed, and you shall not consider such testimony and evidence in finding any other facts as to any other issue.

### *STRICKEN EVIDENCE*

Some evidence may have come before you in error, and at the time that occurred, I ordered that evidence stricken and told you that you must disregard it. That evidence is not a part of this case and you may not consider that evidence in reaching your verdict.

### *DIRECT AND CIRCUMSTANTIAL EVIDENCE*

As a general rule, there are two types of evidence from which you may find the truth as to the facts of this or any other case: direct and circumstantial evidence. Simply put, direct evidence is the testimony of one who asserts actual knowledge of a fact, for example, an eyewitness.

Circumstantial evidence, generally put, is proof of a chain of facts and circumstances that may indicate the existence or non-existence of a fact.

Now, to illustrate the difference between direct and circumstantial evidence, let us assume that the fact in issue in a case is whether it was raining on a particular afternoon. If a witness testified that he or she personally saw it raining that day, then we would say that we had direct evidence of that fact. On the other hand, if a witness testifies that he or she was in a windowless room on that afternoon, but that when the witness came inside, the sky was overcast, and that while the witness was in the room, one person entered with a dripping wet umbrella while another walked in wearing a wet raincoat, we would say that we have circumstantial evidence of the fact that it was raining.

That is a very simple illustration.

Importantly, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding a charge proven, or a fact established, the jury be satisfied of the proof of that charge or fact by the appropriate standard -- a matter I will discuss with you shortly.

### *WEIGHT OF THE TESTIMONY*

In fulfilling your duty as finders of fact, you as jurors are the sole judges of the credibility of the witnesses and the weight, if any, their testimony deserves. This is also true as to the veracity and weight of the other evidence, including exhibits. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all the experience and background of your daily lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others. The same tests that you use in your

everyday dealings are the tests that you should apply in your deliberations here. You may consider the demeanor of the witness on the stand and any interest he or she may have in the outcome of the case. You may also consider any bias or prejudice for or against any party; the witness' opportunity to observe; any reason for the witness to remember or forget; the inherent probability of his or her story; its consistency or lack of consistency; and its corroboration or lack of corroboration by other credible evidence.

You may decide not to accept a witness' testimony even if it stands uncontradicted and unimpeached. On the other hand, you may find a particular fact established even though it is supported only by the testimony of one witness. In sum, jurors, you alone determine what weight, if any, to give to the evidence presented.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind and demeanor while on the stand. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other credible evidence in the case.

You may also bear in mind that if you should find that any witness has deliberately testified falsely on any material point, you may take that into consideration in determining whether that witness has testified falsely on other points. Simply because you find that a witness has not testified accurately with respect to one fact, it does not necessarily follow that the witness is wrong on every other point. A witness may honestly be mistaken on one point of testimony yet entirely accurate on

6

others. But if you find that a witness has deliberately lied on any material point, it is only natural that you should be suspicious of the testimony of that witness on all points. Under those circumstances, you are entitled, if you deem it appropriate, to disbelieve the entire testimony of that witness. Whether you disbelieve it or not lies in your sound judgment and sole prerogative.

### *EXPERT WITNESSES*

We have had in this case the testimony of one or more expert witnesses. Expert witnesses, such as engineers or doctors, are people who, because of their training, education, and experience, have knowledge beyond that of the ordinary person. Because of that expertise in whatever field they happen to be in, expert witnesses are allowed to give their opinions. Ordinarily, a witness cannot give an opinion about anything, but rather is limited to testimony as to the facts in that witness' personal knowledge.

In making your decision whether to believe an expert's opinion, you should consider the expert's education, training and experience in the particular field; the information available to the expert, including the facts the expert had, and the documents or other physical evidence available to the expert; the expert's opportunity and ability to examine those things; the expert's ability to recollect the activity and facts that form the basis for the opinion; and the expert's ability to tell you accurately about the fact, activity and the basis for the opinion.

You should ask yourselves about the methods employed by the expert and the reliability of the result. You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence. Based on all of those things together with your general observation and assessment of the witness, it is then up to you to decide whether or not to accept the opinion.

You may believe all, some or none of the testimony of an expert witness. In other words, an expert's testimony is subject to your review like that of any other witness.

### *IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT*

As a general matter, the testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present testimony. Generally, the inconsistent statements are admitted into evidence solely for the purpose of shedding light on the witness' credibility. Therefore, should you find that a witness' prior statements are inconsistent with his or her testimony, you may consider such prior statements but only in connection with your evaluation of the credence to be given to the witness' present testimony in court. That is, you may consider such prior inconsistent statements only for the purpose of judging the witness' present testimony in court, and you are not to consider such prior statements for their truth or falsity or for how they bear on the merits of the case. This is the general rule.

There is an exception to this general rule. If you find that a prior inconsistent statement of a witness was given under oath, subject to the penalty of perjury, such as in a deposition, that prior statement may be considered by you, both for its own truth or falsity as well as in your evaluation of the witness' credibility.

### *USE OF DEPOSITION*

While most of the witnesses whose testimony has been presented to you were here to testify in person, the testimony of several witnesses was presented to you by having a transcript read to you of questions asked and answers given by that witness under oath at an earlier time. Testimony that

is presented in this manner may be accepted or rejected by you in the same way as the testimony of witnesses who have been physically present in court.  Fed.R.Civ.P. 32(a).

### *BURDEN OF PROOF -- CIVIL*

In this civil action the plaintiff bears the burden of proving each essential element of her claim by a "preponderance of the evidence."

I wish to point out that the burden of proof in civil cases such as this one differs from the burden of proof in criminal cases. In a criminal case, the burden of proof is proof "beyond a reasonable doubt"; in a civil case, the burden of proof is generally proof "by a preponderance of the evidence." To prove by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence, as when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. This is not necessarily determined by the greater number of witnesses produced by a party, but it means that the evidence on behalf of the party on whom the burden rests must have greater weight in your judgment, that is, greater probative value.

It might be helpful to visualize a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's on the other. If the scales tip ever so slightly in favor of the plaintiff, the plaintiff's evidence preponderates, and she has sustained her burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then obviously the plaintiff has not sustained her burden of proof. Should you feel that the scales are

evenly balanced, that neither side's evidence outweighs the other, then the plaintiff has failed to meet the burden of proving her case by a preponderance of the evidence.

The general rule I have just described to you applies to the plaintiff's burden in what we call her case-in-chief: that is, to the plaintiff's claims that a defendant is liable. The same rule applies to claims which a defendant has raised, that is, a defendant has the burden of proving by a preponderance of the evidence any defense he chooses to raise.

## *SPOLIATION*

The plaintiff claims that the defendant failed to maintain records for plaintiff on which it contends it relied in deciding what to pay plaintiff once notified of her selection for termination. If you find that: (1) the records at issue would be relevant to the claims made by the plaintiff; (2) that the records were destroyed; and (3) by the time the records were destroyed, the defendant knew or reasonably should have known they would be relevant in litigation that was reasonably foreseeable, then you may infer that the contents of these destroyed records would be harmful to the defendant's position in this case. You need not draw this inference; I merely instruct you that you may. Pace v. Nat'l RR Passenger Corp., 291 F.Supp.2d 93, 97 (D.Conn. 2003).

## *BURDEN OF PROOF - AFFIRMATIVE DEFENSE*

The defendant in this case, in addition to denying the claims made by the plaintiff, has affirmatively asserted what are referred to as "affirmative defenses" to the plaintiff's claims. An "affirmative defense" is a defense which if established defeats some or all of plaintiff's claims. The purpose of an affirmative defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Saks v. Franklin

Covey Co., 316 F.3d 337, 350 (2d Cir. 2003)(citations omitted). Alternatively, a defendant may seek to strengthen its case by asserting an affirmative defense and thereby assuming the burden of proof of certain allegations asserted by the plaintiff. Cabrera v. Jakabovitz, 24 F.3d 372, 382-83 (2d Cir. 1994). I will review these affirmative defenses with you in connection with my discussion of each count of the complaint. The defendant has the burden of proof as to the allegations of any affirmative defenses upon which the defendant relies. The plaintiff does not have the burden to disprove the allegations of the defendant's affirmative defenses. Rather, each party has the burden of proving that party's own claims and no burden to disprove the claims of that party's adversary. Luciano v. Olsten Corp., 110 F.3d 210, 218 (2d Cir. 1997).

## *NOTE TAKING*

You were permitted to take notes during the course of the trial. If you took any notes, those notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

## *USE OF VERDICT FORM*

To assist you in keeping the different aspects of the case clear, I am going to ask you, as you consider your decisions, to answer a series of very specific questions that will be typed on a form that will be given to you in the jury room.

Each question can be answered simply, and each answer must be unanimous. By dealing with these separate questions, you will be able to apply the rules of law relevant to this case. Of course, you should not conclude from the number or the wording of any question that there is a particular answer you ought to give. Nor should you conclude that you ought to answer all the questions one way or the other way. Give separate consideration to each question and answer it according to the facts you have found and the rules of law that apply to that question.

### *THE COMPLAINT*

*1.    SEX DISCRIMINATION IN VIOLATION OF TITLE VII (Count One)*

It is unlawful for an employer to fail or refuse to hire or promote or to discharge or demote an individual or to otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's sex. Plaintiff in this case, Meg Kelley, alleges that Defendant, Sun Microsystems, intentionally discriminated against her by mistreating her and by deciding to terminate her and retaining a younger male for the GE sales force and retaining other males in the Stamford office. Defendant denies the claim. It is your responsibility to determine whether Plaintiff has proven her claim by a preponderance of the evidence. Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions, §1:200 (Feb. 2006) (hereinafter "FEJI").

Ms. Kelley accuses Sun Microsystems of sex discrimination in violation of federal law. To succeed on this claim, Ms. Kelley must prove by a preponderance of the evidence that her sex was one of the factors in the decision of Sun Microsystems to cause her to suffer an adverse employment

action, in this case, her treatment, selection for termination, and her alleged failure to receive all compensation due her.

An "adverse employment action," for purpose of discrimination, is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for transfer or promotion after a particular period of service. An adverse employment action by a supervisor is an action of the employer.

Ms. Kelley need not show that sex discrimination was the only or predominant factor that motivated Sun Microsystems. In fact, you may decide that other factors were involved as well in Sun Microsystem's decision making process. In that event, in order for you to find for Ms. Kelley, you must find that she has proven that, although there were other factors, her sex was one of the reasons for her termination.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts. For example, explanations that were given by the defendant that you find were really pretextual. "Pretextual" means false or though true, not the real reason for the action taken. (FEJI, §1:200.10)

2.    *AGE DISCRIMINATION - ADEA (Count Two)*

In her claims of age discrimination, the plaintiff contends that the defendant's decision to terminate her and retain the younger salespersons was, at least in part, because of her age in violation of the Age Discrimination in Employment Act, or ADEA. The defendants deny that the plaintiff's age played any part in their decisions to exclude plaintiff from management and/or terminate her.

The ADEA makes it unlawful for an employer to discriminate against an individual in an employment context because of that individual's age.

The ADEA prohibits age discrimination against anyone who is forty or older. The purpose of the ADEA is to promote the employment of older persons based upon their ability, rather than age, to prohibit arbitrary age discrimination in employment and to help employees and workers find ways of solving problems arising from the impact of age on employment.

The ADEA does not require an employer to give special treatment to employees or to prospective employees over the age of forty. Rather, under the ADEA, the age of an employee or a prospective employee is to have no impact on any decisions regarding the hiring, termination or the terms, conditions and privileges of employment.

To prevail on her claims of age discrimination, the plaintiff has the burden of proving by a preponderance of the evidence that her age was a determining factor in an adverse employment action, defined as I previously instructed you. Cronin v. Aetna Life Insurance Co., 46 F.3d 196, 202 (2d Cir. 1995); Sutera v. Schering Corp., 73 F.3d 13 (2d Cir. 1995). By that I mean that the plaintiff's age was a factor that made a difference. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2746-47, 125 L.Ed.2d 407 (1993); McDonnell Douglas Corp. v. Green, 411 U.S.

792, 93 S. Ct. 1817 (1973); Cronin, supra at 204. To determine if age was a motivating factor in the defendants' decision to terminate the plaintiff, you must find only that the plaintiff's age was <u>one</u> of the reasons that the plaintiff was terminated. Zaken v. Boerer, 964 F.2d 1319, 1325 (2d Cir. 1992); Sutera, supra at 13. Age does not have to be <u>the</u> only reason or even the principal reason for the decision to terminate the plaintiff. Paolillo v. Dresser Industries, Inc., 865 F.2d 37, modified, 884 F.2d 707 (2d Cir. 1989). The plaintiff is not required to produce direct evidence that the defendants' decision to terminate her was based upon her age. Rather, it is a fact that may be inferred from the existence of other facts. Chambers v. TRM Copy Centers Corp., 43 F.3d 29 (2d Cir. 1994); Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Cir. 1991).

If you find that age was one of the motivating factors in the decision to terminate the plaintiff, that the defendant has not articulated credible, nondiscriminatory reasons for its positions by a preponderance of the evidence, then you should find that discrimination on the basis of age has occurred. Cronin, supra; Price Waterhouse v. Hopkins, supra.

**3.**   ***SEX AND AGE DISCRIMINATION - CFEPA (Count Three)***

Connecticut's state law also prohibits discriminating against a person because of, among other things, his or her age or sex. Plaintiff claims that defendant also violated Connecticut's Fair Employment Practices Act, which prohibits such discrimination.

Section 46a-60(1) of the Connecticut Fair Employment Practices Act provides, in part, that:

"It shall be a discriminatory practice in violation of this section: (1) for an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or

privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder ...."

To prevail on her state claim of discrimination, the plaintiff must prove by a preponderance of the evidence that the defendant discriminated against her because of her age or sex.

If you find for plaintiff on any of her federal discrimination claims, you must also find for plaintiff on her corresponding state claims.

**4.    _RETALIATION IN VIOLATION OF TITLE VII, ADEA and CFEPA_ (Counts Four through Six)**

All of the statutes I have mentioned thus far, both state and federal, prohibit an employer from retaliating against an employee for engaging in protected activity. Plaintiff claims that she was retaliated against after complaining to her supervisor. Specifically, she claims defendant relieved her of and excluded her from duties, that she was sidelined, not paid, denied commissions, denied transfer opportunities, terminated and otherwise retaliated against her in response to her complaints of wrongful discrimination.

**A.    _Retaliation - Elements_**

To recover on a claim for retaliation, the plaintiff must prove to you by a preponderance of the evidence the following elements:

1)    she engaged in a protected activity known to defendant;

2)    she was the subject of an adverse employment action; and

3)    there is a causal relationship between the protected activity and the adverse employment action.

Sand, §88-46 Title VII Retaliation Claim, <u>Tomka v. Seiler</u>, 66 F.3d 1295 (2d Cir. 1995).

Plaintiff need not prove that she was in fact discriminated against in order to recover on a claim for unlawful retaliation. In fact, the actions opposed by an employee claiming retaliation do not have to actually be unlawful, the employee must only have a good faith or reasonable belief that the employer is engaging in unlawful activity. Accordingly, an employee who holds a reasonable or good faith belief that an employer's actions violate the law is protected from retaliation. <u>Reed v. A.W. Lawrence & Co., Inc.</u>, 95 F.3d 1170, 1178 (2d Cir. 1996); <u>Cosgrove v. Sears, Roebuck & Co.</u>, 9 F.3d 1033, 1039 (2d Cir. 1992). It is well established that an employee who engages in protected activity based upon a good faith belief that his employer actions are unlawful is protected from retaliation. <u>See</u> <u>e.g.</u> <u>Cosgrove v. Sears, Roebuck & Co.</u>, 9 F.3d 1033, 1039 (2d Cir. 1992)(plaintiff engaged in protected activity by filing a complaint with the EEOC).

### 1. *Protected Activity*

As to the first element, plaintiff engaged in protected activity, I instruct you that plaintiff need only show that she was acting under a good faith belief that the activity was covered by the statute. <u>Cosgrove v. Sears, Roebuck and Co.</u>, 9 F.3d 1033, 1040 (2d Cir. 1993) (citing <u>Sumner v United States Postal Service</u>, 899 F.2d 203, 209 (2d. Cir. 1990)). While the protected activity usually takes the form of filing a formal complaint or a lawsuit, making an internal complaint regarding discrimination is also covered by the statute. <u>Id.</u> at 1040.

Title VII, the ADEA and the CFEPA prohibit employers from taking adverse employment actions because an employee has opposed any practice made unlawful by Title VII, ADEA or CFEPA, respectively, or made a charge or participated in an investigation, proceeding, hearing or

litigation. <u>See</u> 704(a) of Title VII; ADEA, 29 U.S.C. §623(d). This language is designed "to protect a wide range of activity in addition to the filing of a formal complaint." <u>Sumner v. United States Postal Service</u>, 899 F.2d 203, 209 (2d Cir. 1990); <u>Grant v. Hazelett Strip-Casting Corp.</u>, 880 F.2d 1564, 1569 (2d Cir. 1989). In general, "[t]he term "protected activity" refers to action taken to protest or oppose statutorily prohibited discrimination." <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 566 (2d Cir. 2000). It protects a variety of nondescript practices, including verbal and written complaints of discrimination or differential treatment. <u>See</u>, <u>e.g.</u>, <u>EEOC v. Zellerbach Corp.</u>, 720 F.2d 1008, 1014 (9th Cir. 1983); <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 285 (2d Cir. 2001); <u>EEOC v. Ohio Edison</u>, 7 F.3d 541, 543-44 (6th Cir. 1993); <u>Stahl v. Bd. Of Commissioners of Wyandotte County</u>, 244 F.Supp.2d, 1181, 1190 (D.Kan. 2003).

Here, defendant argues that Ms. Kelley failed to complain about differential treatment on the basis of sex or age. It is up to you as the fact finder to determine whether or not Ms. Kelley made it known to defendant that she felt she was a victim of wrongful treatment on the basis of age or sex or otherwise engaged in protected activity as I have explained that concept to you.

### 2.    *Adverse Employment Action*

As to the second element, that plaintiff suffered an adverse employment action, I instruct you that the termination of employment is, as a matter of law, an adverse employment action. In considering whether other actions by defendant constitute adverse employment action, you are to determine whether defendant engaged in a materially adverse action that would dissuade a reasonable worker from making or supporting a charge of discrimination. You should consider whether an action is materially adverse according to the perspective of a reasonable person in

plaintiff's position and all of the circumstances surrounding defendant's actions. I instruct you further that an adverse employment action by a supervisor is an action of the employer.

### 3.   *Causal Relationship/Link*

As to the third element, you must consider whether a causal connection exists between the protected activity and any of the employment actions that you have determined to be adverse. In order to show that a causal connection exists, plaintiff must prove by a preponderance of the evidence that his complaint of discrimination was a "substantial" or "motivating" factor in the employment actions of which he now complains, including defendant's decision to discharge him. The mere fact that plaintiff made complaints of discrimination and thereafter suffered an adverse employment action is not sufficient unless connected to establish her claim of retaliation. In showing that retaliation was a "motivating factor" in defendant's actions with respect to plaintiff, plaintiff need not prove that her complaint or complaints were the sole motivation for defendant's decisions. She need only show that they played a part in defendant's decisions. Plaintiff may prove a retaliatory intent through circumstantial evidence.

A showing of an adverse employment action shortly after an employee engages in protected activity may, but not necessarily, be indicative of a causal connection between the adverse employment action and the protected activity.

You must decide whether plaintiff has proved her claim of retaliation by a preponderance of the evidence. It is plaintiff's burden to show that her engaging in protected activity was a motivating factor in the decision of defendant to terminate her or otherwise to take an adverse employment action.

An employer cannot avoid liability by deliberately creating an alleged performance issue for an employee and then cite that poor performance was the basis for an adverse employment action.

**5.**     **_UNJUST ENRICHMENT_** *(Count 7)*

The final count is unjust enrichment. In order to recover on the basis of unjust enrichment it is necessary for a plaintiff to demonstrate two elements. First, it must be shown that the defendant was benefitted; that is, defendant has received something of value. And second, it must be shown that the benefit was unjust; that it was not paid for by the defendant, to the detriment of the plaintiff. §1560(m), <u>Providence Electric Co. v. Sutton Place, Inc.,</u> 161 Conn. 242, 246 (1971).

Accordingly, to find for plaintiff on this claim, you must determine that defendant benefitted from plaintiff's services and that defendant did not pay for those services to the detriment of the plaintiff. If you make those findings, you must then turn to the issue of damages to be awarded to plaintiff.

**_PROXIMATE CAUSE_**

In order for plaintiff to be entitled to damages, there must be a showing by a preponderance of the evidence that defendant's actions were a proximate cause of plaintiff's damage. Proximate cause, as we use the phrase in the law, means that cause or act which, as a natural sequence, produces the damage and without which the damage would not have occurred. In other words, the conduct of defendant must be a substantial factor in producing the damage to plaintiff, and not a mere condition of or incident to the harm.

This does not mean, however, that the law recognizes only one proximate cause of damage. On the contrary, many factors or things, or the conduct of more than one person may operate at the

same time, either independently or together, to cause damage. In such a case, each may be a proximate cause.

## *DAMAGES*

Now that I have instructed you as to plaintiff's claims under both state and federal law, I will instruct you on how to calculate plaintiff's damages if you find that defendant violated state or federal law.

### *State and Federal Discrimination and Retaliation*

The purpose of money damages is to compensate the victim of wrongful discrimination or retaliation by putting them in the same position that they would have been in if the wrongful discrimination or retaliation had not occurred. If you find that the defendant wrongfully discriminated against or retaliated against the plaintiff in violation of the ADEA, CFEPA or Title VII, then you should award the plaintiff the back pay that she would have earned - - that is, her salary, including salary increases you may find that she would have received - - plus any fringe benefits to which she would have been entitled to [and front pay[2]] less any amount which the defendants have proven by a preponderance of the evidence that the plaintiff has earned from other employment. 29 U.S.C. section 626(b) and (c); Saulpaugh v. Monroe Community Hospital, 62 FEP Cases 1315 (2d Cir. 1993); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 35 FEP Cases 1089 (2d Cir. 1984); Lindsey v. American Cast Iron Pipe Co., 810 F.2d 1094, 43 FEP Cases 143 (11th Cir. 1987). Fringe benefits include, but are not limited to the following items: health and life insurance,

---

[2] The plaintiff assumes that the Court will decide the amount of front pay to be awarded to the plaintiff. See Reed v. A.W. Lawrence & Co., Inc., (2d Cir. 1996). If, however, the Court determines that front pay is an issue for the jury to decide, the plaintiff requests permission to supplement her proposed jury instructions in this regard.

pension benefits and vacation pay. Bonura v. Chase Manhattan, 629 F. Supp. 353 (S.D.N.Y. 1986)

aff'd. 795 F.2d 276 (2d Cir. 1986); Blum v. Witco Chemical Co., 829 F.2d 367 (3d Cir. 1987);

Buckley v. Reynolds Metals Co., 690 F. Supp. 211 (S.D.N.Y. 1988). The amount of back pay to

be awarded is to be computed from the date that you may find that the defendants wrongfully

discriminated or retaliated against the plaintiff until today's date.

The plaintiff is not required to prove with unrealistic precision the amount of lost earnings

and benefits, if any, due to her. Any ambiguities in determining what she would have earned should

be resolved against the defendants. (Based on Jury Instructions used by Magistrate Judge Guzman

in EEOC v. AIC, 823 F. Supp. 571 (N.D. Ill. 1993).)

In determining the amount of such damages, you are not to take into account any money

received by the plaintiff from Social Security, Medicare, unemployment compensation or any other

collateral source. Dailey v. Societe Generale, 889 F. Supp. 108 (S.D.N.Y. 1995); Maturo v. National

Graphics, Inc., 722 F. Supp. 916, 927 (D. Conn. 1989); Bonura v. Chase Manhattan, supra; Beshears

v. Asbill, 930 F.2d 1348 (8th Cir. 1991); Gaworski v. ITT Finance, 17 F.3d 1104, 1113 (8th Cir.

1994), cert. denied, 115 S. Ct. 355 (1994); NCRB v. Gullett Gin Co., 340 U.S. 361, 364

(1951)(deducting unemployment compensation benefits is not making plaintiff whole; no

consideration should be given to collateral benefits).

### *Compensatory Damages (CFEPA, Title VII)*

If you find for plaintiff on any of her claims of discrimination or retaliation under Title VII

or CFEPA, you must next consider compensatory damages, if any, to be awarded to the plaintiff

based on the evidence introduced at trial for her emotional pain and suffering, inconvenience, mental

anguish and non-economic damages. No evidence of monetary value of such intangible things as pain and suffering, inconvenience, and mental anguish has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial. Devitt, Blackmar & Wolff, section 104A.11 Compensatory Damages.

Mental anguish, as that term is used in these instructions, means any mental suffering or emotional distress, as distinguished from physical pain and suffering. The term can embrace such states as nervousness, anxiety, worry, shock, humiliation, indignity, embarrassment, apprehension, or ordeal. Wright & Ankerman, Connecticut Jury Instructions (Civil), 7-1 Mental Anguish or Emotional Distress - Defined (4th Ed. 1993, Supp. 1996).

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Devitt, Blackmar & Wolff, section 104A.11 Compensatory Damages.

### *Mitigation of Damages*

The law of damages is that a plaintiff has a duty to take reasonable measures to lessen or mitigate the amount of economic harm or loss incurred. If the plaintiff fails to utilize ordinary

23

diligence in finding other employment, she may not recover full back pay, but may be entitled to a lesser recovery.

However, unlike the issue of discrimination in this case, the burden of proving that the plaintiff did not take reasonable measures to find and secure employment elsewhere is on the defendants. The defendants have the burden of showing by a preponderance of the evidence that the plaintiff has failed to exercise reasonable efforts in seeking other suitable employment. Clark v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992).

A plaintiff is only required to make reasonable efforts to mitigate damages and is not required to be successful in mitigation or to accept a lesser position. Rasimas v. Michigan Department of Mental Health, 714 F.2d 614, 624 (6th Cir. 1983) cert. denied, 460 U.S. 950 (1984). In addition, the reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual characteristics of the plaintiff, such as her age, and the job market. Raimondo v. AMAX, Inc., 843 F. Supp. 806 (D. Conn. 1994), citing Rasimas, supra.

In order to meet their burden that the plaintiff did not mitigate her damages, the defendants must prove that the plaintiff's mitigation efforts were plainly unreasonable. Rasimas, supra; EEOC v. Kallir, Philips, Ross, Inc., 420 F. Supp. 919 (S.D.N.Y. 1976), aff'd, 559 F.2d 1203 (2d Cir. 1976), cert. denied, 434 U.S. 920 (1977).

### _Punitive Damages (Title VII, CFEPA)_

In addition to compensatory damages, you may award but are not required to award punitive damages on plaintiff's Title VII and/or the Connecticut Fair Employment Practices Act claims. Plaintiff requests punitive damages against defendant for its conduct that was allegedly willful,

intentional, or with reckless indifference to plaintiff's statutory rights. You may make an award of punitive damages against defendant on his Title VII and/or the Connecticut Fair Employment Practices Act.

You may award plaintiff punitive damages only if you find by a preponderance of the evidence that the acts or omissions of defendant were done maliciously or with reckless indifference to the federally protected rights of plaintiff. An act or failure to act is one with reckless indifference if defendant knew or should have known that plaintiff's rights would be violated by that defendant's actions or omissions. Kolstad v. American Dental Assoc., 527 U.S. 526, 538 (1999).

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for acting with malice or with reckless indifference to a plaintiff's rights or to deter this defendant and others similarly situated from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of compensatory damages only, or whether the conduct is so malicious or reckless that the compensatory damages were inadequate to punish the wrongful conduct. You should also consider whether the actual damages standing alone are likely to deter or prevent this defendant from again performing the wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

### *Damages Under the Age Discrimination in Employment Act*

The Age Discrimination in Employment Act ("ADEA") provides in the event of age discrimination, a defendant shall be liable for certain damages. If a defendant's violation of the Act is willful, then an amount equal to that owing plaintiff for lost wages and benefits is available as liquidated damages. In order for a violation to be considered willful, plaintiff must prove by a preponderance of the evidence that defendant was indifferent to the requirements of the Age Discrimination in Employment Act, and acted in a manner that was purposeful, deliberate or calculated. An employer acts with indifference to the requirements of the Age Discrimination in Employment Act if it acts without concern for its employee's rights under the Age Discrimination in Employment Act; that is, without making any reasonable effort to determine whether its actions violate the law. If you find that defendant committed such actions reasonably and in good faith – even though it later turns out that the actions violated the Age Discrimination in Employment Act – then the violations were not willful. However, if you find that defendant acted in reckless disregard of plaintiff's rights under the Age Discrimination in Employment Act, then you should find that defendant has engaged in willful conduct. If you find that plaintiff is entitled to any damages, the Court will apply a formula to determine the amount of such damages. Hazen Paper Co. v. Biggins, 113 S.Ct. 1701, 1708 (1993); Trans World Airlines v. Thurston, 469 U.S. 111, 105, S.Ct. 613 (1985); Benjamin v. United Merchants, 873 F.2d. 41 (2d Cir. 1989).

### *USE OF INTERROGATORIES*

Let me explain the procedure you will be following in connection with your decision making this case. You are going to be asked to answer several questions that concern the issues in this case.

The questions should be answered in the order in which they are asked. A set of those questions will be distributed to each of you when you retire to begin deliberations; however you are to fill out only the set with room for the foreperson's signature and return it to the court.

The questions you will be asked to answer can be answered yes or no. The response to each question asked must be unanimous. Several of the questions need be answered only if a certain answer or answers have been given to a previous question or questions. Of course, you should not answer any question one way to avoid answering a later question, but it may turn out that you do not have to answer every question. Each question that you answer should be given individual consideration.

Do not assume from the wording of any question or from the fact that a question is asked that there is any particular answer that you are supposed to give. Your answers should be given solely on the basis of your assessment of the evidence and the application of these instructions of law.

### *CONCLUSION*

While it is the duty of the jurors to confer and deliberate with one another, before arriving at a verdict, nevertheless, if any juror after such deliberation conscientiously reaches a decision on the facts, that juror has no right to surrender his or her decision to the decision of the majority, if the juror believes that his or her decision is correct.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your own individual judgment. Each of you must

decide the case for yourself. You should not surrender your honest conviction as to the weight and effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are the judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

You will have with you in the jury room all of the exhibits, a copy of these instructions, and the verdict form. You may notice that the written copy of the instructions is divided by headings which I did not read to you. These headings have no significance except to identify the topics so that we can find them in reference books. Pay no attention to them.

When you retire to your jury room, you will elect one of your own members as foreperson, and he or she will preside over your deliberations and will be your spokesperson here in court.

If you have any questions you wish to ask during deliberations, do so by a written note, signed by your foreperson and delivered to the court officer outside the jury room door.

Now proceed to your deliberation in the jury room. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you. Render your verdict fairly, uprightly, and without a scintilla of prejudice. When you have reached your verdict, inform the clerk through the court officer. Then you will return to the courtroom and announce your verdict.

Dated: January 14, 2008                By

Scott R. Lucas (ct00517)
Mary A. Canaday (ct17608)
*Attorneys for Plaintiff*
Martin Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mcanaday@mlc-law.com

## *CERTIFICATE OF SERVICE*

This is to certify that on this 14th day of January, 2008, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Marc L. Zaken, Esq.
John G. Stretton, Esq.
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard, 13th Floor
Stamford, CT 06901
Phone: (203) 975-7505
Fax: (203) 975-7180
mzaken @edwardsangell.com
jstretton@edwardsangell.com

Scott R. Lucas (ct00517)
Martin, Lucas & Chioffi, Llp
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com